# Exhibit A



July 19, 2021

**VIA ELECTRONIC MAIL & FEDEX**
Clare Montgomery QC
Matrix Chambers
claremontgomery@matrixlaw.co.uk
teamt@matrixlaw.co.uk

Mr. Gary Bloxsome
Mr. Daniel Cundy
Blackfords, LLP
20 Farringdon Street
London EC4A 4EN
Gary.bloxsome@blackfords.com
Daniel.cundy@blackfords.com

Mr. Stephenson Ferguson
Chambers of Brian Altman QC and Jim Sturman QC
2 Bedrow Row
London WC1R 4 BU
sferguson@2bedfordrow.co.uk
clerks@2bedfordrow.co.uk

        Re:    **Virginia Giuffre Confidential & For Settlement Purposes Only**

        We write on behalf of Virginia Giuffre on the understanding that you represent
Prince Andrew, Duke of York.

        As we believe you know, Ms. Giuffre has asserted claims against Prince Andrew
that may be actionable pursuant to the New York Child Victims Act. Under that act, in the
absence of a tolling agreement, Ms. Giuffre needs to assert those claims now or expose
herself to certain limitations defenses.

        We have previously sought, so far without success, to meet with Prince Andrew or
his counsel to receive Prince Andrew's information and views, and to discuss whether a
negotiated resolution might be appropriate. We continue to be interested in such an
approach. We enclose for your consideration a tolling agreement that would permit Ms.
Giuffre to avoid commencing an action at this time without prejudicing her claims.



If you do in fact continue to represent Prince Andrew, we hope you and he will agree that a tolling agreement is appropriate. If you do not represent Prince Andrew, please advise us and pass this proposal on to Prince Andrew and/or his current counsel.

I know you will understand that Ms. Giuffre's counsel have a fiduciary duty to her not to permit a risk that her claims be time-barred, and if we are not able to secure a tolling agreement promptly, a lawsuit will necessarily be filed to preserve those claims. We hope that will not be required at this time, and look forward to your response.

Very truly yours,

David Boies

cc:    Sigrid S. McCawley

2

**CONFIDENTIAL SETTLEMENT COMMUNICATION PURSUANT TO
F.R.E. 408 AND STATE EQUIVALENTS**

**TOLLING AGREEMENT**

This Tolling Agreement ("Agreement") is made by and between Virginia Giuffre ("Ms. Giuffre") and Prince Andrew, Duke of York ("Prince Andrew"). Ms. Giuffre and Prince Andrew are each a "Party" and are collectively referred to as the "Parties."

WHEREAS, Ms. Giuffre, by her attorney, has advised Prince Andrew, through his attorney, that she possesses certain claims against Prince Andrew ("Claims") and that those Claims arise from various incidents during which Ms. Giuffre contends Prince Andrew committed one or more sex offenses against her;

WHEREAS, Ms. Giuffre does not concede any statutes of limitations applicable to her Claims;

WHEREAS, notwithstanding the above and assuming, *arguendo*, that certain of Ms. Giuffre's Claims are subject to statutes of limitation, the Parties believe that it is in their mutual interest to toll any statutes of limitation and potentially limit administrative and legal costs;

NOW THEREFORE, for good and sufficient consideration, the receipt of which is hereby acknowledged, the Parties hereby agree as follows:

**1. Term.** The term of this Agreement (the "Term") shall begin on July 21, 2021 and be extended such that it terminates on January 31, 2022 unless further extended by an agreement of the Parties in writing. Either Party shall have the right to terminate this Agreement on ten business days' notice, in which case the tolling period shall end on the eleventh business day following the date of the notice.

**2. Tolling Provisions.** During the Term, no statute of limitations on any Claims shall run against (and the same shall be tolled as to) Ms. Giuffre. This Agreement shall not be deemed to shorten any applicable statutes of limitations governing any Claims, and this Agreement is made without prejudice to other rights, claims, or defenses available to any Party as of the date of this Agreement. This Agreement shall not be deemed to revive any Claim that is or was already barred prior to the Term. Nothing in this Agreement, or in the circumstances which gave rise to it, shall be construed as an admission of any Party that any Claim has or has not been barred by any statutes of limitations or any other defense based on the lapse of time.

**3. No Admission of Liability.** No admission of liability by any Party is expressed or implied by this Agreement.

1

**4. No Waiver.** This Agreement shall not in any way constitute a waiver of any arguments or defenses that Prince Andrew may have or may have in any proceeding in any court, agency, or other forum. Prince Andrew reserves all rights and remedies available to him, including the right to argue that the relevant limitations period had run before the Term.

**5. Covenant Not To Sue.** The Parties shall not institute any legal actions against one another, including litigation, arbitration, or any other legal proceeding of any kind, in law or equity, or assert any claim, counterclaim, demand, or cause of action against one another during the Term of this Agreement.

**6. Confidentiality.** The Parties acknowledge and agree that all communications or discussions between them (and/or between counsel acting on their behalves) relating to and for the purpose of a potential settlement of the Claims have been, are, and shall be treated as strictly confidential, and shall be presumed to be confidential settlement communications and shall be protected by Rule 408 of the Federal Rules of Evidence, N.Y. C.P.L.R. § 4547, and any similar or comparable evidentiary privilege in all applicable jurisdictions. For the avoidance of doubt, nothing in this confidentiality provision is intended to, or does, render the events underlying the Claims or any other prior dealings between the Parties confidential. The Parties and their respective counsel further acknowledge and agree that:

(a)  This confidentiality agreement survives the Term of the Tolling Agreement.

(b)  This confidentiality provision does not prohibit any communications any Party shall make for the purpose of, or in the course of, seeking or obtaining legal advice.

(c)  The Settlement Discussions shall not be disclosed to any third party, other than counsel (or agents for counsel), except, (i) as required by court order, valid legal process, or other legal duty to reveal such information to any governmental authorities, or in response to a subpoena from any governmental authority, and (ii) as necessary to comply with the terms of this Agreement.

(d)  In the event that a Party receives a court order, valid legal process, subpoena, or otherwise has a legal duty requiring disclosure of Settlement Discussions, such Party shall, to the extent permitted by law, promptly, and in any event within ten (10) business days of receipt of the subpoena or request or other notice of such disclosure requirement, give written notice to the other Party and include with such notice a copy of the relevant subpoena or request. The Party from whom disclosure is requested or required shall make a reasonable effort to allow the other Party a reasonable period of time in which to seek to quash, limit, or object to such disclosure.

(e)  The Parties acknowledge and agree that money damages would not be an adequate remedy for any breach of this confidentiality provision, and that in the event that either Party breaches this confidentiality provision, the non-breaching Party is entitled, in addition to other rights and remedies available to them, to an injunction or

2

other equitable relief to enforce or prevent any violations of this confidentiality provision.

**7. Modification.** This Agreement can be modified only in a writing signed by the Parties. This Agreement shall constitute the entire understanding between the Parties concerning the subject matter of this Agreement and supersedes and replaces all prior negotiations, proposed agreements, and agreements, written or oral, relating to this subject.

**8. Governing Law.** This Agreement shall be governed by and construed and enforced in accordance with the laws of the state of New York.

**9. Severability.** Any term or provision of this Agreement which is invalid or unenforceable in any jurisdiction will, as to that jurisdiction, be ineffective to the extent of such invalidity or enforceability without rendering invalid or unenforceable the remaining terms and provisions of this Agreement or affecting the validity or enforceability of any of the terms or provisions of this Agreement in any other jurisdiction. If any provision of this Agreement is so broad as to be unenforceable, the provision will be interpreted only so broad as is enforceable.

**10. Execution of Counterparts.** Separate counterparts of this Agreement may be executed by the Parties, including by electronic signatures and via email, with the same force and effect as if all such parties had executed a single copy of this Agreement.

**11. Authority to Bind.** Each counsel executing this Agreement represents and warrants that he has been authorized to enter into this Agreement on behalf of the Party or Parties on whose behalf it is signed and that signatory has full and complete authority to do so.

**12. Successors.** This Agreement shall bind and benefit all of the Parties and their respective executors, heirs, and assigns.

**13. Use of Agreement.** This Agreement shall not be used as evidence or referred to in any proceeding except: (a) to prove or disprove, if contested, the tolling of a statute of limitation(s) during the Term of this Agreement; or (b) to defeat an argument that any Claims or defenses thereto have been waived or are barred by laches or equitable estoppel as a result of the passage of time during the Term. This Agreement shall not be admissible in any proceeding in any court, agency, or other forum except for the purpose of enforcing this Agreement. The Parties shall not disclose the existence of this Agreement or the existence or content of any settlement discussions to any third party.

Dated: _____, 2021        Virginia Giuffre

                                             By:_____

                                             Boies Schiller Flexner LLP

Dated: _____, 2021        Prince Andrew, Duke of York

                                             By:_____

4