**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

VIRGINIA L. GIUFFRE,

Plaintiff,

Case No. 21-cv-6702-LAK

v.

PRINCE ANDREW, DUKE OF YORK,
a/k/a ANDREW ALBERT CHRISTIAN
EDWARD, in his personal capacity,

Defendant.

_____________________________________ /

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO APPROVE ALTERNATE SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3) AND APPLICATION FOR EXECUTION OF A REQUEST FOR SERVICE ABROAD OF JUDICIAL DOCUMENTS PURSUANT TO THE HAGUE CONVENTION**

**TABLE OF CONTENTS**

BACKGROUND ........................................................................................................ 1

I. There Is No Doubt That Prince Andrew Has Actual Notice of This Lawsuit ........................................................................................................ 1

II. Plaintiff's Actions to Serve Pursuant to the Hague Convention Have Further Given Prince Andrew Notice of This Lawsuit. ........................................ 2

III. Lavely & Singer, P.C.'s Appearance ........................................................ 4

ARGUMENT ........................................................................................................ 5

I. The Court Should Order Alternate Service Under Rule 4(f)(3). ............................ 5

A. Ms. Giuffre Need Not Exhaust the Hague Convention Prior to This Court Ordering Alternate Service. ........................................................ 7

B. Service on Prince Andrew's American Counsel by Email and FedEx is Not Prohibited by International Agreement. ............................... 8

C. Service on Prince Andrew's American Counsel by Email and FedEx Satisfies Due Process. ........................................................ 9

D. The Court Should Exercise its Discretion and Order Alternate Service ........................................................................................ 10

II. In Addition, the Court Should Execute a Request for Service Abroad of Judicial Documents Pursuant to Article 3 of the Hague Convention. .................. 11

CONCLUSION ........................................................................................................ 12

## TABLE OF AUTHORITIES

**Cases**

*Advanced Aerofoil Techs., AG v. Todaro*,
No. 11 Civ. 9505 (ALC) (DCF), 2012 WL 299959 (S.D.N.Y. Jan. 31, 2012) ........................ 7

*Atlantica Holdings, Inc. v. BTA Bank JSC*,
No. 13 CIV. 5790 (JMF), 2014 WL 12778844 (S.D.N.Y. Mar. 31, 2014) ............................ 9

*Henderson v. United States*,
517 U.S. 654 (1996) .............................................................................................. 5

*In GLG Life Tech Corp. Sec. Litig*.,
287 F.R.D. 262 (S.D.N.Y. 2012) ........................................................................ 7, 8

*Jian Zhang v. Baidu.com Inc*.,
293 F.R.D. 508 (S.D.N.Y. 2013) .................................................................. 6, 7, 8, 9

*NYKCool A.B. v. Pac. Int'l Servs., Inc.*,
No. 12-CV-5754 LAK, 2015 WL 998455 (S.D.N.Y. Mar. 5, 2015) .............................. 7, 8, 9

*Rana v. Islam*,
305 F.R.D. 53 (S.D.N.Y. 2015) ............................................................................. 8

*SEC v. Anticevic*,
No. 05 CV 6991 (KMW), 2009 WL 361739 (S.D.N.Y. Feb. 13, 2009) .......................... 7, 10

*Stream SICAV v. Wang*,
989 F. Supp. 2d 264 (S.D.N.Y. 2013) ..................................................................... 8

*Wash. State Inv. Bd. v. Odebrecht S.A.*,
17 Civ. 8118 (PGG), 2018 WL 6253877 (S.D.N.Y. Sept. 21, 2018) ............................. 8, 10

*Xiaoyuan Zhang v. Valaris plc*,
No. 19 CIV. 7816 (NRB), 2021 WL 982460 (S.D.N.Y. Mar. 16, 2021) ............................ 7, 9

*Zanghi v. Ritella*,
19 Civ. 5830 (NRB), 2020 WL 589409 (S.D.N.Y. Feb. 5, 2020) .................................... 6, 8

**Other Authorities**

Hague Convention Art. 3 .......................................................................................... 3

**Rules**

Federal Rule of Civil Procedure 4(f) ....................................................................... 6, 7

Plaintiff Virginia Giuffre, by and through her undersigned attorneys, respectfully submits this memorandum of law in support of (1) her motion to approve alternate service upon Defendant Prince Andrew, Duke of York, pursuant to Federal Rule of Civil Procedure 4(f)(3), and (2) her application that the Court execute a Request for Service Abroad of Judicial Documents, pursuant to Article 3 of the Hague Convention.

## BACKGROUND

Beginning when she was 16 years old, Plaintiff Virginia Giuffre was the victim of sex trafficking and abuse by convicted sex offender Jeffrey Epstein. Ms. Giuffre was not only regularly abused by Epstein, but she was also lent out to other rich and powerful men for sex. One such man was the Defendant, Prince Andrew, the Duke of York, who abused Ms. Giuffre on multiple occasions when she was under the age of 18, including in this District. Accordingly, on August 9, 2021, Ms. Giuffre filed a complaint against Prince Andrew, bringing claims for battery and intentional infliction of emotional distress pursuant to the Child Victims' Act, N.Y. C.P.L.R. § 214-g. ECF No. 1.

### I. There Is No Doubt That Prince Andrew Has Actual Notice of This Lawsuit.

Shortly after filing the Complaint, counsel sent a copy of the Summons and Complaint by email and FedEx to the lawyers who had represented Prince Andrew in the past in a matter relating to Jeffrey Epstein: Clare Montgomery of Matrix Chambers, Gary Bloxsome and Daniel Cundy of Blackfords LLP, and Stephen Ferguson of the Chambers of Brian Altman QC and Jim Sturman QC. McCawley Decl. Exs. A & B. Specifically, according to Blackfords LLP, Prince Andrew hired these attorneys "to support HRH The Duke of York in his desire to provide cooperation to the US authorities regarding the victims of the late Jeffrey Epstein, should those authorities request his assistance." McCawley Decl. Ex. C. Counsel also copied doy.office@royal.uk, the official

email address of the Duke of York's office, on the email attaching the Summons and Complaint, and immediately received an automatic response that the email had been received. McCawley Decl. Exs. A & D. Further, counsel sent a copy of the Summons and Complaint to Prince Andrew at his home, the Royal Lodge in Windsor Great Park by FedEx. McCawley Decl. Ex. G. On August 18, 2021, counsel also sent Blair Berk, who has been reported to have provided advice to Price Andrew in connection with Ms. Giuffre's claims, the Summons and Complaint by email and FedEx. McCawley Decl. ¶ 13 & Exs. H & I.

Aside from counsel's actions to promptly put Prince Andrew on notice of this lawsuit, media outlets in both the United States and the United Kingdom, and in other countries around the world, have covered this lawsuit. McCawley Decl. Ex. J. In fact, a Google search of news articles for "Prince Andrew Virginia Giuffre lawsuit," between August 9, 2021, and September 16, 2021, yielded approximately 2,940 results. McCawley Decl. ¶ 16.

## II. Plaintiff's Actions to Serve Pursuant to the Hague Convention Have Further Given Prince Andrew Notice of This Lawsuit.

Ms. Giuffre has successfully served Prince Andrew pursuant to Article 10(c) of the Hague Convention which, as explained in her September 10, 2021, Status Report to the Court, allows her to serve Prince Andrew pursuant to the internal laws of England. ECF No. 11 at 2–3. First, on August 27, 2021, a process server served Prince Andrew in accordance with English Civil Procedure Rules ("CPR") 6.3(1)(C) and 6.9. ECF No. 10 ¶ 5; McCawley Decl. ¶ 17. Second, on August 26, 2021, Ms. Giuffre served Prince Andrew with a copy of the Summons and Complaint by means of City Sprint, a same-day courier service in London pursuant to CPR 6.3(1)(b). McCawley Decl. ¶ 18 & Ex. K. Third, Ms. Giuffre served Prince Andrew with a copy of the Summons and Complaint via first class post, mailed from her counsel's London office to his home on September 9, 2021, also pursuant to CPR 6.3(1)(b). McCawley Decl. ¶ 19 & Ex. L.

In addition to serving Prince Andrew by multiple methods that comply with the laws of the England and thus Article 10(c) of the Hague Convention, Ms. Giuffre also requested service through the United Kingdom's Central Authority—the Foreign Process Section of the Royal Courts of Justice. Ms. Giuffre's counsel submitted a Request for Service Abroad of Judicial Documents to the Foreign Process Section by FedEx on August 16, 2021. McCawley Decl. ¶ 20 & Ex. M. On August 20, 2021, the Foreign Process Section confirmed receipt of the documents for service, and indicated that it was in the process of arranging service. McCawley Decl. Ex. N.

On September 6, Ms. Giuffre's counsel received a copy of a letter from one of Prince Andrew's lawyers, Gary Bloxsome of Blackfords LLP, to Senior Master Fontaine of the Central Authority of the United Kingdom objecting to Plaintiff's efforts to serve Prince Andrew pursuant to the Hague Convention. McCawley Decl. Ex. O. In the letter, Bloxsome acknowledged that Prince Andrew is on notice of the Complaint and that the Court had scheduled a conference for September 13, 2021 (*Id.* at 1, 2), although he also stated that he was "not instructed to appear in the claim brought by Ms. Giuffre" or to accept service. *Id.* at 1.

On September 14, 2021, apparently in response to Mr. Bloxsome's letter, Senior Master Fontaine rejected Plaintiff's request to serve Prince Andrew through the Central Authority on the sole ground that Plaintiff's counsel was not authorized to make the request. McCawley Decl. Ex. P. According to the Hague Convention, requests to the Central Authority must be made "by a judicial officer competent under the law of the State in which the documents originate." Hague Convention Art. 3. Senior Master Fontaine apparently adopted Mr. Bloxsome's position that attorneys for a party do not qualify. Ms. Giuffre's counsel then explained to Senior Master Fontaine that under "the law of the state in which the documents originate"—in this case the United

States—attorneys are judicial officers competent to serve as a forwarding "authority," citing applicable case law. McCawley Decl. Ex. Q.

After further review and research, Senior Master Fontaine agreed, and confirmed that:

> I am accordingly satisfied that your firm has satisfied the requirements in the Hague Service Convention that you are authorised as a forwarding authority for transmitting requests for service abroad under Art 3. I shall accordingly direct the Foreign Process Section of the High Court to arrange service. The Defendant is entitled to challenge my decision by application, on notice to the Plaintiff.

McCawley Decl. Ex. R. Senior Master Fontaine also suggested that Prince Andrew's counsel might now agree to accept service to obviate the need to formally serve him. *Id.* Mr. Bloxsome subsequently emailed the Senior Master, again rearguing Prince Andrew's position that a private attorney cannot transmit documents directly to the Central Authority. McCawley Decl. Ex. S. Senior Master Fontaine then informed Mr. Bloxsome: "I do not consider that it is appropriate for me to determine this disputed issue by email. As I stated in my email of yesterday, you may challenge my decision by application, on notice to the Defendant. I would then convene a hearing (which may be conducted remotely or in person in the Royal Courts of Justice)." McCawley Decl. Ex. T. Senior Master Fontaine also suggested to the parties that it would obviate the need for a hearing if this Court submitted a request to the Central Authority. *Id.*

Regardless of whether Plaintiff has successfully served Prince Andrew, there can be no doubt that her actions have provided Prince Andrew with actual notice of her Complaint.

## III. Lavely & Singer, P.C.'s Appearance

Finally, on September 13, 2021, several hours before the initial pretrial conference in this matter, Andrew B. Brettler of Lavely & Singer, P.C., entered what he described as a "special appearance on behalf of Prince Andrew, the Duke of York, in the above-captioned proceeding, for the purpose of contesting purported service of process and challenging jurisdiction." ECF No. 12.

Brettler proceeded to participate in the initial pretrial conference on Prince Andrew's behalf, and among other things, said that Prince Andrew planned to raise a defense based on a settlement from more than a decade ago between Ms. Giuffre and Jeffrey Epstein of a Florida state case to which Prince Andrew was not a party. McCawley Decl. Ex. U. Again, it is clear that Prince Andrew and his counsel are fully aware of Plaintiff's Complaint.

## ARGUMENT

Ms. Giuffre believes she has already properly served Prince Andrew, and the Central Authority of the United Kingdom has accepted her requested to serve him itself. *See* ECF Nos. 10, 11; McCawley Decl. ¶¶ 25 & 27. However, in order to avoid the delay and expense that litigation of that issue might entail, Ms. Giuffre requests that the Court exercise its discretion to order alternate service pursuant to Rule 4(f)(3). Specifically, Ms. Giuffre requests that, together with her prior transmission of the Summons and Complaint to Prince Andrew, Blackfords LLP, and Prince Andrew's other attorneys by email and FedEx, transmission of the Summons and Complaint to Lavely & Singer, P.C., by email and FedEx be deemed sufficient service.

In addition, although we recognize it is redundant, in light of Senior Master Fontaine's suggestions, we ask the Court to execute the Request for Service Abroad of Judicial Documents attached hereto as Exhibit 1.

### I. The Court Should Order Alternate Service Under Rule 4(f)(3).

The Court should order alternate service under Rule 4(f)(3) in this matter. Service of process is grounded on the notion that a litigant must be provided "notice of the pendency of a legal action" such that the litigant is afforded "a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996). Service is not intended to be a game of hide and seek behind palace walls.

Service of an individual in a foreign country is governed by Rule 4(f) of the Federal Rules of Civil Procedure. Rule 4(f) provides several different methods for service of individuals abroad:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> (C) unless prohibited by the foreign country's law, by:
> (i) delivering a copy of the summons and of the complaint to the individual personally; or
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> (3) by other means not prohibited by international agreement, as the court orders.

"Courts have long held that there is no hierarchy among the subsections in Rule 4(f)." *Jian Zhang v. Baidu.com Inc*., 293 F.R.D. 508, 511 (S.D.N.Y. 2013) (internal quotation marks and citations omitted).

"Service under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Zanghi v. Ritella*, 19 Civ. 5830 (NRB), 2020 WL 589409, at *5 (S.D.N.Y. Feb. 5, 2020) (internal quotation marks and citations omitted). "An alternative method of service under Rule 4(f)(3) is acceptable if it (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." *Id.* at *6 (internal quotation marks and citations omitted). "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Id.* at *5 (internal quotation marks and citations omitted).

Here, Ms. Giuffre requests that service of the Summons and Complaint on Lavely & Singer, P.C., by email and FedEx be deemed sufficient service. Such service is appropriate under Rule 4(f)(3) because such service is not prohibited by any international agreement, comports with due process, and clearly provides Prince Andrew with "notice" and a "fair opportunity" to respond.

### A. Ms. Giuffre Need Not Exhaust the Hague Convention Prior to This Court Ordering Alternate Service.

Ms. Giuffre is not required to serve Prince Andrew through the Hague Convention merely because it is one form of permissible service under Rule 4(f). "As an initial matter, it is not necessary to exhaust or demonstrate the impossibility of service under Rule 4(f)(1)–(2) before resorting to service under Rule 4(f)(3)." *NYKCool A.B. v. Pac. Int'l Servs., Inc.*, No. 12-CV-5754 LAK, 2015 WL 998455, at *3 (S.D.N.Y. Mar. 5, 2015) (Kaplan, J.); *see also, e.g.*, *Xiaoyuan Zhang v. Valaris plc*, No. 19 CIV. 7816 (NRB), 2021 WL 982460, at *3 (S.D.N.Y. Mar. 16, 2021) ("First, defendants' suggestion that plaintiff must rely on Hague Convention service is simply incorrect."); *Jian Zhang*, 293 F.R.D. at 511 ("Rule 4(f)(3) 'stands independently, on equal footing' with Rule 4(f)(1) (citation omitted)); *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012); *Advanced Aerofoil Techs., AG v. Todaro*, No. 11 Civ. 9505 (ALC) (DCF), 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012) ("[T]here is no hierarchy among the subsections in Rule 4(f).").

In fact, courts in this District have held that, because all of the provisions of Rule 4(f) stand on equal footing, a plaintiff need not even *attempt*, let alone exhaust, service through the Hague Convention before requesting alternate service. *See, e.g.*, *SEC v. Anticevic*, No. 05 CV 6991 (KMW), 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009) ("A plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3).").

Even if Ms. Giuffre were required to first effect service by means of the Hague Convention, as already noted, she has done so multiple times. And even if she had not, the Court need not allow service attempts through the Central Authority to come to a conclusion prior to ordering alternate service here. "Courts have frequently cited delays in service under the Hague Convention as supporting an order for alternative service under Rule 4(f)(3)." *In GLG Life Tech Corp.*, 287 F.R.D. at 266 (collecting cases); *see also Wash. State Inv. Bd. v. Odebrecht S.A.*, 17 Civ. 8118 (PGG), 2018 WL 6253877, at *6 (S.D.N.Y. Sept. 21, 2018) (collecting cases); *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 280 (S.D.N.Y. 2013) ("[T]he Court sees no reason to slow the progress of this case by ordering service through the [Hague] Convention when service through [the company where defendant CEO worked] and its counsel will be just as reliable, if not more so.").

B. Service on Prince Andrew's American Counsel by Email and FedEx is Not Prohibited by International Agreement.

Ms. Giuffre requests that her prior transmission of the Summons and Complaint to Prince Andrew and Blackfords LLP by email and FedEx, plus transmission of the Summons and Complaint to Lavely & Singer, P.C., by email and FedEx be deemed sufficient service. Numerous courts in this District have held that the "Hague Convention does not prohibit service on a foreign defendant's U.S. counsel or service by email." *Zanghi*, 2020 WL 589409, at *6; *see also, e.g.*, *Rana v. Islam*, 305 F.R.D. 53, 65–66 (S.D.N.Y. 2015); *NYKCool A.B.*, 2015 WL 998455, at *3; *Jian Zhang*, 293 F.R.D. at 515 ("Indeed, because service on counsel occurs domestically, and does not involve transmission of documents abroad, it does not even 'implicat[e]' the Hague Convention." (internal citation omitted)); *In GLG Life Tech Corp.*, 287 F.R.D. at 267.

C. Service on Prince Andrew's American Counsel by Email and FedEx Satisfies Due Process.

The due process concern with respect to service of process is that "service of process, including any alternate method of service approved by the court, must be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *NYKCool A.B.*, 2015 WL 998455, at *4.

Here, whether serving Prince Andrew's American counsel is "reasonably calculated" to apprise Prince Andrew of this action and to afford him an opportunity to present his objections is a foregone conclusion—as shown, Prince Andrew *already* has notice of this lawsuit and will be afforded an opportunity to be heard.

Even if Prince Andrew had not already received notice "of the pendency of the action", serving the Summons and Complaint on his American lawyers would be reasonably calculated to give him notice of the lawsuit. Those attorneys are actively litigating on his behalf in this matter, demonstrating adequate communication between him and those attorneys for purposes of due process. *See, e.g., id.* at *5 ("In all the circumstances, service on the Paul Hastings lawyers who are litigating actively on Noboa's behalf was reasonably calculated, under all the circumstances, to apprise him of the pendency of the action and afford him an opportunity to present his objections." (internal quotation marks and alterations omitted)); *Atlantica Holdings, Inc. v. BTA Bank JSC*, No. 13 CIV. 5790 (JMF), 2014 WL 12778844, at *3 (S.D.N.Y. Mar. 31, 2014) ("Given the history and circumstances of this case, it is reasonable to infer that Defendant has actual notice of the lawsuit. And in any event, there is plainly evidence of 'adequate communication' between White & Case and Defendant, as White & Case has already entered a notice of appearance on Defendant's behalf."); *see also Xiaoyuan Zhang*, 2021 WL 982460, at *4.

The fact that Lavely & Singer has only made a purported "special appearance" to contest service and jurisdiction does not affect the analysis. *Jian Zhang*, 293 F.R.D. at 515 (granting motion for alternate service on counsel who had "made only a special appearance in this case to contest service of process"). *Washington State Investment Board v. Odebrecht* held that service on a foreign defendant's counsel in related U.S. proceedings "comports with due process[.]" 2018 WL 6253877, at *6.

D. The Court Should Exercise its Discretion and Order Alternate Service.

"A court is afforded wide discretion in ordering service of process under Rule 4(f)(3). The Rule provides the Court with flexibility and discretion empowering courts to fit the manner of service utilized to the facts and circumstances of the particular case." *Anticevic*, 2009 WL 361739, at *3 (internal quotations marks and citation omitted). As explained above, the requirements of Rule 4(f)(3) are met here. The discretionary factors also weigh in favor of granting alternate service.

Here, Ms. Giuffre has successfully served Prince Andrew pursuant to the Hague Convention by having an English process server leave the Summons and Complaint with a security guard at the gates of Prince Andrew's home, mailing the documents to Prince Andrew from a solicitor in London via first-class mail, and having them delivered to his home by same-day courier service. As explained in Ms. Giuffre's status report to the Court, these methods of service all satisfy Article 10(c) of the Hague Convention, which permits Ms. Giuffre to serve Prince Andrew to the laws of England. ECF No. 11 at 2–3.

But this is not good enough for Prince Andrew, who has both taken the position that Ms. Giuffre's Article 10(c) service attempts were insufficient and directly interfered with Ms. Giuffre's appropriate attempts to serve him through the Central Authority of the United

Kingdom. His attorneys at Blackfords and Lavely & Singer have coordinated his response to Ms. Giuffre's service attempts, and have also set forth affirmative defenses to her claims—namely, that a settlement between Ms. Giuffre and Jeffrey Epstein somehow bars her claims. In order to build this defense, Prince Andrew is working with Alan Dershowitz to obtain a copy of a document that is currently subject to a protective order in another case in this District, having Mr. Dershowitz file a motion for relief from the protective order so that he can share it with Prince Andrew. *See Giuffre v. Dershowitz*, No. 19-cv-03377-LAP (S.D.N.Y. Sept. 8, 2021), ECF No. 335.

Prince Andrew is both actively evading service of Ms. Giuffre's claims in the Southern District of New York, while at the same time attempting to avail himself of discovery taken in another action in this District in order to aid his defense. Prince Andrew should not be permitted to avoid and impede service while at the same time actively building his affirmative defenses to this matter. The Court should exercise its discretion to authorize alternate service pursuant to Rule 4(f)(3) by service on Lavely & Singer, who is clearly in communication with Prince Andrew and his attorneys in the United Kingdom.

### II. In Addition, the Court Should Execute a Request for Service Abroad of Judicial Documents Pursuant to Article 3 of the Hague Convention.

Blackfords continues to contend that any Hague Convention request for service directed at the Central Authority of the United Kingdom should come from the Court, not Ms. Giuffre's counsel. McCawley Decl. Exs. O & S at 3 ("As we made clear in our letter of 6 September 2021, the appropriate step is for BSF to ask the Hon. Judge Kaplan (a 'judicial officer' of the United States) to make the request of the Senior Master."). Although Plaintiff disagrees that her attorneys are not "judicial officers" who can directly send requests for service to the Central Authority, in order to avoid litigating this issue in the High Court of Justice, Plaintiff requests that the Court

execute the Request for Service Abroad of Judicial Documents attached hereto as Exhibit 1. *See* McCawley Decl. Ex. T (email from Senior Master Fontaine stating: "If an application is made to the US court for a Hague Request to be issued, as indicated might be the case, and that is approved by Judge Kaplan, then the question of the validity of the present Hague Request will presumably no longer be relevant."). Plaintiff is also providing two courtesy copies of the Request to both the Court's chambers and to the Court by email. Ms. Giuffre is happy to retrieve the executed documents from the Court at its convenience so that she may mail them to the Central Authority.

## CONCLUSION

For all of the foregoing reasons, the Court should grant Plaintiff's Motion to Approve Alternate Service Pursuant to Federal Rule of Civil Procedure 4(f)(3) upon Defendant Prince Andrew, Duke of York, and find that the service efforts made by Plaintiff's counsel as described herein, in addition to service on his American lawyers, are sufficient to apprise Prince Andrew of this action. Plaintiff also asks the Court to execute the Request for Service Abroad of Judicial Documents attached hereto as Exhibit 1.

Dated: September 16, 2021

BOIES SCHILLER FLEXNER LLP

/s/ David Boies
David Boies
Alexander Boies
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com
aboies@bsfllp.com

Sigrid McCawley (*pro hac vice*)
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011
smccawley@bsfllp.com

Andrew Villacastin
Sabina Mariella
55 Hudson Yards
New York, NY 10001
(212) 446-2300
avillacastin@bsfllp.com
smariella@bsfllp.com

*Counsel for Plaintiff Virginia Giuffre*