# Exhibit O



Senior Master of the Queen's Bench Division

**BY EMAIL ONLY:**
SeniorMaster.Fontaine@ejudiciary.net

cc: David Boies, Boies Schiller Flexner LLP

**BY EMAIL ONLY**
DBoies@bsfllp.com

6 September 2021
**Our Ref:** GB/DC/JR
**Your Ref:**

Dear Senior Master Fontaine,

**GIUFFRE V PRINCE ANDREW (NO. 21-CV-06702-LAK)**

We act in relation to certain UK matters for HRH Prince Andrew, The Duke of York (**"the Duke"**). We are not instructed to appear in the claim brought by Ms Giuffre in the Southern District of New York and we are not instructed to accept service of that claim on behalf of the Duke.

We write in response to the Senior Master's emails of 18 & 20 August 2021, and the email from Ms Foley of the HMCTS Foreign Process Section dated 3 September 2021.

We are still considering the legal position, which is complex, but we also appreciate the need to keep the Senior Master updated as to the status of these proceedings. The letter is not intended to waive privilege in any of the underlying documents or discussions.

**BLACKFORDS LLP** | 20 Farringdon Street | London | EC4A 4EN
DX 161400 Old Bailey 5 | Tel: 03330 150150 | **www.blackfords.com**
Blackfords LLP is a limited liability partnership registered in England & Wales with registered number OC325398 at Hill House, 1 Mint Walk, Croydon, CR0 1EA. A list of members' names is available at this address.
Authorised and regulated by the Solicitors Regulation Authority under number 462078




**The claim may not be viable**

It has come to our attention that in proceedings which Ms Giuffre brought in the Southern District of Florida (*Jane Doe 102 v Epstein*, No. 09-80656) she signed a release in 2009 in respect of claims against persons associated with Jeffrey Epstein. It appears that this settlement may have led last month to the dismissal by consent of similar causes of action Ms Giuffre had included in her high-profile claim against Alan Dershowitz, which was also issued in the Southern District of New York: *Giuffre v. Dershowitz*, No. 19-cv-03377-LAP (S.D.N.Y. Order, dated Aug. 16, 2021) [ECF No. 331] [attached].

Once we are able to obtain a copy of the settlement agreement in Florida, which appears to be subject to confidentiality restrictions, we will be able to determine whether Ms Giuffre has a viable claim. Obviously until we have made that determination, it is difficult for us to give advice as to whether the Duke should voluntarily accept service.

We hope that the position will become clearer when this case comes before the Hon. Judge Kaplan for a pre-trial conference (to be heard by telephone) in the United States District Court for the Southern District of New York on 13 September 2021, as Boies Schiller Flexner LLP the attorneys for Ms Giuffre may have some duty of candour to the Court.

**Service under the Hague Convention**

Boies Schiller Flexner LLP have made several public, indeed well-publicised, attempts at irregular service of these proceedings in this jurisdiction, in at least one case accompanied by a media representative. These have included attempted personal service of our client at his home, the instruction of a private process server, and attempts to email the proceedings not only to this firm, but to barristers (who are not authorised to conduct litigation) who are known to have acted for the Duke.

This is regrettable, and consistent neither with the Overriding Objective in CPR r.1.1 nor with the Convention of 15 November 1965 on the Service Abroad of Judicial and

Extrajudicial Documents in Civil or Commercial Matters **("the Hague Service Convention")**, which governs the service of this New York federal court claim in the United Kingdom.

We note the terms of the Senior Master's email of 18 August 2021 to Charles Douglas Solicitors LLP (who act for our client in unrelated matters), which said as follows:

> *"The Foreign Process Section has received an email from Boies Schiller Flexner LLP, US Attorneys for Virginia Giuffre in the matter of Giuffre v Prince Andrew (No. 21-cv-06702-LAK), with a request for service of the Complaint and other court documents on Prince Andrew, Duke of York. The email states that the documents for service have been posted to the Foreign Process Section."*

The ability of an overseas plaintiff to send judicial documents directly to a defendant's local Central or Additional Authority is governed by Articles 10(b) and 10(c) of the Hague Service Convention:

> *"(b)   the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,*
>
> *(c)    the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.*

Ms Giuffre is clearly a 'person interested in a judicial proceedings'. Her attorneys may well be 'competent persons' in the meaning of Article 10(a), but they are not 'judicial officers' or 'consular or diplomatic officers' of the United States. This is relevant because both these provisions (Article 10(b) and 10(c)) are expressly subject to the opening words of Article 10: *"Provided the State of destination does not object…"*.

The UK Government has in fact registered a formal objection by way of a Declaration in relation to Article 10(b) and 10(c), in the following terms[1]:

> *"(d) With reference to the provisions of paragraphs (b) and (c) of Article 10 of the Convention, documents for service through official channels will be accepted in the United Kingdom only by the central or additional authorities and only from judicial, consular or diplomatic officers of other Contracting States."*

Accordingly, requests from overseas for service of proceedings in this jurisdiction can only be made <u>to</u> the FCDO (as the UK Central Authority) or the Senior Master (as the Additional Authority for England & Wales), and can only be received *"<u>from</u> judicial, consular or diplomatic officers of other Contracting States"* (emphasis added).

This approach is confirmed by the terms of CPR r.6.50, which provides that the written request for service made to the Senior Master should come *"from a consular or other authority of that country"* (CPR r.6.50(a)(i)) or *"from the Secretary of State for Foreign and Commonwealth Affairs* [sic]*, with a recommendation that service should be effected"* (CPR r.6.50(a)(ii)). No other form of written request, such as a direct approach to the Senior Master from foreign attorneys in a Hague Service Convention signatory state, triggers the procedure in Section V of CPR Part 6.

The existing request made directly by Boies Schiller Flexner LLP to the Senior Master via the Foreign Process Section should accordingly be refused.

We assume that on 13 September 2021, at the pre-trial conference in New York, the Hon. Judge Kaplan of the Southern District of New York – who is a judicial officer of the United States – may be asked to make the request for service to the Senior Master and/or the FCDO under the Hague Service Convention and the relevant Federal Rules of Civil Procedure.

---

[1] https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=427&disp=resdn

If the Hon. Judge Kaplan considers this is indeed an appropriate case to make a request for service to the FCDO or Senior Master, then such a request must – as a matter of English procedural law – be dealt with by the Senior Master under Section V of CPR Part 6.

If a regular request from judicial or diplomatic officers in the United States is sent to the FCDO and/or Senior Master, and we are satisfied that Ms Giuffre has a viable claim, then it is likely that our client will be content to agree to a convenient method of alternative service under CPR r.6.51, either to be effected by post upon this firm at our offices in London or by some other means. However, absent being satisfied of some very good reason to do so, our client is highly unlikely to be prepared to agree to any form of alternative service while the approach to service of these proceedings remains irregular and the viability of the claim remains open to doubt.

We reiterate that our client reserves all his rights, including to contest the jurisdiction of the US courts (including on the basis of potentially defective service).

Pursuant to CPR r.39.8(1), and unlike the request that Boies Schiller Flexner LLP sent to the Senior Master on a date unknown, this letter is being copied to them. Should they wish to continue this correspondence or contest the dismissal of the existing request, we would be grateful if Boies Schiller Flexner LLP would now disclose the email that they sent to the Foreign Process Section making the invalid direct request for the service of these proceedings and the settlement agreement in *Jane Doe 102 v Epstein*, No. 09-80656.

Yours sincerely

*Blackfords*

**BLACKFORDS LLP**
Email: gary.bloxsome@blackfords.com