# Exhibit R

| | |
|---|---|
| **From:** | Fontaine, Senior Master |
| **To:** | David Boies2 |
| **Cc:** | Sigrid McCawley; Andrew Villacastin; Sabina Mariella; Alex Boies; Gary.bloxsome@blackfords.com; Foreign Process (RCJ); Moore, Pat; Foley, Jennifer |
| **Subject:** | RE: Virginia Giuffre v. Prince Andrew, No. 21-cv-06702-LAK |
| **Date:** | Wednesday, September 15, 2021 5:24:24 AM |
| **Importance:** | High |

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Dear Mr Boies,

I confirm that the reasons specified for my refusal to accept the request for service were provided as required by Art 4 of the Hague Service Convention.

Thank you for providing the reference to the decision in *Micula v Romania*, which I have now been able to read. I have also found on the Hague Conference website on the Central Authority page for the United States the following under 'Practical Information':

| Forwarding authorities (Art. 3(1)): | The persons and entities within the United States competent to transmit service requests abroad pursuant to Article 3 include any court official, any attorney, or any other person or entity authorized by the rules of the court. The United States Central Authority plays no role in service requests involving persons or parties located abroad in private litigation matters and such requests are transmitted by the forwarding authorities in the United States directly to the requested State. |
|---|---|

HCCH | Authority

I am accordingly satisfied that your firm has satisfied the requirements in the Hague Service Convention that you are authorised as a forwarding authority for transmitting requests for service abroad under Art 3. I shall accordingly direct the Foreign Process Section of the High Court to arrange service.

The Defendant is entitled to challenge my decision by application, on notice to the Plaintiff. However, I note the indication in the letter from Blackfords dated 6 September 2021 that, if they are satisfied that a valid Hague Convention request for service has been made, they may agree on behalf of their client to a method of service. I am copying this exchange to Mr Bloxsome, and I should be grateful if he would indicate whether this is the case before we embark on the more lengthy process of service under the Convention route. I confirm that service of legal process on solicitors acting for a party who have confirmed that they have instructions to accept service is valid service under English law: Civil Procedure Rule 6.7(1) PART 6 - SERVICE OF DOCUMENTS - Civil Procedure Rules (justice.gov.uk).

Yours sincerely,

Barbara Fontaine
Senior Master of the Queen's Bench Division

PA: Elaine Harbert Tel. 0207 947 6911 elaine.harbert1@justice.gov.uk
Listing Clerk: Jonathan Eves Tel. 0203 936 8957 jonathan.eves@justice.gov.uk

**From:** David Boies <xboies@gmail.com>
**Sent:** 14 September 2021 19:22

**To:** Fontaine, Senior Master <SeniorMaster.Fontaine@ejudiciary.net>
**Cc:** Sigrid McCawley <smccawley@bsfllp.com>; Andrew Villacastin <avillacastin@bsfllp.com>; Sabina Mariella <smariella@bsfllp.com>; Alex Boies <aboies@bsfllp.com>; Gary.bloxsome@blackfords.com; Foreign Process (RCJ) <foreignprocess.rcj@justice.gov.uk>; Moore, Pat <pat.moore@Justice.gov.uk>; Foley, Jennifer <jennifer.foley@Justice.gov.uk>
**Subject:** Re: Virginia Giuffre v. Prince Andrew, No. 21-cv-06702-LAK

Dear Senior Master Fontaine,

Thank you for your email of earlier today responding to our request of August 16, 2021. Counsel for Prince Andrew indicated to the Court yesterday that he expected this response.

Although you do not reference Article 4 of The Hague Convention explicitly, my understanding is that your response constitutes a rejection of our request pursuant to Article 4 on the sole grounds that it was made by lawyers for one of the parties in the case, and that a lawyer for a party is not a judicial officer competent to make the request. ("If the Central Authority considers that the request does not comply with the provisions of the present convention, it shall promptly inform the applicant and specify its objections to the request.")

As you note in your email, the definition of a judicial officer that is competent to request service by the Central Authority under The Hague Convention is determined by the law of the jurisdiction from which the request originates, which in this case is the United States. I respectfully note that under U.S. law, "courts uniformly have held that a party's attorney so qualifies". Micula v. Government of Romania, No. 17-CV-02332 (APM), 2018 WL 10196624 at *4 (D.D.C. May 22, 2018).

Respectfully yours,
David Boies

On Sep 14, 2021, at 1:05 PM, Fontaine, Senior Master <SeniorMaster.Fontaine@ejudiciary.net> wrote:

.

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Dear Mr Boies,

I write in my capacity as the Central Authority for England & Wales under the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("the Hague Service Convention").

I refer to the Hague Convention Request for Service in the above matter dated 16 August 2021 submitted by your firm, together with the accompanying documents to be served ("the Hague Request"). Under Art. 3 of the Hague Service Convention, requests must be made either by "the authority or by a judicial officer competent under the law of the State in which the documents originate", to the Central Authority of the State addressed. I note that at page 4 of the Hague Request the name and address of the competent authority is stated to be that of your firm. The lawyers acting for one of the parties would not usually be authorised to act as such authority, subject to Art.10.

Under Arts 10(b) and 10(c) of the Hague Service Convention an overseas plaintiff may send judicial documents directly to a defendant's local Central or Additional Authority in certain circumstances, "provided the State of destination does not object...". However the Government of the UK has registered a Declaration in relation to Article 10(b) and 10(c), in the following terms:
"(d) With reference to the provisions of paragraphs (b) and (c) of Article 10 of the Convention, documents for service through official channels will be accepted in the United Kingdom only by the central or additional authorities and only from judicial, consular or diplomatic officers of other Contracting States."

I have seen no information on the Central Authority page for the Hague Service Convention of the Hague Conference website of any authority that your firm has to act on behalf of the Central or additional or other authority of the United States of America. Accordingly I regret that I am not able to accept the Hague Request and it is rejected for the reason set out above.

If a request is appropriately made by the Central or additional or other authority of the United States, I shall of course give it my prompt attention.

As there has been previous correspondence to me from both your firm and from Blackfords LLP acting for the Defendant, I am copying this email to Mr Bloxsome of Blackfords.

Yours sincerely,

Barbara Fontaine
Senior Master of the Queen's Bench Division

PA: Elaine Harbert Tel. 0207 947 6911 elaine.harbert1@justice.gov.uk
Listing Clerk: Jonathan Eves Tel. 0203 936 8957 jonathan.eves@justice.gov.uk

---

**From:** David Boies <DBoies@BSFLLP.com>
**Sent:** 06 September 2021 23:13
**To:** gary.bloxsome@blackfords.com
**Cc:** Fontaine, Senior Master <SeniorMaster.Fontaine@ejudiciary.net>; Sigrid McCawley <smccawley@bsfllp.com>; Andrew Villacastin <AVillacastin@BSFLLP.com>; Sabina Mariella <SMariella@BSFLLP.com>; Alex Boies <ABoies@BSFLLP.com>
**Subject:** Virginia Giuffre v. Prince Andrew, No. 21-cv-06702-LAK

Please see the attached. Thank you.

David Boies, Esq.
Boies Schiller Flexner LLP
333 Main Street
Armonk, NY 10504
Tel: 914-749-8201
Fax: 914-749-8300

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]