# Exhibit S



Senior Master of the Queen's Bench Division

**BY EMAIL ONLY:**
SeniorMaster.Fontaine@ejudiciary.net

cc: David Boies, Boies Schiller Flexner LLP

**BY EMAIL ONLY**
DBoies@bsfllp.com

15 September 2021

**Our Ref:** GB/DC/JR
**Your Ref:**

Dear Senior Master Fontaine,

**GIUFFRE V PRINCE ANDREW (NO. 21-CV-06702-LAK)**

We write in reference to:

- the request by Boies Schiller Flexner LLP ("BSF") to serve their client's claim in England & Wales under the Hague Service Convention;
- this firm's response to that request by letter of 6 September 2021;
- your initial refusal of that request communicated by email on 14 September 2021;
- David Boies of BSF's email of 14 September 2021 citing *Micula v Romania*;
- your subsequent decision by email to grant the request on 15 September 2021.

Respectfully, your decision that Mr Boies qualifies to send a request to you as the UK's Additional Authority for England & Wales, while it might represent the current state of US law, is contrary to both the Hague Service Convention and Section V of CPR Part 6.

The Hague Service Convention takes effect in English domestic law by way of Section V of CPR Part 6. CPR r.6.50(a) makes express those persons <u>from</u> whom a written request will be considered by the Senior Master:

**BLACKFORDS LLP** | 20 Farringdon Street | London | EC4A 4EN
DX 161400 Old Bailey 5 | Tel: 03330 150150 | www.blackfords.com
Blackfords LLP is a limited liability partnership registered in England & Wales with registered number OC325398 at Hill House, 1 Mint Walk, Croydon, CR0 1EA. A list of members' names is available at this address.
Authorised and regulated by the Solicitors Regulation Authority under number 462078




> *"6.50      The Senior Master will serve a document to which this Section applies upon receipt of –*
>
> *(a) a written request for service –*
>
> > *(i) where the foreign court or tribunal is in a convention country, from a consular or other authority of that country; or*
> >
> > *(ii) from the Secretary of State for Foreign and Commonwealth Affairs, with a recommendation that service should be effected;*
>
> *(b) a translation of that request into English;*
>
> *(c) two copies of the document to be served; and*
>
> *(d) unless the foreign court or tribunal certifies that the person to be served understands the language of the document, two copies of a translation of it into English."*

English domestic law (CPR r.6.50(a)(i)) requires that, save for those requests received from the Foreign Secretary with a recommendation, a written request for service must come *"from a consular or other authority of that country"*.

The meaning of *"other authority"* is a matter of the construction of the CPR under English law. We submit that it extends to any 'authority' (whether Central or Additional, designated under Articles 2, 18, 6 or 9 of the Hague Service Convention: see Article 21) or any 'judicial officer' (who exercises the judicial authority of the State). The US has only designated the US Department of Justice as its Central Authority under Article 2, and has not designated any additional authorities under Articles 18, 6 or 9 (see Annex A).

However, "authority" in CPR r.6.50(a) and Article 3 does not and cannot extend to a party's attorney, whatever the originating State or *"foreign court or tribunal"*. To hold that an attorney can be 'the authority' under Article 3 would subvert the entire schema of the Hague Service Convention. Not only would it render the methods of 'direct' service under Article 10(b) and 10(c) of the Hague Service Convention entirely otiose, it would make States' objections under Article 10(b) and 10(c) nugatory

To permit a party's attorney who is not a designated authority or consular or judicial officer to send requests directly to the Senior Master (as Additional Authority) would contravene the UK Government's declaration that such documents will be received by the FCDO and

the Senior Master and other Additional Authorities <u>only</u> from overseas authorities, or consular or judicial officers.

Article 13 of the Hague Service Convention provides that:

> *"Where a request for service complies with the terms of the present Convention, the State addressed may refuse to comply therewith only if it deems that compliance would infringe its sovereignty or security. It may not refuse to comply solely on the ground that, under its internal law, it claims exclusive jurisdiction over the subject-matter of the action or that its internal law would not permit the action upon which the application is based.*
> *The Central Authority shall, in case of refusal, promptly inform the applicant and state the reasons for the refusal."*

This request was rightly refused on 14 September 2021, and reasons given promptly by you in your email of that date. Contrary to the opening sentence of Article 13, the request by BSF did not comply with the terms of the present Convention.

Furthermore, to permit the circumvention of the UK Declaration under Article 10(b) and 10(c) by designating any party's attorney (who is a competent person) as an 'authority' under Article 3 (which has no such mechanism for designation) would be an infringement of UK sovereignty, and itself give grounds for refusal on the basis of Article 13.

As we made clear in our letter of 6 September 2021, the appropriate step is for BSF to ask the Hon. Judge Kaplan (a 'judicial officer' of the United States) to make the request of the Senior Master. All parties agree this would avoid a contravention of the UK Declaration, and would be compliant with not only international law (Article 3 of the Hague Service Convention), English domestic law (CPR r.6.50) and US federal law (Rule 4(f)(1) FRCP).

Unusually, BSF did not make this request of the Hon. Judge Kaplan at the recent telephone hearing on 13 September 2021. The Judge has given BSF until next Monday, 20 September 2021, to make any such application for such a request, or for alternative service.

We contend that your original decision of 14 September 2021 to reject BSF's direct request was correct, and your subsequent decision of 15 September 2021 is wrong for the reasons given above. We ask that the original decision be restored, and the reasons communicated promptly to BSF under Article 13 of the Hague Service Convention.

Yours sincerely

*[signature: Blackfords]*

**GARY BLOXSOME/DANIEL CUNDY**
**PARTNERS**
**BLACKFORDS LLP**
Email: gary.bloxsome@blackfords.com / daniel.cundy@blackfords.com

# AUTHORITY

## United States of America - Central Authority & practical information

**Central Authority:**

Office of International Judicial Assistance
Civil Division
U.S. Department of Justice
Benjamin Franklin Station
P.O. Box 14360
Washington, D.C. 20044
United States of America
Tel.: +1 (202) 514-6700
Email: OIJA@usdoj.gov

**Contact persons:**

- Ms. Jeanne Davidson, Director
- Ms. Katerina Ossenova, Senior Trial Counsel
  Language of communication: English

**Outsourcing of Central Authority's activities to ABC Legal**

*Please see Notification sent by the Depositary (i.e. the Ministry of Foreign Affairs of the Netherlands) on 28 January 2020, here.*

**Due to COVID-19, service of judicial and extrajudicial documents transmitted pursuant to the Hague Service Convention may be delayed or suspended in certain areas. Please continue to check ABC Legal's website for the latest updates: https://www.abclegal.com/international-service-of-process.**

| Contact details: | |
|---|---|
| Address: | ABC Legal Services<br>633 Yesler Way<br>Seattle, WA 98104<br>United States of America |
| Telephone: | +1 (206) 521-9000 |
| Fax: | |
| E-mail: | internationalinfo@abclegal.com |
| General website: | https://www.abclegal.com/international-service-of-process<br>https://www.justice.gov/civil/office-international-judicial-assistance-0 |
| Contact person: | |

| | |
|---|---|
| Languages spoken by staff: | English, Spanish, French |

| | |
|---|---|
| **Practical Information:** ||
| Forwarding authorities (Art. 3(1)): | The persons and entities within the United States competent to transmit service requests abroad pursuant to Article 3 include any court official, any attorney, or any other person or entity authorized by the rules of the court. The United States Central Authority plays no role in service requests involving persons or parties located abroad in private litigation matters and such requests are transmitted by the forwarding authorities in the United States directly to the requested State. |

| Methods of service (Art. 5(1)(2)): | *Formal Service (Art. 5(1)(a))* |
|---|---|
| | Personal service is the method used by ABC Legal Services (ABC Legal) in executing all requests. |
| | Requests for service must be accompanied by the Hague Service Convention Model Form, transmitted in duplicate with a complete translation (one set will be served and the other will be returned by ABC Legal with a certificate of service), and include the full name and address for the person or entity to be served. |
| | Requests should also provide a contact email and phone number for the foreign applicant so ABC Legal can attempt to correct any mistakes or deficiencies before returning a request unexecuted, if needed. |
| | Requests for service on private individuals and companies can be mailed, but they can also be transmitted electronically to ABC Legal, along with proof of payment, or they can be uploaded on ABC Legal's website: https://www.abclegal.com/international-service-of-process. |
| | Requests for service on the United States Government, which includes its officials (when named in an official capacity), departments, agencies, or instrumentalities, should be mailed directly to the U.S. Central Authority, Department of Justice, Office of International Judicial Assistance, P.O. Box 14360, Washington, DC 20044 USA. There is no fee for service requests designated for the United States Government. For more information, please see OIJA's Guidance on Service on the U.S. Government available on OIJA's website: https://www.justice.gov/civil/service-requests. |
| | *Informal delivery (Art. 5(2))* <br> Informal service is authorized within the United States through a variety of methods, provided no compulsion is used and the method chosen is otherwise effective under applicable law, for example: (1) by members of diplomatic or consular missions in the United States; (2) by mail; or (3) by private persons. The requesting authority would make arrangements for service using one of these informal means without involvement from the U.S. Central Authority or ABC Legal. |
| | *Service by a particular method (Art. 5(1)(b))* <br> We are presently unaware of "special requests" that would require service by a means other than those discussed above. |

| | |
|---|---|
| Translation requirements (Art. 5(3)): | All formal requests for the service of documents made pursuant to Article 5(1) and submitted to ABC Legal, must be translated into English, along with a translation of the underlying documents, although papers solely in French will be served as well. All follow-up correspondence must also be sent in English or with an English translation. |
| | Please note there is no similar requirement for translation of documents to be served through informal means such as mail, consular channels, or privately retained process servers. If service is challenged by the defendant, some courts may rule that untranslated requests sent through informal mechanisms are not enforceable as a matter of due process, if the recipient was not provided with sufficient notice of the nature of the proceedings and an opportunity to respond. |
| Costs relating to execution of the request for service (Art. 12): | All formal service requests on private individuals or companies under Article 5(1) must be sent directly to ABC Legal and accompanied by a $95.00 processing fee (or proof of payment). Payment of the fee can be made by Visa, MasterCard, most international credit cards, bank transfers, international money orders, and cashier's checks payable to ABC Legal Services. Personal checks are not accepted. |
| | All service requests must comply with the payment schedule and method of payment described on ABC Legal's website: https://www.abclegal.com/international-service-of-process/payment-information. ABC Legal's website provides specific guidance on methods of payment. All service requests unaccompanied by proper payment in the manner indicated will be returned without processing. |
| | ABC Legal can accept requests for service by email or uploaded through their website so long as proof of payment is included, or payment is made online. |
| | ABC Legal will attempt to resolve issues with incomplete or incorrect addresses by finding the closest possible match to the address provided in the request. If, in the course of attempts to serve, it is discovered that the subject or entity can no longer be found at the requested address, ABC Legal provides a complimentary investigation search to locate the subject. If a valid "new" address is identified, ABC Legal will confirm with the foreign applicant whether a new attempt at service should be made at a cost of another $95.00 payment. |
| | ABC Legal, however, does not serve papers upon the United States Government or its departments, agencies or instrumentalities. Such service requests must be directed to the U.S. Department of Justice's Office of International Judicial Assistance. There is no fee for service requests designated for the United States Government. For more information, please see OIJA's Guidance on Service on the U.S. Government, available on OIJA's website: https://www.justice.gov/civil/service-requests. |

| | |
|---|---|
| Time for execution of request: | ABC Legal is required to complete service of documents for return to the foreign applicant within thirty (30) business days of receipt. In addition, ABC Legal will accept requests for expedited service and will attempt to serve the documents within seven (7) business days of receipt, without charging an additional fee. Expedited service must be specifically requested, otherwise, service will be completed within thirty (30) business days of receipt.<br><br>You may contact ABC Legal anytime at internationalinfo@abclegal.com or (001) 206-521-9000 for a status update. Foreign applicants who upload their service request through ABC Legal's website can track their request status online. |
| Judicial officers, officials or other competent persons (Art. 10(b)) | The United States does not have a system of transmission between *huissiers*. That said, the United States has no objection to *huissiers* contacting ABC Legal directly. Attorneys in the United States are authorized to perform legal functions in the state to which they are admitted to the bar. |
| Oppositions and declarations (Art. 21(2)): | Click here to read all the declarations made by this State under the Service Convention. |
| Art. 8(2): | Consular officers of the United States are prohibited by regulation from serving legal process or appointing other persons to do so abroad. See, Title 22, Code of Federal Regulations, Part 92.85. |
| Art. 10(a): | No opposition<br><br>The United States notes there is no requirement under U.S. Federal law that requests for service on private individuals and companies in the United States be sent to ABC Legal for execution. The United States has no objection to the informal delivery of such documents by members of diplomatic or consular missions in the United States, or through mail, or by private persons – if effective under applicable law – provided no compulsion is used. |
| Art. 10(b): | No opposition |
| Art. 10(c): | No opposition |
| Art. 15(2): | Declaration of applicability |
| Art. 16(3): | Declaration of applicability |

| | |
|---|---|
| Derogatory channels (bilateral or multilateral agreements or internal law permitting other transmission channels) (Arts. 11, 19, 24 and 25)<br>**Disclaimer:**<br>*Information may not be complete or fully updated – please contact the relevant authorities to verify this information.* | nter-American Convention on Letters Rogatory (Panama City, 13 January 1975)<br><br>Additional Protocol to the Inter-American Convention on Letters Rogatory (Montevideo, 8 May 1979)<br>http://www.oas.org/juridico/english/treaties/b-46.html<br><br>Although some bilateral consular conventions provide for service of process by consular officers, U.S. consular officers are generally prohibited from doing so unless authorized by the Department of State. See, Title 22, Code of Federal Regulations, Part 92.85. |
| Useful links: | Office of International Judicial Assistance<br><br>Office of International Judicial Assistance – Service Requests<br><br>ABC Legal Services<br><br>U.S. Department of State – Service of Process |
| Competent authorities<br>(Arts 6, 9) | |
| Other authorities<br>(Art. 18) | |

This page was last updated on: 26 April 2021

## Conventions (incl. Protocols and Principles)

Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters [14]