UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
VIRGINIA GIUFFRE,

                              Plaintiff,

            -against-                                          21-cv-6702 (LAK)


PRINCE ANDREW, DUKE OF YORK, etc., in his
personal capacity,

                              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## MEMORANDUM AND ORDER


LEWIS A. KAPLAN, *District Judge.*

            This is an action for battery and intentional infliction of emotional distress pursuant

to the New York Child Victims' Act.[1]   It is based upon allegations that the defendant, who

reportedly is ninth in the line of succession to the British throne, "abused Ms. Giuffre on multiple

occasions when she was under the age of 18, including in" the United States and, in one instance,

in "this District." While the defendant has not yet answered formally in this action, press reports

indicate that he categorically denies the charge.

            The parties hotly dispute whether the defendant already has been duly served with

the summons and complaint.   The details are set forth in plaintiff's papers[2] and need not be

rehearsed in detail in this memorandum.   Suffice it to say for present purposes that the matter now

is before me in connection with (1) plaintiff's motion to approve alternative service on the defendant

---

[1]     N.Y. CPLR § 214-g.

[2]     *E.g.,* Dkt. 13-15.

2

pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure and, in addition, (2) her request for

execution by the Court of a Request for Service Abroad of Judicial Documents – i.e., the summons,

complaint and civil cover sheet in this action – pursuant to the Convention of 15 November 1965

on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the

"Hague Service Convention").


*Hague Service Convention Request*

       Following receipt of plaintiff's papers, the Court executed in duplicate the Request

for Service Abroad of Judicial Documents provided by plaintiff's counsel. The Court hereby

authorizes plaintiff's counsel to cause the delivery of the request, in duplicate, together with copies

of the documents referred to therein, on the Court's behalf, to the Senior Master of the Queen's

Bench Division of Her Majesty's High Court of Justice of England and Wales in London, who is

the designated Central Authority for service in the United Kingdom under the Hague Service

Convention. Plaintiff's counsel are to transmit copies of the request to counsel of record.

       This Court has acted promptly on this request in view of (1) an indication by the

Senior Master in correspondence with the parties' counsel that such a request by this Court might

obviate the need for any hearing before her on the validity of a previous request by plaintiff's

counsel for service in the United Kingdom on the defendant,[3] and (2) the acknowledgment by

defendant's counsel to this Court that there is no reason why this Court should not make such a

request.[4]

---

[3]

      Dkt. 15-20.

[4]

      Tr. Sept. 13, 2021 (Dkt. 15-21), at 11:6-13.

*Alternative Service*

Rule 4(f)(3) of the Federal Rules of Civil Procedure provides that:

> "Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:

> \* \* \*

> "(3) by other means not prohibited by international agreement, as the court orders."

At the conference in this matter on September 13, 2021, defendant's counsel stated that "the only reason why [this Court] should not order alternative service is because there are rules under the Hague Convention that should be followed here . . ."[5] The Court, however, rejected that argument because "[t]he only transmittal to which the Convention applies is a transmittal [of judicial documents] *abroad* that is required as a necessary part of service."[6] Here, the proposed form of alternative service is "service on [defendant's] United States counsel,"[7] Mr. Brettler. That will not require transmittal of any documents abroad and accordingly will not be subject to the Convention. Moreover, service on the defendant's United States counsel is reasonably calculated to bring the papers served to the defendant's attention, regardless of whether his U.S. counsel is "authorized" to accept service on his behalf.[8]

---

[5]      *Id.* at 10:8-10.

[6]      *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) (emphasis added).

[7]      Dkt. 13.

[8]      *E.g., NYKCool A.B. v. Pacific Intern. Services, Inc*, No. 12–cv–5754 (LAK), 2015 WL 998455, \*4-5 (S.D.N.Y. Mar. 5, 2015); *see also Zanghi v. Ritella,* No. 19 Civ. 5830 (NRB),

4

*Conclusion*

Plaintiff's request for execution of a request for service abroad already has been made. The motion to approve alternative service under Fed. R. Civ. P. 4(f)(3) (Dkt 13) is granted. In the event that the Court has overlooked controlling law or facts with respect to the form of alternative service granted, the defendant may move for reconsideration.

SO ORDERED.

Dated:        September 16, 2021

_____
Lewis A. Kaplan
United States District Judge

---

2020 WL 589409, at *7 ("[S]ervice on a foreign defendant's U.S. counsel 'is a common form of service ordered under Rule 4(f)(3).'") (S.D.N.Y. Feb. 5, 2020) (quoting *Jian Zhang NYKCool A.B. v. Pacific Intern. Services, Inc*, No. 12–cv–5754 (LAK). 2015 WL 998455, *4-5 (S.D.N.Y. Mar. 5, 2015) *v. Biang.com, Inc.,* 293 F.R.D. 508, 515 (S.D.N.Y. 2013)).; *GLG Life Tech,* 287 F.R.D. 262, 267 (S.D.N.Y. 2012) ("In many instances, courts have authorized service under Rule 4(f)(3) on an unserved party's counsel.").