

**HM Courts & Tribunals Service**

RECEIVE
OCT 19 2021
JUDGE KAPLAN'S CHAMBERS

ROYAL COURTS OF JUSTICE GROUP
Queen's Bench Division
Foreign Process Section
Room E16
Royal Courts of Justice
Strand, London
WC2A 2LL
450 Strand

T 0203 936 8957
F 0870 324 0025
E ForeignProcess.RCJ@Justice.gov.uk

Text Phone 18001 020 7947 7772
(Helpline for the deaf and hard of
hearing)

www.hmcourts-service.gov.uk

**His Honor Lewis A. Kaplan**
**United States District Court for the Southern District of**
**New York**
**Daniel Patrick Moynihan US Courthouse**
**5000 Pearl Street**
**New York New York 1007**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10-19-21

Our ref:   **QF-2021-010028**
Your ref: 21-cv-6702

Date: 1st October 2021
**Private & Sensitive**

Dear Sir

### Re: Service of Foreign Process on
### Prince Andrew, Duke of York

The Senior Master of the Senior Courts of England and Wales, Queen's Bench
Division presents her compliments to His Honor Lewis A. Kaplan
and has the honour to refer to the Matter of Guiffre-v-Duke of York.

She cordially encloses the certificate of service in this matter.

The Senior Master welcomes this opportunity to renew to His Honor Lewis A. Kaplan
the assurance of her highest consideration.

Yours faithfully,

Jennifer Foley
**Team Leader**
**Foreign Process Section**

## CERTIFICATE
ATTESTATION

The undersigned authority has the honour to certify, in conformity with Article 6 of the Convention,
L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,

☒   **1. that the document has been served\***
que la demande a été exécutée\*

| — the (date) / le (date): | 1ˢᵗ October 2021 |
|---|---|
| — at (place, street, number): à (localité, rue, numéro) : | Royal Lodge at Windsor Great Park SL4 2JD |

| — in one of the following methods authorised by Article 5: dans une des formes suivantes prévues à l'article 5 : | | |
|---|---|---|
| ☐ | a) | **in accordance with the provisions of sub-paragraph a) of the first paragraph of Article 5 of the Convention\*** selon les formes légales (article 5, alinéa premier, lettre a))\* |
| ☒ | b) | **in accordance with the following particular method\*:** selon la forme particulière suivante\* : 1ˢᵀ Class Postal Delivery |
| ☐ | c) | **by delivery to the addressee, if he accepts it voluntarily\*** par remise simple\* |

The documents referred to in the request have been delivered to:
Les documents mentionnés dans la demande ont été remis à :

| **Identity and description of person:** Identité et qualité de la personne : | Police at Royal Lodge |
|---|---|
| **Relationship to the addressee (family, business or other):** Liens de parenté, de subordination ou autres, avec le destinataire de l'acte : | Security Employee |

☐   **2. that the document has not been served, by reason of the following facts\*:**
que la demande n'a pas été exécutée, en raison des faits suivants\* :

| |
|---|
| |

☐   **In conformity with the second paragraph of Article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement\*.**
Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint\*.

*Annexes / Annexes*

| **Documents returned:** Pièces renvoyées : | Return set of Summons |
|---|---|
| **In appropriate cases, documents establishing the service:** Le cas échéant, les documents justificatifs de l'exécution : \* if appropriate / s'il y a lieu | |

| **Done at** / Fait à  Royal Courts of Justice London **The /** le  First October 2021 | **Signature and/or stamp** Signature et / ou cachet *B. J. Fontaine* Senior Master Fontaine Senior Master of the Queen's Bench Division of the Senior Courts of England & Wales |
|---|---|



*Virginia Guiffre -v-HRH Andrew Duke of York*

**CERTIFICATE OF SERVICE OF FOREIGN PROCESS SERVED UNDER THE CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND EXTRAJUDICIAL DOCUMENTS, in CIVIL or COMMERCIAL MATTERS, signed at the HAGUE, 15th NOVEMBER 1965**

/

*Senior Master Barbara Fontaine, the Senior Master of the Senior Courts of England and Wales, Queen's Bench Division HEREBY CERTIFY that a duplicate of the document hereto annexed was on* 1st October 2021 *served upon:*

*A Police Officer*
*at the Royal Lodge*
*on behalf of HRH Andrew Duke of York*
Royal Lodge at Windsor Great Park
Windsor SL4 2JD

The documents were served by first class post. This method is good service under rule 6.3 (1)

(c) of the Civil Procedure Rules of England and Wales

Dated  1 October 2021

B. J. Fontaine

**Senior Master Fontaine**
Senior Master of the Queen's Bench Division
of the Senior Courts of England & Wales





# HM Courts & Tribunals Service

**ROYAL COURTS OF JUSTICE GROUP**
**Queen's Bench Division**
Foreign Process Section
Room E16
Royal Courts of Justice
Strand, London
WC2A 2LL

**DX 44450 Strand**

**T** 0203 936 8957
**F** 0870 324 0025
**E** ForeignProcess.RCJ@Justice.gov.uk

**Text Phone** 18001 020 7947 7772
(Helpline for the deaf and hard of hearing)

**www.hmcourts-service.gov.uk**

**His Honor Lewis A. Kaplan**
**United States District Court for the Southern District of**
**New York**
**Daniel Patrick Moynihan US Courthouse**
**5000 Pearl Street**
**New York New York 1007**

Our ref:  **QF-2021-010028**
Your ref: 21-cv-6702

Date: 1st October 2021
**Private & Sensitive**

Dear Sir

### Re: Service of Foreign Process on
### Prince Andrew, Duke of York

The Senior Master of the Senior Courts of England and Wales, Queen's Bench
Division presents her compliments to His Honor Lewis A. Kaplan
and has the honour to refer to the Matter of Guiffre-v-Duke of York.

She cordially encloses the certificate of service in this matter.

The Senior Master welcomes this opportunity to renew to His Honor Lewis A. Kaplan
the assurance of her highest consideration.

Yours faithfully,

Jennifer Foley
**Team Leader**
**Foreign Process Section**

IN THE HIGH COURT OF JUSTICE
QUEEN'S BENCH DIVISION and
IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

BEFORE Senior Master Fontaine

CASE No 21-CV-6702 (LAK)

Between                                         **CLAIM NUMBER**
                                                QF 2021- 010028

Virginia L  Guiffre                             PLAINTIFF

-V-

HRH Prince Andrew Duke of York                  DEFENDANT

ORDER

**UPON RECEIVING THE**
Request for service of Judicial or Extrajudicial documents under the
Hague Convention of 15th November 1965 from His Honour Judge Lewis
A Kaplan dated 16th September 2021

**IT IS ORDERED THAT** there be permission to serve proceedings pursuant
thereto
by 1st Class postal delivery

Upon HRH Price Andrew, Duke of York
At the given address of

Royal Lodge
Windsor Great Park
Berkshire
SL4 2JD

Dated 30th September 2021

QF 2021-010028

ZURÜCKSENDEN - TO RETURN
à retourner - de restituire

# SUMMARY OF THE DOCUMENT TO BE SERVED
## ÉLÉMENTS ESSENTIELS DE L'ACTE

**Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed at The Hague, the 15th of November 1965 (Article 5, fourth paragraph).**

Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye le 15 novembre 1965 (article 5, alinéa 4).

| | |
|---|---|
| **Name and address of the requesting authority:**<br>Nom et adresse de l'autorité requérante : | Hon. Lewis A. Kaplan<br>United States District Court for the Southern District of New York<br>Daniel Patrick Moynihan U.S. Courthouse<br>500 Pearl Street<br>New York, New York 10007 |
| **Particulars of the parties\*:**<br>Identité des parties\* : | Virginia L. Giuffre, Plaintiff<br><br>Prince Andrew, Duke of York, Defendant |

\*  If appropriate, identity and address of the person interested in the transmission of the document
S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte

☒ **JUDICIAL DOCUMENT\*\***
ACTE JUDICIAIRE\*\*

| | |
|---|---|
| **Nature and purpose of the document:**<br>Nature et objet de l'acte : | To inform Defendant of claims against him in the Southern District of New York and demand his response and appearance. |
| **Nature and purpose of the proceedings and, when appropriate, the amount in dispute:**<br>Nature et objet de l'instance, le cas échéant, le montant du litige : | To bring claims against Defendant for battery and intentional infliction of emotional distress for an amount to be determined by a jury at trial. |
| **Date and Place for entering appearance\*\*:**<br>Date et lieu de la comparution\*\* : | United States District Court for the Southern District of New York |
| **Court which has given judgment\*\*:**<br>Juridiction qui a rendu la décision\*\* : | |
| **Date of judgment\*\*:**<br>Date de la décision\*\* : | |
| **Time limits stated in the document\*\*:**<br>Indication des délais figurant dans l'acte\*\* : | Within 21 days after service of the summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. |

\*\* if appropriate / s'il y a lieu

☐ **EXTRAJUDICIAL DOCUMENT\*\***
ACTE EXTRAJUDICIAIRE\*\*

# WARNING
## AVERTISSEMENT

---

**Identity and address of the addressee**
Identité et adresse du destinataire
Prince Andrew, Duke of York a/k/a Andrew Albert Christian Edward
Royal Lodge at Windsor Great Park
SL4 2JD
Berkshire, United Kingdom

---

### IMPORTANT

THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE 'SUMMARY OF THE DOCUMENT TO BE SERVED' WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD HOWEVER READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.

IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.

ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:

### TRÈS IMPORTANT

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES « ÉLÉMENTS ESSENTIELS DE L'ACTE » VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE, SOIT DANS VOTRE PAYS, SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES À :

---

The Legal Aid Society
199 Water Street
New York, New York 10038
(212) 577-3300

---

**It is recommended that the standard terms in the notice be written in English and French and where appropriate also in the official language, or in one of the official languages of the State in which the document originated. The blanks could be completed either in the language of the State to which the document is to be sent, or in English or French.**

Il est recommandé que les mentions imprimées dans cette note soient rédigées en langue française et en langue anglaise et le cas échéant, en outre, dans la langue ou l'une des langues officielles de l'État d'origine de l'acte. Les blancs pourraient être remplis, soit dans la langue de l'État où le document doit être adressé, soit en langue française, soit en langue anglaise.

| **Nature and purpose of the document:**<br>Nature et objet de l'acte : | N/A |
|---|---|
| **Time-limits stated in the document\*\*:**<br>Indication des délais figurant dans l'acte\*\* : | N/A |

\*\* if appropriate / s'il y a lieu

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| VIRGINIA L. GIUFFRE | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No.  21-cv- 6702 |
| | ) | |
| PRINCE ANDREW, DUKE OF YORK, | ) | |
| a/k/a ANDREW ALBERT CHRISTIAN | ) | |
| EDWARD, in his personal capacity | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Prince Andrew, Duke of York
Royal Lodge at Windsor Great Park
Berkshire
SL4 2JD
United Kingdom

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    David Boies
Boies Schiller Flexner LLP
333 Main Street
Armonk, NY 10504
Phone: (914) 749-8200
Fax: (914) 749-8300

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   8/10/2021                                                          /S/ V. BRAHIMI

*Signature of Clerk or Deputy Clerk*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

VIRGINIA L. GIUFFRE,

        Plaintiff,

                                        CASE NO:

v.

PRINCE ANDREW, DUKE OF YORK,
a/k/a ANDREW ALBERT CHRISTIAN
EDWARD, in his personal capacity,

        Defendant.

_____ /

## __COMPLAINT__

BOIES SCHILLER FLEXNER LLP

Plaintiff Virginia L. Giuffre, by her attorneys Boies Schiller Flexner LLP, for her Complaint against Defendant Prince Andrew, Duke of York, a/k/a Andrew Albert Christian Edward ("Prince Andrew"), avers upon personal knowledge as to her own acts and status and upon information and belief and to all other matters as follows:

## NATURE OF THE ACTION

1.      This suit arises out of Defendant's sexual abuse of Plaintiff when she was under the age of 18 years old.

2.      During 2000–2002, beginning when Plaintiff was 16, Plaintiff was the victim of sex trafficking and abuse by convicted sex offender Jeffrey Epstein.

3.      Epstein's trafficking scheme involved recruiting young girls, often by claiming they would be paid $200 for simply providing a massage to a wealthy billionaire. This same pattern was repeated numerous times with countless children and young women.

4.      As United States District Judge Kenneth Marra found, "From between about 1999 and 2007, Jeffrey Epstein sexually abused more than 30 minor girls . . . at his mansion in Palm Beach, Florida, and elsewhere in the United States and overseas . . . . In addition to his own sexual abuse of the victims, Epstein directed other persons to abuse the girls sexually.  Epstein used paid employees to find and bring minor girls to him.  Epstein worked in concert with others to obtain minors not only for his own sexual gratification, but also for the sexual gratification of others." Opinion and Order, Doc. No. 435 at 1–2, *Jane Doe 1 and Jane Doe 2 v. United States*, Case No. 9:08-cv-80736 (S.D. Fla. Feb. 21, 2019).

5.      Like other minor children who came before and after her, Plaintiff was initially recruited to provide massages, and thereafter to engage in a variety of sexual acts, for Epstein. Plaintiff was required to be on call for Epstein for sexual purposes and frequently traveled with

2

him both nationally and internationally.  Plaintiff was regularly abused by Epstein and was lent out by Epstein to other powerful men for sexual purposes.

6.      One such powerful man to whom Plaintiff was lent out for sexual purposes was the Defendant, Prince Andrew, the Duke of York.

7.      Prince Andrew was a close friend of Ghislaine Maxwell, a British socialite who spent years overseeing and managing Epstein's sex trafficking network, and actively recruited underage girls, including Plaintiff.

8.      According to Prince Andrew, he met Epstein through Maxwell in 1999.  Prince Andrew thereafter became a frequent guest in Epstein's various homes around the world, including New York City where he sexually abused Plaintiff at Epstein and Maxwell's invitation when she was a minor.

9.      After publicly feigning ignorance about the scope of Epstein's sex-trafficking operation and sympathy for Epstein's victims, Prince Andrew has refused to cooperate with U.S. authorities in their investigation and prosecution of Epstein and his co-conspirators.

10.     Prince Andrew committed sexual assault and battery upon Plaintiff when she was 17 years old.  As such, Prince Andrew is responsible for battery and intentional infliction of emotional distress pursuant to New York common law.  The damage to Plaintiff has been severe and lasting.

11.     This action has been timely filed pursuant to the Child Victims Act, N.Y. C.P.L.R. § 214-g.  The actions described herein constitute sexual offenses by Defendant under New York Penal Law Article 130, and were committed against Plaintiff when she was a child less than eighteen years of age, for which she suffered physical, psychological, and other injuries as a result.

3

**PARTIES**

12.     Plaintiff Virginia L. Giuffre is an individual who is a citizen of the State of Colorado.

13.     Defendant Prince Andrew is a citizen of the United Kingdom, and is currently residing at the Royal Lodge at Windsor Great Park, Berkshire, United Kingdom, where he is domiciled.

**JURISDICTION AND VENUE**

14.     This Court has diversity jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(2).  Plaintiff is a citizen of a State and Defendant is a citizen of a foreign state, and the amount in controversy exceeds the sum or value of $75,000.00 excluding interests and costs.

15.     Venue is proper in this Court as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.  28 U.S.C. § 1391(b)(2).

16.     This Court has personal jurisdiction over Defendant as Defendant sexually abused Plaintiff in this state, and has thus committed a tortious action within this State pursuant to New York's long-arm statute, N.Y. C.P.L.R. § 302(a)(2).  Defendant also visited Jeffrey Epstein in this State on numerous occasions.  Defendant could reasonably anticipate that a suit based upon his acts and omissions with respect to Plaintiff could result in him being subject to suit in this State, and this suit arises directly out of the Defendant's acts or omissions with respect to Plaintiff in this state.

**FACTUAL ALLEGATIONS**

A.     **Epstein's Sex Trafficking Enterprise**

17.     Jeffrey Epstein was widely renowned as a billionaire who used his vast connections to powerful individuals, and seemingly unlimited wealth and resources, to create a web of

transcontinental sex trafficking that served himself, his coconspirators, and some of the most powerful people in the world.

18.     Ghislaine Maxwell is a British socialite and the daughter of disgraced publishing tycoon Robert Maxwell.  Maxwell was the highest-ranking recruiter in Epstein's sex-trafficking enterprise.  Maxwell is currently facing criminal charges in the Southern District of New York stemming from her role in Epstein's sex-trafficking enterprise, and is set to face trial in the fall.

19.     Epstein had perfected a scheme for manipulation and abuse of young females.  As part of the scheme, Maxwell or another female recruiter would approach a young girl and strike up a conversation in an effort to quickly learn about the girl's background and any vulnerabilities they could expose.  Epstein's recruiters found their targets everywhere and anywhere, including schools, spas, trailer parks, and the street.

20.     The recruiter would then manipulate the young female into coming back to one of Epstein's residences by offering the young girl something she needed, depending on her situation. In many cases, the recruiter sought out girls who wanted to be professional masseuses and invited them to one of Epstein's homes by offering them what appeared to be legitimate masseuse positions.

21.     Once in the residence, Epstein and his co-conspirators would work in concert to impress and intimidate the young female with displays of vast wealth and power.  They would brag about their connections to very powerful political and social figures, and display photographs of themselves with those figures around Epstein's homes.  They would normalize the sexual abuse by displaying photographs and art displaying nude females, and a massage table and spa related products in an effort to legitimize the area where the abuse was set to occur.

22.     Once abused, Epstein and Maxwell continued to manipulate their victims, using their financial power, promises, and threats to ensure that the victim returned as directed and remained compliant with their demands.  Epstein and his lawyers would even gather information about the victims to use against them if they ever disobeyed him, and his homes were under constant surveillance.

23.     Message pads recovered during trash pulls at Epstein's Palm Beach mansion reflect messages that his staff took to relay to Epstein.  They show the constant flow of girls to Epstein, sometimes three per day.  Epstein's employees have also described young girls constantly being present at Epstein's different homes.  Epstein's constant access to young girls is also evidenced in his "Black Book," a book of phone numbers and contact information listing girls to call for "massages" in various cities, flight logs documenting his frequent travel with young girls and powerful individuals on his private plane, and troves of lewd photographs of young girls recovered from his homes. In his Black Book, Epstein had at least 12 different contact numbers listed for Prince Andrew.

24.     Plaintiff became a victim of sex trafficking and repeated sexual abuse after Maxwell recruited her into Epstein's sex-trafficking operation when Plaintiff was working at the Mar-A-Lago Club in Palm Beach, Florida.

25.     Between 2000 and 2002, Epstein sexually abused Plaintiff at numerous locations including his mansion in this District, at 9 East 71st Street, New York, New York 10021.

26.     Epstein also flew Plaintiff on his plane nationally and internationally numerous times when she was under the age of 18. Only portions of the flight logs of Epstein's private planes have yet been recovered, and Epstein also flew Plaintiff frequently on commercial airlines to meet him and others.  However, the chart below, which shows Plaintiff's flights on Epstein's private

plane from the limited logs that are available, illustrates the international scope of Epstein's sex trafficking.



27.     In addition to being abused by Epstein himself, Plaintiff was also forced to have sex with Defendant, Prince Andrew, the Duke of York, at Epstein and Maxwell's direction.

28.     As part of their sex trafficking efforts, Epstein and Maxwell intimidated Plaintiff into remaining silent about what had happened to her.

29.     After years of abuse, Epstein sent Plaintiff to Thailand in September 2002. One of Plaintiff's assignments from Epstein was to bring a young girl back to Epstein in the United States. Fearing for her life, and not wanting to subject another young girl to the abuse she was forced to endure, Plaintiff fled from Thailand to Australia to escape from Epstein.

**B.     Defendant's Relationship with Epstein and Maxwell**

30.     According to Prince Andrew, he first met Epstein in 1999 through Maxwell, Prince Andrew's close friend.  Prince Andrew and Maxwell have been photographed at numerous social events together.

31.     According to available flight logs, Prince Andrew began flying with Epstein on his private plane as early as 1999, when he flew with Epstein and Maxwell to Epstein's private island, Little St. James.  Prince Andrew's name also appears in other available flight log entries from

7

around the same time, showing travel with Epstein and Maxwell to and from other locations, including West Palm Beach, Florida, and Teterboro, New Jersey.

32.     In 2000, Epstein and Maxwell attended Prince Andrew's 40th birthday party.  That same year, Prince Andrew threw Maxwell a birthday party in Sandringham, United Kingdom, and Epstein was among the guests.

33.     In 2006, Prince Andrew invited Epstein to his daughter's 18th birthday party, despite Epstein being charged with procuring a minor for prostitution only one month prior.

34.     Prince Andrew has himself confirmed that he has been on Epstein's private plane, stayed at Epstein's private island, and stayed at Epstein's homes in Palm Beach, Florida, and New York, New York.  *See Prince Andrew's links to Jeffrey Epstein*, BBC News (Nov. 16, 2019), *available at* https://www.bbc.com/news/uk-49411215.

35.     Members of Epstein's house staff have confirmed witnessing Prince Andrew visit Epstein's numerous homes, both to the media and in sworn testimony.

**C.    Defendant's Sexual Abuse of Plaintiff**

36.     Prince Andrew abused Plaintiff on separate occasions when she was under the age of 18 years old.

37.     On one occasion, Prince Andrew sexually abused Plaintiff in London at Maxwell's home.  During this encounter, Epstein, Maxwell, and Prince Andrew forced Plaintiff, a child, to have sexual intercourse with Prince Andrew against her will.

38.     The below photograph depicts Prince Andrew, Plaintiff, and Maxwell at Maxwell's home prior to Prince Andrew sexually abusing Plaintiff.



39.     On another occasion, Prince Andrew sexually abused Plaintiff in Epstein's New York mansion in this District.  During this encounter, Maxwell forced Plaintiff, a child, and another victim to sit on Prince Andrew's lap as Prince Andrew touched her.  During his visit to New York, Prince Andrew forced Plaintiff to engage in sex acts against her will.

40.     On another occasion, Prince Andrew sexually abused Plaintiff on Epstein's private island in the U.S. Virgin Islands, Little St. James.

41.     During each of the aforementioned incidents, Plaintiff was compelled by express or implied threats by Epstein, Maxwell, and/or Prince Andrew to engage in sexual acts with Prince Andrew, and feared death or physical injury to herself or another and other repercussions for disobeying Epstein, Maxwell, and Prince Andrew due to their powerful connections, wealth, and authority.

42.     During each of the aforementioned incidents, Prince Andrew acted with intent to compel Plaintiff's submission.

43.     Prince Andrew engaged in each of the aforementioned sexual acts with Plaintiff at Epstein and Maxwell's invitation, knowing that she was a sex-trafficking victim being forced to engage in sexual acts with him.

44.     During each of the aforementioned incidents, Plaintiff did not consent to engaging in sexual acts with Prince Andrew.

45.     During each of the aforementioned incidents, Prince Andrew knew Plaintiff's age based on communications from Epstein and Maxwell.

46.     During each of the aforementioned incidents, Prince Andrew sexually abused Plaintiff for the purpose of gratifying his sexual desires.

47.     During each of the aforementioned incidents, Prince Andrew was acting in his individual, personal capacity, and was not performing any duty relating to his former role as a trade envoy, any duty relating to his role as a member of the Royal Family of the United Kingdom, or any other official or diplomatic duty or function.

48.     Defendant's sexual assault and battery of Plaintiff have caused her, and continue to cause her, significant emotional and psychological distress and harm.

**D.     The Arrest, Prosecution, and Death of Epstein, and Prince Andrew's Refusal to Cooperate with the Authorities**

49.     In 2008, Epstein pled guilty in Florida to the charge of procuring a minor for prostitution.

50.     In 2010, after Epstein had served his sentence and registered as a sex offender, Prince Andrew was photographed with Epstein in Central Park and stayed at Epstein's New York City mansion.

10

51.     Epstein flippantly referred to his sexual abuse of multiple minors, and the slap on the wrist he had received for it, in a 2011 interview with the New York Post: "Billionaire pervert Jeffrey Epstein is back in New York City—and making wisecracks about his just-ended jail stint for having sex with an underage girl. 'I am not a sexual predator, I'm an "offender,"' the financier told The Post yesterday. 'It's the difference between a murderer and a person who steals a bagel,' said Epstein." *See* Amber Sutherland, *Billionaire Jeffrey Epstein: I'm a Sex Offender, Not A Predator*, New York Post (Feb. 25, 2011), *available at* https://bit.ly/2s3ebwk.

52.     Around the same time, Prince Andrew began to face criticism over his well-publicized friendship with Epstein.

53.     In early 2015, after Plaintiff had publicly accused Prince Andrew of sexually abusing her, Prince Andrew emailed Maxwell stating, "Let me know when we can talk. Got some specific questions to ask you about Virginia Roberts."

54.     On July 2, 2019, the U.S. Attorney's Office for the Southern District of New York ("SDNY") charged Epstein with sex trafficking conspiracy and sex trafficking in violation of 18 U.S.C. § 1591.

55.     Epstein was arrested on July 8, 2019, pursuant to a Sealed Two Count Indictment.

56.     Epstein was found dead in his cell at the Metropolitan Correctional Center on August 10, 2019.

57.     Just one year before his death, Epstein told a New York Times reporter "that criminalizing sex with teenage girls was a cultural aberration and that at times in history it was perfectly acceptable." James B. Stewart, *The Day Jeffrey Epstein Told Me He Had Dirt on Powerful People*, N.Y. Times (Aug. 12, 2019), *available at* https://www.nytimes.com/2019/08/12/business/jeffrey-epstein-interview.html.

58.     After Epstein's second arrest and death, numerous of his co-conspirators and the wealthy individuals to whom he trafficked girls—including Prince Andrew—began to face increased public scrutiny for having close ties to a convicted sex offender.

59.     In November 2019, in response to this renewed scrutiny, Prince Andrew sat for an interview with *BBC Newsnight*. Prince Andrew stated that he did not regret his friendship with Epstein and that he had no recollection of meeting Plaintiff, despite photographic evidence to the contrary.

60.     Prince Andrew publicly pledged, including in a statement stepping down from his public duties and in his *Newsnight* interview, to assist the U.S. authorities with their criminal investigation of Epstein and his co-conspirators. *A statement by His Royal Highness The Duke of York* (Nov. 20 2019), *available at* https://www.royal.uk/statement-his-royal-highness-duke-york ("Of course, I am willing to help any appropriate law enforcement agency with their investigations, if required.").

61.     Despite this public pledge, Prince Andrew has refused to cooperate with U.S. authorities. Former SDNY U.S. Attorney Geoffrey Berman stated that Prince Andrew had provided "zero co-operation" despite U.S. prosecutors and the FBI contacting Prince Andrew's counsel. *Prince Andrew gives 'zero co-operation' over Epstein inquiry, US prosecutor says*, BBC News (Jan. 27, 2020), *available at* https://www.bbc.com/news/uk-51271871.

62.     Prince Andrew and his counsel have also refused to cooperate with counsel for the victims of Epstein's sex trafficking. Counsel for the victims of Epstein's sex trafficking, including counsel for Plaintiff, have repeatedly asked for a meeting or telephone call with Prince Andrew and/or his representatives to enable Prince Andrew to provide whatever facts, context, or explanation he might have, and to explore alternative dispute resolution approaches. Prince

Andrew and his representatives have rejected all such requests, and responded by escalating their vile and baseless attacks on Plaintiff and others.

63.    On July 19, 2021, counsel for Plaintiff proposed a tolling agreement that would have enabled Plaintiff not to sue Prince Andrew at this time, while avoiding any argument that her failure to do so caused her claims to be time-barred. Again Prince Andrew stonewalled—ignoring Plaintiff's letter and emails without any reply or response, thereby making this action necessary now. A copy of the July 19, 2021, letter proposing a tolling agreement is attached as Exhibit A to this Complaint.

64.    In this country no person, whether President or Prince, is above the law, and no person, no matter how powerless or vulnerable, can be deprived of the law's protection. Twenty years ago Prince Andrew's wealth, power, position, and connections enabled him to abuse a frightened, vulnerable child with no one there to protect her. It is long past the time for him to be held to account.

## FIRST CAUSE OF ACTION

### (Battery)

65.    Plaintiff repeats and re-alleges the allegations stated above as if fully set forth herein.

66.    Prince Andrew intentionally committed battery by sexually assaulting Plaintiff when she was a minor. As described above, on multiple occasions Prince Andrew intentionally touched Plaintiff in an offensive and sexual manner without her consent.

67.    Prince Andrew's actions constitute sexual offenses as defined in New York Penal Law Article 130, including but not limited to sexual misconduct as defined in Article 130.20, rape in the third degree as defined in Article 130.25, rape in the first degree as defined in Article 130.35,

forcible touching as defined in Article 130.52, sexual abuse in the third degree as defined in Article 130.55, and sexual abuse in the first degree as defined in Article 130.65. *See* N.Y. C.P.L.R. § 214-g.

68.     As a direct and proximate result of Prince Andrew's criminal acts, Plaintiff has in the past and will in the future continue to suffer substantial damages, including extreme emotional distress, humiliation, fear, psychological trauma, loss of dignity and self-esteem, and invasion of her privacy.

## SECOND CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

69.     Plaintiff repeats and re-alleges the allegations stated above as if fully set forth herein.

70.     As a direct result of these allegations as stated, Prince Andrew committed intentional infliction of emotional distress against Plaintiff.

71.     Prince Andrew's actions, described above, constitute extreme and outrageous conduct that shocks the conscience. Prince Andrew's sexual abuse of a child who he knew was a sex-trafficking victim, and when he was approximately 40 years old, goes beyond all possible bounds of decency and is intolerable in a civilized community.

72.     Prince Andrew knew or disregarded the substantial likelihood that these actions would cause Plaintiff severe emotional distress.

73.     As a direct and proximate result of Prince Andrew's criminal acts, Plaintiff has in the past and will in the future continue to suffer substantial damages, including extreme emotional distress, humiliation, fear, psychological trauma, loss of dignity and self-esteem, and invasion of her privacy.

14

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant, awarding compensatory, consequential, exemplary, and punitive damages in an amount to be determined at trial; costs of suit; attorneys' fees; and such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all causes of action asserted within this pleading.

Dated: August 9, 2021

BOIES SCHILLER FLEXNER LLP

/s/ David Boies
David Boies
Alexander Boies
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com
aboies@bsfllp.com

Sigrid McCawley (*pro hac vice* pending)
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011
smccawley@bsfllp.com

Andrew Villacastin
Sabina Mariella
55 Hudson Yards
New York, NY 10001
(212) 446-2300
avillacastin@bsfllp.com
smariella@bsfllp.com

15

# Exhibit A

 BOIES
SCHILLER
FLEXNER

July 19, 2021

**VIA ELECTRONIC MAIL & FEDEX**
Clare Montgomery QC
Matrix Chambers
claremontgomery@matrixlaw.co.uk
teamt@matrixlaw.co.uk

Mr. Gary Bloxsome
Mr. Daniel Cundy
Blackfords, LLP
20 Farringdon Street
London EC4A 4EN
Gary.bloxsome@blackfords.com
Daniel.cundy@blackfords.com

Mr. Stephenson Ferguson
Chambers of Brian Altman QC and Jim Sturman QC
2 Bedrow Row
London WC1R 4 BU
sferguson@2bedfordrow.co.uk
clerks@2bedfordrow.co.uk

    **Re:**    **Virginia Giuffre Confidential & For Settlement Purposes Only**

    We write on behalf of Virginia Giuffre on the understanding that you represent Prince Andrew, Duke of York.

    As we believe you know, Ms. Giuffre has asserted claims against Prince Andrew that may be actionable pursuant to the New York Child Victims Act. Under that act, in the absence of a tolling agreement, Ms. Giuffre needs to assert those claims now or expose herself to certain limitations defenses.

    We have previously sought, so far without success, to meet with Prince Andrew or his counsel to receive Prince Andrew's information and views, and to discuss whether a negotiated resolution might be appropriate. We continue to be interested in such an approach. We enclose for your consideration a tolling agreement that would permit Ms. Giuffre to avoid commencing an action at this time without prejudicing her claims.

# BSF

If you do in fact continue to represent Prince Andrew, we hope you and he will agree that a tolling agreement is appropriate. If you do not represent Prince Andrew, please advise us and pass this proposal on to Prince Andrew and/or his current counsel.

I know you will understand that Ms. Giuffre's counsel have a fiduciary duty to her not to permit a risk that her claims be time-barred, and if we are not able to secure a tolling agreement promptly, a lawsuit will necessarily be filed to preserve those claims. We hope that will not be required at this time, and look forward to your response.

Very truly yours,

David Boies

cc:     Sigrid S. McCawley

2

BOIES SCHILLER FLEXNER LLP

333 Main Street, Armonk, NY 10504 | (t) 914 749 8200 | (f) 914 749 8300 | www.bsfllp.com

**CONFIDENTIAL SETTLEMENT COMMUNICATION PURSUANT TO**
**F.R.E. 408 AND STATE EQUIVALENTS**

**TOLLING AGREEMENT**

This Tolling Agreement ("Agreement") is made by and between Virginia Giuffre ("Ms. Giuffre") and Prince Andrew, Duke of York ("Prince Andrew"). Ms. Giuffre and Prince Andrew are each a "Party" and are collectively referred to as the "Parties."

WHEREAS, Ms. Giuffre, by her attorney, has advised Prince Andrew, through his attorney, that she possesses certain claims against Prince Andrew ("Claims") and that those Claims arise from various incidents during which Ms. Giuffre contends Prince Andrew committed one or more sex offenses against her;

WHEREAS, Ms. Giuffre does not concede any statutes of limitations applicable to her Claims;

WHEREAS, notwithstanding the above and assuming, *arguendo*, that certain of Ms. Giuffre's Claims are subject to statutes of limitation, the Parties believe that it is in their mutual interest to toll any statutes of limitation and potentially limit administrative and legal costs;

NOW THEREFORE, for good and sufficient consideration, the receipt of which is hereby acknowledged, the Parties hereby agree as follows:

**1. Term.** The term of this Agreement (the "Term") shall begin on July 21, 2021 and be extended such that it terminates on January 31, 2022 unless further extended by an agreement of the Parties in writing. Either Party shall have the right to terminate this Agreement on ten business days' notice, in which case the tolling period shall end on the eleventh business day following the date of the notice.

**2. Tolling Provisions.** During the Term, no statute of limitations on any Claims shall run against (and the same shall be tolled as to) Ms. Giuffre. This Agreement shall not be deemed to shorten any applicable statutes of limitations governing any Claims, and this Agreement is made without prejudice to other rights, claims, or defenses available to any Party as of the date of this Agreement. This Agreement shall not be deemed to revive any Claim that is or was already barred prior to the Term. Nothing in this Agreement, or in the circumstances which gave rise to it, shall be construed as an admission of any Party that any Claim has or has not been barred by any statutes of limitations or any other defense based on the lapse of time.

**3. No Admission of Liability.** No admission of liability by any Party is expressed or implied by this Agreement.

1

**4. No Waiver.** This Agreement shall not in any way constitute a waiver of any arguments or defenses that Prince Andrew may have or may have in any proceeding in any court, agency, or other forum. Prince Andrew reserves all rights and remedies available to him, including the right to argue that the relevant limitations period had run before the Term.

**5. Covenant Not To Sue.** The Parties shall not institute any legal actions against one another, including litigation, arbitration, or any other legal proceeding of any kind, in law or equity, or assert any claim, counterclaim, demand, or cause of action against one another during the Term of this Agreement.

**6. Confidentiality.** The Parties acknowledge and agree that all communications or discussions between them (and/or between counsel acting on their behalves) relating to and for the purpose of a potential settlement of the Claims have been, are, and shall be treated as strictly confidential, and shall be presumed to be confidential settlement communications and shall be protected by Rule 408 of the Federal Rules of Evidence, N.Y. C.P.L.R. § 4547, and any similar or comparable evidentiary privilege in all applicable jurisdictions. For the avoidance of doubt, nothing in this confidentiality provision is intended to, or does, render the events underlying the Claims or any other prior dealings between the Parties confidential. The Parties and their respective counsel further acknowledge and agree that:

(a) This confidentiality agreement survives the Term of the Tolling Agreement.

(b) This confidentiality provision does not prohibit any communications any Party shall make for the purpose of, or in the course of, seeking or obtaining legal advice.

(c) The Settlement Discussions shall not be disclosed to any third party, other than counsel (or agents for counsel), except, (i) as required by court order, valid legal process, or other legal duty to reveal such information to any governmental authorities, or in response to a subpoena from any governmental authority, and (ii) as necessary to comply with the terms of this Agreement.

(d) In the event that a Party receives a court order, valid legal process, subpoena, or otherwise has a legal duty requiring disclosure of Settlement Discussions, such Party shall, to the extent permitted by law, promptly, and in any event within ten (10) business days of receipt of the subpoena or request or other notice of such disclosure requirement, give written notice to the other Party and include with such notice a copy of the relevant subpoena or request. The Party from whom disclosure is requested or required shall make a reasonable effort to allow the other Party a reasonable period of time in which to seek to quash, limit, or object to such disclosure.

(e) The Parties acknowledge and agree that money damages would not be an adequate remedy for any breach of this confidentiality provision, and that in the event that either Party breaches this confidentiality provision, the non-breaching Party is entitled, in addition to other rights and remedies available to them, to an injunction or

2

other equitable relief to enforce or prevent any violations of this confidentiality provision.

**7. Modification.** This Agreement can be modified only in a writing signed by the Parties. This Agreement shall constitute the entire understanding between the Parties concerning the subject matter of this Agreement and supersedes and replaces all prior negotiations, proposed agreements, and agreements, written or oral, relating to this subject.

**8. Governing Law.** This Agreement shall be governed by and construed and enforced in accordance with the laws of the state of New York.

**9. Severability.** Any term or provision of this Agreement which is invalid or unenforceable in any jurisdiction will, as to that jurisdiction, be ineffective to the extent of such invalidity or enforceability without rendering invalid or unenforceable the remaining terms and provisions of this Agreement or affecting the validity or enforceability of any of the terms or provisions of this Agreement in any other jurisdiction. If any provision of this Agreement is so broad as to be unenforceable, the provision will be interpreted only so broad as is enforceable.

**10. Execution of Counterparts.** Separate counterparts of this Agreement may be executed by the Parties, including by electronic signatures and via email, with the same force and effect as if all such parties had executed a single copy of this Agreement.

**11. Authority to Bind.** Each counsel executing this Agreement represents and warrants that he has been authorized to enter into this Agreement on behalf of the Party or Parties on whose behalf it is signed and that signatory has full and complete authority to do so.

**12. Successors.** This Agreement shall bind and benefit all of the Parties and their respective executors, heirs, and assigns.

**13. Use of Agreement.** This Agreement shall not be used as evidence or referred to in any proceeding except: (a) to prove or disprove, if contested, the tolling of a statute of limitation(s) during the Term of this Agreement; or (b) to defeat an argument that any Claims or defenses thereto have been waived or are barred by laches or equitable estoppel as a result of the passage of time during the Term. This Agreement shall not be admissible in any proceeding in any court, agency, or other forum except for the purpose of enforcing this Agreement. The Parties shall not disclose the existence of this Agreement or the existence or content of any settlement discussions to any third party.

3

Dated: _____, 2021   Virginia Giuffre

             By:_____
             Boies Schiller Flexner LLP

Dated: _____, 2021    Prince Andrew, Duke of York

             By:_____

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**Virginia L. Giuffre,**

                           Plaintiff,                               21-cv- 6702(LAK)

    v.

**Prince Andrew,**
*Duke of York, in his personal capacity,*
*also known as*
Andrew Albert Christian Edward,

                              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER RE SCHEDULING AND
## INITIAL PRETRIAL CONFERENCE

KAPLAN, District Judge.

        This action having been assigned to me for all purposes, it is hereby,

        ORDERED as follows:

        1.      Counsel receiving this order shall promptly mail and email copies hereof to all other counsel of record or, in the case of any party for whom no appearance has been made, to such party and to all counsel, foreign or domestic, known or believed to be acting on behalf of such party.

        2.      Counsel for both parties are directed to confer regarding an agreed scheduling order. If counsel are able to agree on a schedule and the agreed schedule calls for filing of the pretrial order not more than six (6) months from the date of this order, counsel shall sign and file within twenty-one (21) days from the date hereof a consent order in the form annexed for consideration by the Court.

        3.      Regardless of whether such a consent order is filed within the time provided, a teleconference will be held on September 13, 2021 at 4 p.m., Eastern Daylight Time. The teleconference can be reached by calling 1-888-363-4749 and using access code 7664205#. Unless the defendant has appeared by counsel, plaintiff's counsel should be prepared to discuss, among other things, the intended means and status of service of process.

        4.      Members of the public are permitted to access the telephone conference, provided, however, that all listeners other than counsel for the parties shall be placed in "listen mode" and thus may not speak in or disrupt the proceedings. The recording, broadcasting or rebroadcasting of any part of the proceedings is strictly prohibited

        5.      This case has been designated for Electronic Case Filing (ECF). It is the responsibility of counsel to become familiar with and follow ECF procedures. Information regarding the ECF system can be found on the Court's web site at www.nysd.uscourts.gov.

        SO ORDERED.

Dated:        August 12, 2021

                                          Lewis A. Kaplan
                                      United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**Virginia L. Giuffre,**

      Plaintiff(s),      21-cv- 6702(LAK)

  v.

**Prince Andrew,**
*Duke of York, in his personal capacity*
*also known as*
Andrew Albert Christian Edward
        Defendant(s).
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>Consent Scheduling Order</u>

    Upon consent of the parties, it is hereby
    ORDERED as follows:

1.  No additional parties may be joined after _____.

2.  No amendments to the pleadings will be permitted after _____.

3.  The parties shall make required Rule 26(a)(2) disclosures with respect to:

   (a) expert witnesses on or before _____;

   (b) rebuttal expert witnesses on or before _____.

4.  All discovery, including any depositions of experts, shall be completed on or before _____.

5.  A joint pretrial order in the form prescribed in Judge Kaplan's individual rules shall be filed on or before _____.

6.  No motion for summary judgment shall be served after the deadline fixed for submission of the pretrial order.  The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pretrial order on time.

7.  If any party claims a right to trial by jury, proposed voir dire questions and jury instructions shall be filed with the joint pretrial order.

8.  Each party or group of parties aligned in interest shall submit not less than ten (10) days prior to trial (a) a trial brief setting forth a summary of its contentions and dealing with any legal and evidentiary problems anticipated at trial, and (b) any motions in limine.

9.  This scheduling order may be altered or amended only on a showing of good cause not foreseeable at the date hereof.  Counsel should not assume that extensions will be granted as a matter of routine.

Dated:

                   _____
                      Lewis A. Kaplan
                 United States District Judge

CONSENTED TO:  [signatures of all counsel]

JS 44C/SDNY
REV.
10/01/2020

Case 1:21-cv-06702-LAK   Document 2   Filed 08/09/21   Page 1 of 2

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS

VIRGINIA L. GIUFFRE

DEFENDANTS

PRINCE ANDREW, DUKE OF YORK, a/k/a ANDREW ALBERT CHRISTIAN EDWARD, in his personal capacity

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
David Boies
Boies Schiller Flexner LLP
333 Main Street, Armonk, NY 10504 (914) 749-8200

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. § 1332; 28 U.S.C. § 1391(b)(2); New York causes of action

Has this  action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No☐ Yes☑   Judge Previously Assigned

If yes, was this case  Vol.☐  Invol.☐   Dismissed.  No☐  Yes☐   If yes, give date _____ & Case No. _____

IS THIS AN INTERNATIONAL ARBITRATION CASE?   No ☒   Yes ☐

*(PLACE AN [x] IN ONE BOX ONLY)*   **NATURE OF SUIT**

**TORTS**   **ACTIONS UNDER STATUTES**

**CONTRACT**

[ ] 110   INSURANCE
[ ] 120   MARINE
[ ] 130   MILLER ACT
[ ] 140   NEGOTIABLE INSTRUMENT
[ ] 150   RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151   MEDICARE ACT
[ ] 152   RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153   RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160   STOCKHOLDERS SUITS
[ ] 190   OTHER CONTRACT
[ ] 195   CONTRACT PRODUCT LIABILITY
[ ] 196   FRANCHISE

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[X] 360 OTHER PERSONAL INJURY
[ ] 362 PERSONAL INJURY - MED MALPRACTICE

**PERSONAL INJURY**
[ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING

[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**
[ ] 463 ALIEN DETAINEE
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER

**FORFEITURE/PENALTY**

[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 690 OTHER

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION
[ ] 840 TRADEMARK

**LABOR**

[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 740 RAILWAY LABOR ACT
[ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA)
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT (ERISA)

**IMMIGRATION**

[ ] 462 NATURALIZATION APPLICATION
[ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**

[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

[ ] 880 DEFEND TRADE SECRETS ACT

**SOCIAL SECURITY**

[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**

[ ] 375 FALSE CLAIMS
[ ] 376 QUI TAM
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 485 TELEPHONE CONSUMER PROTECTION ACT

[ ] 490  CABLE/SATELLITE TV
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE

[ ] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 896 ARBITRATION
[ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

**REAL PROPERTY**

[ ] 210   LAND CONDEMNATION
[ ] 220   FORECLOSURE
[ ] 230   RENT LEASE & EJECTMENT
[ ] 240   TORTS TO LAND
[ ] 245   TORT PRODUCT LIABILITY
[ ] 290   ALL OTHER REAL PROPERTY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**

[ ] 440   OTHER CIVIL RIGHTS (Non-Prisoner)
[ ] 441   VOTING
[ ] 442   EMPLOYMENT
[ ] 443   HOUSING/ ACCOMMODATIONS
[ ] 445   AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446   AMERICANS WITH DISABILITIES -OTHER
[ ] 448   EDUCATION

**PRISONER CIVIL RIGHTS**

[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION
[ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT

Check if demanded in complaint:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____  OTHER _____

Check YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y. AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

JUDGE _____   DOCKET NUMBER_____

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

Case 1:21-cv-06702-LAK  Document 2  Filed 08/09/21  Page 2 of 2

*(PLACE AN x IN ONE BOX ONLY)* **ORIGIN**

[x] 1 Original
Proceeding

[ ] 2 Removed from
State Court

[ ] a. all parties represented

[ ] b. At least one party
is pro se.

[ ] 3 Remanded
from
Appellate
Court

[ ] 4 Reinstated or
Reopened

[ ] 5 Transferred from
(Specify District)

[ ] 6 Multidistrict
Litigation
(Transferred)

[ ] 7 Appeal to District
Judge from
Magistrate Judge

[ ] 8 Multidistrict Litigation (Direct File)

*(PLACE AN x IN ONE BOX ONLY)* **BASIS OF JURISDICTION**

[ ] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [ ] 3 FEDERAL QUESTION
(U.S. NOT A PARTY)   [x] 4 DIVERSITY

*IF DIVERSITY, INDICATE
CITIZENSHIP BELOW.*

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [x] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [x] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

12 Kylena Glade, Ocean Reef, Western Australia 6027

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Royal Lodge at Windsor Great Park, Berkshire, SL4 2JD, United Kingdom

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN
THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [x] MANHATTAN

DATE 8/9/2021    /s/ David Boies

SIGNATURE OF ATTORNEY OF RECORD

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED  Mo.09____ Yr. 1991____)
Attorney Bar Code # DB4399

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)



ROYAL MAIL

POSTAGE PAID GB
HQ65228

HIS HONOR   LEWIS A. KAPLAN PRIVATE + SENSITIVE



OFFICIAL COURT
DOCUMENTS

R   E   D

OCT 18 2021

JUDGE KAPLAN'S CHAMBERS



Return address:
Foreign Process Section
Room E16
Royal Courts of Justice
Strand
London WC2A 2LL