UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA L. GIUFFRE,<br><br>       *Plaintiff*,<br><br>v.<br><br>PRINCE ANDREW, DUKE OF YORK, a/k/a ANDREW ALBERT CHRISTIAN EDWARD, in his personal capacity,<br><br>       *Defendant.* | Case No. 1:21-cv-06702-LAK |

## PRINCE ANDREW'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF HIS MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, FOR A MORE DEFINITIVE STATEMENT

  Pursuant to Rule 201 of the Federal Rules of Evidence, defendant Prince Andrew, Duke of York ("Prince Andrew") respectfully requests that the Court take judicial notice of the exhibits described herein in connection with his concurrently filed Motion To Dismiss, or in the Alternative, for a More Definitive Statement. For the Court's convenience, these documents are grouped together into several categories: (a) the 2009 Settlement and General Release; (b) pleadings and other documents publicly filed in related actions; and (c) published news articles.

  In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court generally must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated into the complaint by reference. However, a court may also consider matters of which judicial notice may be taken under Rule 201 of the Federal Rules of Evidence. *Staehr v. Hartford Fin. Servs. Grp.*, 547 F.3d 406, 425 (2d Cir. 2008); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir.

1

7144-2

1991); *see also* Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceeding.").

Under the Federal Rules of Evidence, a district court may take judicial notice of a fact that is not subject to reasonable dispute because it either is "generally known within the trial court's territorial jurisdiction," or can be "accurately and readily determined from sources whose accuracy cannot reasonable be questioned. Fed. R. Evid. 201(b)(1)-(2). Further, the Rules of Evidence **require** the Court to take judicial notice "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2); *Effie Film, LLC v. Pomerance*, 909 F. Supp. 2d 273, 298 (S.D.N.Y. 2012). Courts routinely take judicial notice of documents filed in other courts—not for the truth of the matters asserted in the other litigation—but rather to establish the fact of such litigation and related filings. *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006); *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir.1998); *Kramer*, 937 F.2d at 774.

Accordingly, the Court must take judicial notice of the following documents publicly filed in this Court and in other federal courts in the United States:

A.     **2009 Settlement and Release Agreement (Exhibit A)**

On May 1, 2009, using the pseudonym Jane Doe No. 102, plaintiff Virginia Giuffre sued Jeffrey Epstein in the U.S. District Court for the Southern District of Florida in an action styled, *Jane Doe No. 102 v. Epstein*, No. 09-cv-80656-KAM (S.D. Fla. May 1, 2009) (the "Epstein Action"). Plaintiff and Epstein settled the case in November 2009. As part of the settlement, plaintiff agreed to release Epstein and numerous other individuals and entities from any and all liability arising from their alleged misconduct. That 2009 Settlement and General Release Agreement (the "Release Agreement"), a true and correct copy of which is attached hereto as **Exhibit A**, is dispositive of this action, in that it provides a complete release of any claims and/or potential claims that Plaintiff could have asserted against Prince Andrew.

In light of this same Release Agreement, Plaintiff ***voluntarily dismissed*** her battery claims against Epstein's former attorney, Alan Dershowitz, that she asserted in the parallel

7144-2

proceeding pending before Judge Preska, *Giuffre v. Dershowitz*, No. 19-cv-03377-LAP (S.D.N.Y. Aug. 16, 2021) (the "Dershowitz Action") [ECF No. 331].  A copy of the Release Agreement also was filed in the Dershowitz Action. *See Dershowitz*, No. 19-cv-03377-LAP (S.D.N.Y. Sept. 8, 2021) [ECF Nos. 334-1 (sealed), 335-1 (redacted)], and accordingly, is an appropriate subject of judicial notice here. "Settlement agreements are documents of which a court may take judicial notice in order to determine whether future claims are barred by a previous settlement."  *Deylli v. Novartis Pharm. Corp.*, No. 13-cv-06669 (NSR), 2014 WL 2757470, at *4 (S.D.N.Y. June 16, 2014) (taking judicial notice of settlement agreement in a related case).

      **B.**      <u>**Pleadings and Other Publicly Filed Documents**</u>

The Court must take judicial notice of pleadings filed in other cases in deciding a motion to dismiss without converting that motion into a motion for summary judgment. *See Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of a complaint filed in another action as a public record pursuant to Federal Rule of Evidence 201(b)); *see also Anderson v. Rochestor-Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 205 n.4 (2d Cir. 2003) (noting that courts may take judicial notice of filings in other cases); *Ndremizara v. Swiss Re Am. Holding Corp.*, 93 F. Supp. 3d 301, 314 (S.D.N.Y. 2015) ("The Court may take judicial notice of pleadings filed in other cases in deciding a motion to dismiss without converting that motion into a motion for summary judgment."); *Glob. Network Commc'ns, Inc.*, 458 F.3d at 157 ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation but rather to establish the fact of such litigation and related filings.").

      **1.**      **The Complaint Filed in the Epstein Action (Exhibit B)**

The Release Agreement must be read alongside and in conjunction with the complaint that Plaintiff filed in the Epstein Action, *see Epstein*, No. 09-cv-80656-KAM (S.D. Fla. May 1, 2009) [ECF No. 1], a true and correct copy of which is attached hereto as **Exhibit B**.  The allegations in the Epstein Action specifically refer to Plaintiff being "required to be sexually exploited by [Epstein]'s adult male peers, ***including royalty***, politicians, academicians,

3

businessmen, and/or other professional and personal acquaintances." (Emphasis added.) This allegation—regardless of its veracity—confirms that as of the date she entered into the Release Agreement, Plaintiff could have asserted claims and/or potential claims against Prince Andrew and others, all of which ultimately were released by virtue of the Release Agreement.

### 2.   Stipulation of Dismissal Filed in the Epstein Action (Exhibit C)

Attached hereto as **Exhibit C** is a true and correct copy of the Stipulation of Dismissal with Prejudice and Proposed Order filed in the Epstein Action. *See Epstein*, No. 09-cv-80656-KAM (S.D. Fla. Dec. 7, 2009) [ECF Nos. 64 and 64-1].

### 3.   Order of Dismissal Filed in the Epstein Action (Exhibit D)

Attached hereto as **Exhibit D** is a true and correct copy of the Order of Dismissal, with Prejudice, entered in the Epstein Action. *See Epstein*, No. 09-cv-80656-KAM (S.D. Fla. Dec. 8, 2009) [ECF No. 65].

### 4.   Order Entered in the CVRA Action (Exhibit E)

Attached hereto as **Exhibit E** is a true and correct copy of the order denying Plaintiff's Motion To Intervene and striking portions of Plaintiff's motion filed in *Jane Doe 1 v. United States*, No. 08-cv-80736 (S.D. Fla. Apr. 7, 2015) (the "CVRA Action") [ECF No. 324].

### 5.   Complaint Filed in the Maxwell Action (Exhibit F)

Attached hereto as **Exhibit F** is a true and correct copy of the complaint Plaintiff filed in *Giuffre v. Maxwell*, No. 15-cv-07433-LAP (S.D.N.Y. Sept. 21, 2015) (the "Maxwell Action") [ECF No. 1].

### 6.   Amended Complaint Filed in the Dershowitz Action (Exhibit G)

Attached hereto as **Exhibit G** is a true and correct copy of the amended complaint Plaintiff filed in the Dershowitz Action, *see Dershowitz*, No. 19-cv-03377-LAP (S.D.N.Y. Apr. 15, 2020) [ECF No. 117].

### 7. Stipulation and Order Entered in the Dershowitz Action (Exhibit H)

Attached hereto as **Exhibit H** is a true and correct copy of the stipulation and order of dismissal, with prejudice, entered in the Dershowitz Action, *see Dershowitz*, No. 19-cv-03377-LAP (S.D.N.Y. Aug. 16, 2021) [ECF No. 331].

### 8. Plaintiff's Motion for Joinder in the CVRA Action (Exhibit I)

Attached hereto as **Exhibit I** is a true and correct copy of the Motion for Joinder that Plaintiff filed in the CVRA Action, *see Jane Doe 1*, No. 08-cv-80736 (S.D. Fla. Feb. 6, 2015) [ECF No. 311]. A copy of this joinder motion also was filed as an exhibit in the Dershowitz Action, *see Dershowitz*, No. 19-cv-03377-LAP (S.D.N.Y. Sept. 8, 2021) [ECF 335-3].

### C. Published News Articles and Plaintiff's Manuscript

While Prince Andrew does not request that the Court take judicial notice of the truth of the reporting itself in the following published news articles, he respectfully requests that the Court take judicial notice of the articles themselves and the fact that Plaintiff's allegations, as set forth therein, are ever evolving. *See Staehr*, 547 F.3d at 425 ("It is proper to take judicial notice of the fact that press coverage, prior lawsuits, or regulatory filings contained certain information, without regard to the truth of their contents."); *see also LC Capital Partners, LP v. Frontier Ins. Grp.*, 318 F.3d 148, 155 (taking judicial notice of press coverage and prior litigation); *accord DeBenedictis v. Merrill Lynch & Co.*, 492 F.3d 209, 214 (3d Cir. 2007) (taking judicial notice of *USA Today* and *Time Magazine* articles submitted by defendants).

Likewise, the Court may take judicial notice of Plaintiff Manuscript and the contents thereof. *Christa McAuliffe Intermediate Sch. PTO, Inc. v. de Blasio*, 364 F. Supp. 3d 253, 263-64 (S.D.N.Y. 2019) (2d Cir. 2019) (citing Rule 201(b)(2) of the Federal Rules of Evidence and holding that the Court, *sua sponte*, could take judicial notice of the contents of an interview because the statements made therein "can be accurately and readily determined"), *aff'd*, 788 F. App'x 85 (2d Cir. 2019) (Mem.).

7144-2

1.   **March 2, 2011** *Daily Mail* **Article (Exhibit J)**

Attached hereto as **Exhibit J** is a true and correct copy of the March 2, 2011 *Daily Mail* article by Susan Churcher entitled *Prince Andrew and the 17-year-old girl his sex offender friend flew to Britain to meet him*.  This article was filed as an exhibit in the Maxwell Action, *see Maxwell*, No. 15-cv-07433-LAP (S.D.N.Y. June 16, 2016) [ECF No. 216-2], and in the intervenor appeal of that action, *Giuffre v. Maxwell*, No. 18-2868 (2d Cir. Aug. 9, 2019) (the "Maxwell Appeal") [ECF No. 278, Ex. A].

2.   **March 5, 2011** *Daily Mail* **Article (Exhibit K)**

Attached hereto as **Exhibit K** is a true and correct copy of the March 5, 2011 *Daily Mail* article by Ms. Churcher and Polly Dunbar entitled *Teenage girl recruited by paedophile Jeffrey Epstein reveals how she twice met Bill Clinton*.  This article was filed an exhibit in the Maxwell Action, *see Maxwell*, No. 15-cv-07433-LAP (S.D.N.Y. June 15, 2016) [ECF No. 216-3], and in the Maxwell Appeal, *see Maxwell*, No. 18-2868 (2d Cir. Aug. 9, 2019) [ECF No. 278, Ex. B].

3.   **Plaintiff's Manuscript (Exhibit L)**

Attached hereto as **Exhibit L** is a true and correct copy of the manuscript entitled *The Billionaire's Playboy Club* that Plaintiff wrote under the name Virginia Roberts.  This manuscript was filed as an exhibit in the Maxwell Appeal, *see Maxwell*, No. 18-2868 (2d Cir. Aug. 9, 2019) [ECF No. 278, Ex. KK].

4.   **January 3, 2015** *Daily Mail* **Article (Exhibit M)**

Attached hereto as **Exhibit M** is a true and correct copy of the January 3, 2015 *Daily Mail* article by Ms. Churcher entitled *WORLD EXCLUSIVE: The first full account of the masseuse at the center of the explosive Prince Andrew 'sex slave' drama . . . but is she telling the truth?* This article was referenced in several filings in the Maxwell Action and in the Maxwell Appeal.  *See, e.g.*, *Maxwell*, No. 15-cv-07433-LAP (S.D.N.Y. Jan. 31, 2017) [ECF No. 586]; *Maxwell*, No. 18-2868 (2d Cir. Aug. 9, 2019) [ECF No. 281 at p. 27].

7144-2

### 5.     March 1, 2015 *New York Daily News* Article (Exhibit N)

Attached hereto as **Exhibit N** is a true and correct copy of the March 1, 2015 *New York Daily News* article by Rich Shapiro and Oren Yaniv entitled *Jeffrey Epstein accuser was not a sex slave, but a money-hungry sex kitten, former friends say*.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: October 29, 2021<br>Los Angeles, California | LAVELY & SINGER, P.C.<br><br>s/ Andrew B. Brettler<br>Andrew B. Brettler (AB2662)<br>Melissa Y. Lerner (*pro hac vice*)<br>2049 Century Park East, Suite 2400<br>Los Angeles, California 90067<br>Telephone: (310) 556-3501<br>abrettler@lavelysinger.com<br>mlerner@lavelysinger.com<br><br>*Attorneys for Prince Andrew, Duke of York* |

7144-2