

Sigrid S. McCawley<br>
Telephone: (954) 377-4223<br>
Email: smccawley@bsfllp.com

November 26, 2021

**VIA ECF**
Hon. Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007-1312

Re: *Giuffre v. Prince Andrew, Duke of York*, Case No. 21-cv-06702-LAK

Dear Judge Kaplan:

  We represent the Plaintiff in the above-captioned matter. In connection with Plaintiff's forthcoming opposition to Defendant's motion to dismiss, we respectfully request leave to file two documents under seal.

  First, Plaintiff requests leave to redact portions of Plaintiff's memorandum of law in opposition to Defendant's motion that refer to or quote from Plaintiff's 2009 settlement agreement with Jeffrey Epstein. Defendant requested, and was granted, leave to file this document under seal in connection with his motion to dismiss, as the document is currently governed by a protective order in *Giuffre v. Dershowitz*, Case No. 19-cv-3377 (LAP). *See* ECF Nos. 28, 29.

  Second, Plaintiff requests leave to file under seal the release that she executed in connection with her 2020 settlement with Epstein's Estate through the Epstein Victims' Compensation Fund. The 2020 release meets the standard for sealing set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under *Lugosch*, the common law right of access attaches to "judicial documents," and "[i]n order to be designated a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id*. at 119 (internal quotation marks omitted). The weight of the presumption of access to judicial documents is governed by "the degree of judicial reliance on the document in question and the relevance of the document's specific contents to the nature of the proceeding." *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 166–67 (2d Cir. 2013). The court must then balance the weight of that presumption against "competing considerations," including "the privacy interests of those resisting disclosure." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

  Plaintiff's opposition brief will explain that (1) the Court cannot consider the 2009 release on a motion to dismiss because it is outside the four corners of the Complaint, and (2) even if it could consider the 2009 release, its plain language demonstrates that it does not cover claims against Prince Andrew. Plaintiff intends to submit the 2020 release for the limited purpose of showing, in the alternative, that factual questions would remain concerning the parties' intent; the 2009 release was modified by the 2020 release; and the 2020 release demonstrates abandonment of the 2009 release. Accordingly, because the Court may not need to consider the 2020 release at all in deciding Defendant's motion, only a weak presumption of access applies. *See, e.g.*, *City of*

The Honorable Lewis A. Kaplan
November 26, 2021
Page **2** of **2**

*Almaty, Kazakhstan v. Ablyazov*, No. 15-CV-5345 (AJN), 2021 WL 1177737, at *2 (S.D.N.Y. Mar. 29, 2021) (granting motion to seal settlement agreement because document was "essentially irrelevant to the summary judgment motion, and the Court did not consider" it).

      Competing privacy interests also necessitate sealing of the 2020 release.  In agreeing to settle her claims through the Epstein Victims' Compensation Program, Plaintiff was promised that the terms of her 2020 settlement with Epstein's Estate would remain confidential.  *See, e.g.*, *Volkswagen Grp. of Am., Inc. v. N. Am. Auto. Servs., Inc.*, No. CV2015319MCALDW, 2021 WL 1413391, at *1 (D.N.J. Feb. 1, 2021) (finding that settlement agreement was a judicial document because court was asked to interpret it, but granting motion to seal because "plaintiff bargained for a confidentiality provision, as well as the right to enforce that provision, when negotiating the terms of the Settlement Agreement"); *HSG, LLC v. Edge-Works Mfg. Co*., No. 7:18-CV-00166-FL, 2019 WL 8348802, at *1 (E.D.N.C. June 21, 2019) ("[T]he confidential nature of the Settlement Agreement, and any reference to the confidential terms of the Settlement Agreement in the Response [to the defendant's motion to dismiss], outweighs the public's right to access this document."); *Schoeps v. Museum of Mod. Art*, 603 F. Supp. 2d 673, 676 (S.D.N.Y. 2009) ("[T]he Second Circuit strongly endorses the confidentiality of settlement agreements in virtually all cases.").

      Further, the 2020 release contains the names of nonparties that Plaintiff did not release, and whether Plaintiff's allegations against some of those individuals should be unsealed is currently being considered as part of the unsealing process proceeding in *Giuffre v. Maxwell*, 15-cv-7433 (LAP).  Some of those nonparties have submitted objections to the unsealing of Plaintiff's allegations about them in *Giuffre v. Maxwell* based on privacy interests, which the Court in that matter is still considering. *See Maxwell*, ECF No. 1233.

      Should the Court find that sealing the 2020 release in its entirety is not appropriate, Plaintiff requests in the alternative that she be permitted to file a version that redacts: (1) the amount she was compensated in connection with the Epstein Victims' Compensation Program, and (2) the names of nonparties that Plaintiff did not release.  This information bears no conceivable relevance to Defendant's motion.

      Respectfully yours,

      /s/ Sigrid McCawley
      Sigrid McCawley