# Exhibit B

 Neutral

As of: November 19, 2021 4:28 PM Z

# MLR Inv. Group, LLC v. Pate Ins. Agency, Inc.

United States District Court for the Middle District of Georgia, Valdosta Division

December 19, 2012, Decided; December 19, 2012, Filed

Civil Action No. 7:12-CV-118 (HL)

**Reporter**
2012 U.S. Dist. LEXIS 179035 *

MLR INVESTMENT GROUP, LLC and GILBERTO MARTINEZ, Plaintiffs, v. PATE INSURANCE AGENCY, INC., Defendant.

**Subsequent History:** Summary judgment granted by MLR Inv. Group, LLC v. Pate Ins. Agency, Inc., 2013 U.S. Dist. LEXIS 146512 (M.D. Ga., Oct. 10, 2013)

## Core Terms

motion to dismiss, judicial notice, convert, summary judgment

**Counsel:** [*1] For MLR INVESTMENT GROUP LLC, GILBERTO MARTINEZ, Plaintiffs: GLENN LOEWENTHAL, LEAD ATTORNEY, ATLANTA, GA.

For PATE INSURANCE AGENCY INC, Defendant: J. Holder Smith, Jr., Valdosta, GA.

**Judges:** HUGH LAWSON, SENIOR UNITED STATES DISTRICT JUDGE.

**Opinion by:** HUGH LAWSON

## Opinion

### ORDER

This case is before the Court on Defendant's Motion to Dismiss Plaintiffs' Complaint (Doc. 6) and Defendant's Motion for the Court to Take Judicial Notice of the Agency Agreement Between Defendant and State Farm Fire and Casualty Company, or in the Alternative, Motion for Court to Consider Extrinsic Materials (Doc. 16). For the reasons discussed herein, both motions are denied.

### I. FACTS

Plaintiff MLR Investment Group, LLC ("MLR") owns certain real property located at 2763 Howell Road, Valdosta, Georgia. (Compl., ¶ 1). Plaintiff Gilberto Martinez ("Martinez") is the sole member in MLR and is the named insured on a policy of homeowners insurance which insured the Howell Road property. (Compl., ¶ 2).

Since September 11, 2009, the Howell Road property was insured by State Farm through Defendant Pate Insurance Agency, Inc. (Compl., ¶ 5). The policy originally issued by State Farm was a homeowners' insurance policy with an expiration date of September [*2] 11, 2010, and a deductible of $1,000. (Compl., ¶ 6). In January of 2010, Plaintiffs rented out the property. (Compl., ¶ 7). When it was time for the insurance policy to be renewed in September of 2010, Plaintiffs told Defendant the property was being used as a rental property and asked that the policy be changed

accordingly. (Compl., ¶¶ 8-9). Defendant told Plaintiffs that by increasing the deductible, the property would be covered. (Compl., ¶ 10). State Farm issued a renewal policy on September 11, 2010, with the only change being an increased deductible of $5,000. (Compl., ¶¶ 11-12).

In November of 2010, Martinez found that the renters had substantially destroyed the interior of the house in order to grow marijuana. (Compl., ¶¶ 15-16). Plaintiffs filed a claim with State Farm, but were told in July of 2012 that the claim was not covered because the property was being used as a rental property and the loss was not covered by the homeowners' policy in place. (Compl., ¶¶ 17, 19).

On August 29, 2012, Plaintiffs filed a two-count lawsuit against Defendant, alleging negligence and requesting statutory attorney's fees. Plaintiffs contend that Defendant was negligent in failing to procure [*3] the correct insurance coverage for Plaintiffs. Defendant subsequently filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant contends that Plaintiffs have failed to state a claim upon which relief can be granted. Defendant has also filed a motion requesting that the Court take judicial notice of an agent's agreement and the State Farm insurance policy, or in the alternative, that the Court consider these documents as extrinsic evidence pursuant to Federal Rule of Civil Procedure 12(d).

## II. MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 8(a) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the plaintiff's claim is . . . and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting Fed.R.Civ.P. 8(a)(2)). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. The court must accept the allegations in the complaint as true, and the facts must be construed in the light most favorable [*4] to the plaintiff. Lopez v. Target Corp., 676 F.3d 1230, 1232 (11th Cir. 2012). "When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto." Thaeter v. Palm Beach Cnty. Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006) (quotations omitted).

## III. ANALYSIS

### A. Motion for the Court to Take Judicial Notice

Defendant's main argument in its motion to dismiss is that it cannot be held liable because it is a captive agent of State Farm, a relationship that is reflected in the agent's agreement between Defendant and State Farm. The agent's agreement, however, is not attached to Plaintiffs' complaint, and is not mentioned in any way in Plaintiffs' complaint. Defendant requests that the Court take judicial notice of the agent's agreement.

"A district court may take judicial notice of facts capable of accurate and ready determination by using sources whose accuracy cannot reasonably be questioned, including public records." Chinn v. PNC Bank, N.A., 451 F.App'x 859, 860 n. 1 (11th Cir. 2012).[1] The agent's

---

[1] "[T]he kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." Shahar v. Bowers, 120 F.3d 211, 214 (11th Cir. 1997).

agreement is not a matter of public record, as is reflected by the fact Defendant moved to file it under seal. Defendant [*5] is asking the Court to take its word that this document is authentic and accurate and was in effect at the time of the events outlined in Plaintiffs' complaint. "In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite." United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994). Based on the record before it, the Court does not find the agent's agreement or the information contained therein to be indisputable. Thus, the request to take judicial notice of the agent's agreement is denied.

In the alternative, Defendant asks that the Court convert the motion to dismiss to a Rule 56 motion for summary judgment and consider the policy and agent's agreement as extrinsic evidence. Rule 12(d) of the Federal Rules of Civil Procedure states that when matters outside of the pleadings are presented to the [*6] Court on a Rule 12(b)(6) motion and are not excluded by the court, the motion must be treated as one for summary judgment. Fed.R.Civ.P. 12(d). The Court has discretion as to whether to convert a Rule 12(b) motion into a Rule 56 motion. In this particular case, the Court declines to convert the motion. This case is in its infancy, and discovery has not commenced. [2] Plaintiffs have not had the opportunity to challenge the documents presented by Defendant. The Court finds it inappropriate to engage in a summary judgment analysis at this time. Thus, Defendant's motion for the Court to convert the motion to dismiss is denied.

There is one other exception to the rule limiting the Court's consideration to just the complaint and attached exhibits in ruling on a motion to dismiss, and it affects the State Farm insurance policy, policy number 81-BP-Z904-3. (See Doc. 16-1). The Court [*7] may consider a document outside of the pleadings on a motion to dismiss without converting the motion into one for summary judgment if the document is (1) central to the plaintiff's claim; and (2) undisputed. Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002). While the State Farm policy was not attached to Plaintiffs' complaint, it is referenced in the complaint. The Court may consider the State Farm policy in deciding the motion to dismiss without converting it to a summary judgment motion because the policy is central to Plaintiffs' claims and its authenticity is not disputed. [3]

B. Motion to Dismiss

The first argument set forth by Defendant as to why Plaintiffs' complaint should be dismissed is centered on Defendant's contention that it is a captive agent of State Farm. However, as that fact is not alleged in Plaintiffs' complaint, and the Court declines to consider the agent's agreement for the reasons outlined above, it cannot be the basis for dismissing Plaintiffs' complaint.

Defendant's remaining arguments go to the merits of

---

[2] As a side note, Plaintiffs' grumble about discovery being stayed is unwarranted. Plaintiffs were given the standard 21 days to respond to the motion and did not bother to file a response. In the Court's eyes, Plaintiffs lost any right to complain about a stay of discovery when they decided not to oppose the request.

[3] Because the agent's agreement is central to Defendant's defense, rather than Plaintiffs' claims, the Court will not consider the agreement under this exception. See W. Refining Yorktown, Inc. v. BP Corp. N. Am., Inc., 618 F.Supp.2d 513, 528 n. 18 (E.D. Va. 2009) (declining to consider documents that were directly pertinent to a defense to the complaint, not the claims set forth in the complaint); In re Cree, Inc. Sec. Litig., 333 F.Supp.2d 461, 470 (M.D.N.C. 2004) (declining to take judicial notice of, or consider, public documents at the Rule 12(b)(6) stage that allegedly supported the defendants' statute [*8] of limitation defense).

Plaintiffs' case. But whether Plaintiffs can ultimately win is not the question at the motion to dismiss stage. "A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Accordingly, a well pleaded complaint will survive a motion to dismiss 'even if it appears that a recovery is very remote and unlikely.'" *Deuel v. Santander Consumer USA, Inc., 700 F.Supp.2d 1306, 1309 (S.D. Fla. 2010)* (quoting *Twombly, 550 U.S. at 555-56*). Plaintiffs have alleged enough to move on to the discovery phase of the case. Of course, this finding in no way means Plaintiffs will ultimately prevail or even survive summary judgment, but dismissal [*9] is not warranted at this stage. The case will be decided on the merits.

### III. CONCLUSION

Defendant's Motion to Dismiss Plaintiffs' Complaint (Doc. 6) and Motion for the Court to Take Judicial Notice of the Agency Agreement Between Defendant and State Farm Fire and Casualty Company, or in the alternative, Motion for Court to Consider Extrinsic Materials (Doc. 16) are both denied.

The parties are to confer and submit a Rules 16 and 26 discovery report no later than January 4, 2013. (*See* Doc. 8, Rules 16/26 Order, entered September 28, 2012).

**SO ORDERED**, this the 19th day of December, 2012.

*/s/ Hugh Lawson*

**HUGH LAWSON, SENIOR JUDGE**

End of Document