

November 29, 2021

**VIA CM/ECF**

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Giuffre v. Prince Andrew, Duke of York*, No. 1:21-cv-06702-LAK (S.D.N.Y.)
              Letter-Motion for Leave for CHILD USA to File Brief as *Amicus Curiae*

Dear Judge Kaplan:

      I represent CHILD USA and respectfully submit this letter motion pursuant to Your Honor's Individual Practices and Section 13.1 of the ECF Rules and Instructions. For the reasons set forth below, CHILD USA respectfully requests leave to file a brief as *amicus curiae* in support of the constitutionality of the Child Victims Act. A copy of our proposed brief is attached hereto as Exhibit A.

      This Court should grant CHILD USA leave to file a brief as *amicus curiae* for the following reasons:

      1.     CHILD USA is the leading national non-profit think tank working to end child abuse and neglect in the United States. CHILD USA engages in high-level legal, social science, and medical research and analysis to derive the best public policies to end child abuse and neglect. Distinct from an organization engaged in the direct delivery of services, CHILD USA produces evidence-based solutions and information needed by policymakers, youth-serving organizations, the media, and the public to increase child protection and the common good.

      2.     As CHILD USA's founder and CEO, I am one of the foremost constitutional law scholars on revival laws, and have advised state governors, legislatures, and judiciaries on the constitutionality of revival window laws for claims involving child sex abuse throughout the country, including in New York state, where I was a law professor at Benjamin N. Cardozo School of Law for 26 years. CHILD USA's interest in this case stems largely from my 16 years of work that was integral to the passage of the Child Victims Act ("CVA") in New York state.

      3.     CHILD USA is the premier organization in the United States in tracking and studying child sex abuse statutes of limitations ("SOLs") as part of its Sean P. McIlmail SOL Reform Institute. CHILD USA has submitted briefs of *amicus curiae* before many courts in the interest of child protection, including in cases involving revival windows for child sex abuse

    www.childusa.org   |   3508 Market Street, Suite 202   |   Philadelphia, PA 19104   |   info@childusa.org   |   215.539.1906



Letter-Motion re *Amicus* Brief
November 29, 2021
Page 2

claims.  *See Amicus Advocacy*, CHILDUSA.ORG (last visited Nov. 12, 2021), *available at* https://www.childusa.org/amicus-advocacy.

4. In the United States District Court for the Southern District of New York ("S.D.N.Y."), "[t]here is no governing standard, rule or statute prescribing the procedure for obtaining leave to file an *amicus* brief in the district court." *Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, Nos. 12 Civ. 7935 (ALC) (HBP), 12 Civ. 7942 (ALC) (HBP), 12 Civ. 7943 (ALC) (HBP), 2014 WL 265784, at *1 (S.D.N.Y. Jan. 23, 2014) (quoting *Onandaga Indian Nation v. State of N.Y.*, No. 97-CV-445, 1997 WL 369389, at *2 (N.D.N.Y. June 25, 1997)). As such, the decision to grant leave to file a brief of *amicus curiae* is in the firm "discretion" of the S.D.N.Y. *United States v. Yaroshenko*, 86 F. Supp. 3d 289, 290 (S.D.N.Y. 2015) (quoting *United States v. Ahmed*, 788 F. Supp. 196, 198 (S.D.N.Y.), *aff'd*, 980 F.2d 161 (2d Cir. 1992)). *See also Jamaica Hosp. Med. Ctr., Inc. v. United Health Grp., Inc.*, 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008). Nevertheless, the S.D.N.Y. has "look[ed] to the Federal Rules of Appellate Procedure, which does provide a rule for the filing of an *amicus* brief, and also considers the instances when an *amicus* brief serves a laudable, rather than distractive, purpose." *Lehman*, 2014 WL 265784, at *1.

5. Under Federal Rule of Appellate Procedure 29(b), a party seeking leave to appear as *amicus curiae* must state: "(A) the movant's interest; and (B) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(3). "The usual rationale for *amicus curiae* submissions is that they are of aid to the court and offer insights not available from the parties." *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. and N.J.*, No. 11 Civ. 6746 (RJH), 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011) (citing *United States v. El–Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994)). "An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case … or when the *amicus* has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide." *Lehman*, 2014 WL 265784, at *2 (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)). *See also Women for Am. First v. De Blasio*, No. 20 Civ. 5746 (LGS), 2020 WL 4904057, at *2 (S.D.N.Y. Aug. 18, 2020).

6. CHILD USA's interests in this case are directly correlated with its mission to eliminate barriers to justice for child sex abuse victims who have been harmed by individuals and institutions. This case will have immediate and broad implications on thousands of child sex abuse cases that are now pending in New York state and federal courts, which were filed by survivors while the N.Y. C.P.L.R. § 214-g revival window was open, both during the initial one-year window and during the one-year extension due to COVID-19. New York's revival window statute is important to CHILD USA as the statute allowed child sex abuse victims to expose hidden perpetrators to the public, shifts the cost of abuse from victims to those who perpetrated and enabled the abuse, and ultimately educates the public and helps prevent future abuse.





Letter-Motion re *Amicus* Brief
November 29, 2021
Page 3

      7.    Moreover, CHILD USA has legal and social science expertise that can help the Court determine the constitutional question at issue in this case.  CHILD USA is uniquely positioned to provide this Court with: (i) research and analysis of the science of delayed disclosure by survivors of their abuse; (ii) the national landscape on constitutional challenges to revival laws for state child sex abuse claims, including in New York state; (iii) the compelling public interest in revival of expired civil SOLs; and (iv) the effects of the revival laws on public safety.

      8.    CHILD USA's brief will assist the Court in evaluating the constitutionality of the Child Victims Act revival window provision, N.Y. C.P.L.R. § 214-g, under the Due Process Clause of the New York Constitution.  In particular, CHILD USA, as an *amicus curiae*, would be able to explain: (1) Why it was practically impossible for countless survivors of child sex abuse in New York state to file civil claims within the prior SOLs based on the science of delayed disclosure of abuse and trauma; (2) how the revival window and the one-year extension were reasonable responses to remedy the longstanding injustice of unreasonably short SOLs for child sexual abuse claims and to combat the unprecedented barriers to survivors' access to justice during the COVID-19 pandemic; and (3) the national overview of the constitutionality of revival laws for child sex abuse claims across the United States.

      9.    CHILD USA sought consent to appear as *amicus* in this matter from counsel for both parties.  Plaintiff consents to the filing of CHILD USA's brief, and Defendant does not consent.

      10.    No counsel to the parties in this matter authored this brief in whole or in part, nor has any person contributed money that was intended to fund the preparation or submission of this brief.

      For all of these reasons, CHILD USA respectfully requests that the Court grant it leave to file the attached brief *amicus curiae*.

      Respectfully submitted,

*/s/ Marci A. Hamilton*

Marci A. Hamilton, Esq.
*Founder & CEO*, CHILD USA
3508 Market Street, Suite 202
Philadelphia, Pennsylvania 19104
Telephone: (215) 539-1906
Hamilton.marci@gmail.com

