UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
VIRGINIA L. GIUFFRE,

                      Plaintiff,

              -against-                                  21-cv-6702 (LAK)

PRINCE ANDREW, Duke of York, in his personal capacity,
also known as Andrew Albert Christian Edward,

                      Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED:** 12/16/21

## ORDER GRANTING IN PART AND
## DENYING IN PART REQUEST FOR JUDICIAL NOTICE

LEWIS A. KAPLAN, *District Judge.*

        Defendant has requested that the Court take judicial notice of (1) a document entitled Settlement Agreement and General Release, said to have been executed by the plaintiff and filed under seal both in No. 19-3377 and in this case. No. 19-3377 (LAP), Dkt. 334-1; No.21-cv-6702 (LAK) (the "Document"); (2) pleadings and orders filed in a number of other actions; (3) a number of newspaper articles, and (4) what defendant claims is a manuscript written by plaintiff. Dkt. 32. The Document is Exhibit A to the request, the pleadings and orders Exhibits B through H, the newspaper articles Exhibits I, J, K, M and N, and the alleged manuscript Exhibit L.

        There is no proper basis at all for taking judicial notice of the newspaper articles or the alleged manuscript, which appear to have been submitted for whatever public relations purposes defendant's advisors may have had in mind. There is no need for a formal request to take judicial notice of the pleadings in other actions, as the Court can and will take judicial notice of any that ultimately prove to be appropriately considered in resolving defendant's motion to dismiss. What remains therefore is the Document.

        The Document on its face appears to be an agreement executed twelve years ago by the plaintiff in this action and the late Jeffrey Epstein. Defendant's pending motion asserts that it contains a release of plaintiff's claims against the defendant and therefore is dispositive of this case.

        Plaintiff opposes the taking of judicial notice of the Document, but argues in the alternative that it would not be dispositive of this case in any event. The latter contention will be dealt with in connection with the motion to dismiss scheduled for argument on January 4, 2022.

This ruling is limited to the question of judicial notice.

Plaintiff's opposition to judicial notice of the Document does not dispute that the Document is exactly what it purports to be – a true copy of an agreement executed by both the plaintiff, Ms. Giuffre, and the late Jeffrey Epstein. She raises no question as to its authenticity. Rather, she objects on the ground that the defendant "asks the Court to take judicial notice of much more than the mere existence of the [Document] – he also asks the Court to take judicial notice of what he claims to be the truth of the [Document]'s contents." Dkt. 43, at 8. She even goes so far as to contend that the Court, were it to consider the Document on the motion to dismiss, would have to convert that motion into a motion for summary judgment. *Id.* at 8 n.3. And she even argues that the Document is not a proper subject of judicial notice because it has been filed under seal as distinguished from having been filed on the public record.

The plaintiff's resistance to judicial notice of the Document is completely without merit. The Document is a signed legal instrument. The Court is asked to take notice only of its existence, its authenticity, and the words it contains – not its legal effect and not the truth of any of its "statements," meaning something "intended as an assertion."[1] In the absence of any contention that the Document is not authentic or that its content somehow is more or less than precisely the words and the sequence of those words that appear on it – and there is no such contention – there is no substantial reason not to take judicial notice of it. All questions as to whether it has any legal effect and, if so, precisely what that effect is will be determined later.

I have considered plaintiff's other arguments in opposition to judicial notice of the Document for the limited purpose stated above and reject them.

Defendant's request to take judicial notice is granted with respect of Dkt. 32, Ex.A and denied in all other respects. The denial insofar as it concerns B through H is without prejudice to the Court taking judicial notice of some or all of them insofar as it considers any of them proper matters for consideration on the pending motion to dismiss.

SO ORDERED.

Dated:   December 16, 2021

/s/   Lewis A. Kaplan
--------------------------------
Lewis A. Kaplan
United States District Judge

---

[1] *See* Fed. R. Evid. 801(a).