UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **VIRGINIA L. GIUFFRE,**<br><br>    *Plaintiff*,<br><br>v.<br><br>**PRINCE ANDREW, DUKE OF YORK,** **a/k/a ANDREW ALBERT CHRISTIAN EDWARD, in his personal capacity,**<br><br>    *Defendant.* | Case No. 1:21-cv-06702-LAK |

**MOTION TO COMPEL LIMITED JURISDICTIONAL DISCOVERY REGARDING PLAINTIFF'S DOMICILE AND TO STAY ALL OTHER DISCOVERY UNTIL THE ISSUE OF SUBJECT MATTER JURISDICTION IS ADJUDICATED**

Andrew B. Brettler (AB2662)
Melissa Y. Lerner (*pro hac vice*)
2049 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: (310) 556-3501
Email: abrettler@lavelysinger.com
Email: mlerner@lavelysinger.com

*Attorneys for Prince Andrew, Duke of York*

7147-2

I.   **INTRODUCTION**

Recently discovered evidence suggests that the Court does not have subject matter jurisdiction over this action because Plaintiff Virginia L. Giuffre cannot satisfy the elements of diversity jurisdiction. Notwithstanding that, in her Complaint, Ms. Giuffre alleges she is a citizen of the State of Colorado, the evidence demonstrates that she is actually domiciled in Australia, where she has lived for all but two of the past nineteen years. It is undisputed that, at the time she filed this action, Ms. Giuffre had an Australian driver's license and was living in a AU$1.9 million home in Perth, Western Australia, where she and her husband have been raising their three children. In reality, Ms. Giuffre's ties to Colorado are very limited. She has not lived there since *at least 2019* – approximately *two years before* she filed this lawsuit against Prince Andrew – and potentially, according to her own deposition testimony, not since October 2015. Despite having moved to Australia in 2019 or earlier, it appears that Ms. Giuffre only recently registered to vote in Colorado using her mother and stepfather's mailing address there.

In light of the apparent lack of diversity jurisdiction, Prince Andrew respectfully requests that the Court order Ms. Giuffre to respond to targeted written discovery requests pertaining to her domicile and submit to a two-hour remote deposition limited to the issue of her domicile. Further, Prince Andrew requests that until the Court determines the threshold issue of whether it has subject matter jurisdiction over this dispute, all other discovery be stayed. In response to the meet and confer letter that the undersigned counsel sent to Ms. Giuffre's attorneys prior to filing this motion (Ex. A), Ms. Giuffre's lawyers failed to substantively address the jurisdictional issues. Instead, Ms. Giuffre's counsel indicated, in conclusory fashion, that "Plaintiff will be able to establish subject matter jurisdiction over this case," and refused to agree to the relief requested herein. (Ex. B.) As a result, Prince Andrew was forced to file this motion now.

II.  **LIMITED JURISDICTIONAL DISCOVERY IS NECESSARY TO DETERMINE WHETHER THE COURT HAS SUBJECT MATTER JURISDICTION HERE.**

As part of their due diligence, the undersigned counsel for Prince Andrew discovered inconsistent pleadings from Ms. Giuffre's various lawsuits and other documentary evidence that

1

suggests she is ***not*** a citizen of Colorado as she has alleged in her Complaint.  Rather, it appears that Ms. Giuffre is domiciled in Australia and/or a permanent resident of Australia, where she has lived for the vast majority of the last two decades.  Without being able to satisfy the requirements for diversity jurisdiction,[1] the Court lacks subject matter jurisdiction over this dispute and must dismiss the action as a matter of law.  Fed. R. Civ. P. 12(h).  While the evidence of Ms. Giuffre's Australian domicile uncovered to date is highly persuasive, the parties and the Court would benefit from developing the record further on this threshold jurisdictional issue to ensure that all relevant materials and testimony are presented to the Court in connection with Prince Andrew's anticipated Rule 12(b)(1) motion to dismiss.

### A. Evidence from Publicly Available Records Shows That Ms. Giuffre Is Not a Citizen of Colorado and Is Domiciled in Australia.

Ms. Giuffre is referred to in multiple news reports and on her own Wikipedia page as being "American-Australian."  Her husband, Robert Giuffre, is an Australian national.  After meeting in Thailand in 2002, the couple moved to Glenning Valley, New South Wales, Australia, where they lived for at least eleven years.  In October 2013, Ms. Giuffre temporarily relocated to Titusville, Florida, where she lived for approximately fourteen months.  According to publicly available court filings, Ms. Giuffre then moved to Penrose, Colorado in 2015, where her mother and stepfather resided.  (Ex. C.)[2]  At her 2016 deposition in the libel action she filed against Ghislaine Maxwell, Ms. Giuffre testified, under oath, that she only lived in Colorado for "part of the year" of 2015, that she and her family had returned to Australia as of October 2015, and she did not know anyone living in Penrose, except for her mother.  In total, Ms. Giuffre spent less than two years living in the United States since moving to Australia in 2002.  (Ex. D.)[3]

---

[1] It is long-established that, under 28 U.S.C. § 1332(a), a United States citizen who has permanent residency abroad may not invoke diversity jurisdiction. *See Cresswell v. Sullivan & Cromwell*, 922 F.2d 60 (2d Cir. 1990) (holding that a U.S. citizen domiciled abroad cannot ever be diverse from any opposing party); *Smith v. Carter*, 545 F.2d 909 (5th Cir. 1977) (same).

[2] *Giuffre v. Maxwell*, No. 15-cv-07433-LAP (S.D.N.Y. Sept. 21, 2015), ECF No. 1 (Compl.) ¶ 6 ("Plaintiff Giuffre is an individual who is a citizen of the State of Colorado.").

[3] *Giuffre v. Maxwell*, No. 15-cv-07433-LAP (S.D.N.Y. July 30, 2020), ECF No. 1090-32 (Dep. Tr., dated May 3, 2016) at 79:3-20, 96:25-97:4, 188:1-3, 212:24-25, 245:23-25, 314:6-9, 321:14-15, 327:20-21.

Even if Ms. Giuffre's Australian domicile could not be established as early as October 2015, there can be no real dispute that she was permanently living there with an intent to remain there as of 2019 – still *two years before* she filed this action against Prince Andrew. In the lawsuit that Ms. Giuffre filed against Alan Dershowitz in April 2019, she alleged that she was a "citizen of the State of Florida and a *resident of Australia*." (Ex. E (emphasis added).)[4] Approximately nine months later, Ms. Giuffre sought leave to amend her complaint in the *Dershowitz* action. In her proposed amended pleading, Ms. Giuffre struck the reference to Florida, changed it to Colorado, and deleted the reference to being a "resident of Australia." (Ex. F.)[5] In May 2021, *several months before* this action was filed, Ms. Giuffre sought to further amend her pleadings in the *Dershowitz* action, and again changed her jurisdictional allegations. This time, the proposed amendment reflected that Ms. Giuffre "*was* a citizen of the State of Colorado" at the "time this [*Dershowitz*] action commenced." (Ex. G (emphasis added).)[6] The only plausible interpretation of her ever-changing pleadings is that, while Ms. Giuffre may have been a citizen of Colorado in April 2019 when she sued Professor Dershowitz (although this too seems doubtful and is not conceded), the same averment could not be made as of May 2021. As such, by the time Ms. Giuffre filed this lawsuit against Prince Andrew in August 2021, she was no longer a resident of Colorado despite her false allegation in the Complaint here. (Ex. H.)[7]

Moreover, it appears that prior to filing this action, but *well after she returned to Australia*, Ms. Giuffre registered to vote for the first time in Colorado using her mother's home address in Penrose. (Ex. I.)[8] The timing of Ms. Giuffre's voter registration is suspicious and

---

[4] *Giuffre v. Dershowitz*, No. 19-cv-03377-LAP (S.D.N.Y. Apr. 16, 2019), ECF No. 1 (Compl.) ¶ 27.
[5] *Giuffre v. Dershowitz*, No. 19-cv-03377-LAP (S.D.N.Y. Dec. 20, 2019), ECF No. 101-2 (Proposed Amend. Compl.) ¶ 28.
[6] *Giuffre v. Dershowitz*, No. 19-cv-03377-LAP (S.D.N.Y. May 6, 2021), ECF No. 304-3 (Proposed Second Amend. Compl.) ¶ 27.
[7] *Giuffre v. Prince Andrew*, No. 21-cv-06702-LAK (S.D.N.Y. Aug. 9, 2021), ECF No. 1 (Compl.) ¶ 12.
[8] Colo. Voter Registration for Virginia L. Giuffre, dated Feb. 3, 2020, *available at* https://coloradovoters.info/by_number/6022/20619_virginia_lee_giuffre.html.

appears to be a calculated move in an effort to support her specious claim of citizenship in Colorado despite having moved to Australia at least a year (if not four years) earlier.

  **B.**  **Prince Andrew Is Entitled To Take Limited Discovery on the Issue of Ms. Giuffre's Domicile; All Other Discovery Should Be Stayed Pending the Court's Ruling on Subject Matter Jurisdiction.**

  In light of the foregoing, Prince Andrew contends that there is a legitimate basis for the Court to question Ms. Giuffre's claim of Colorado domicile and whether diversity jurisdiction exists here. However, before Prince Andrew formally challenges subject matter jurisdiction, he respectfully requests the Court's permission to take certain limited discovery from Ms. Giuffre pertaining to the issue of her domicile and residency status in Australia. *See Kamen v. AT&T Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) (finding it was erroneous for the trial court to deny request for limited jurisdictional discovery in connection with a 12(b)(1) motion).

  It is well-settled that courts "must address jurisdictional questions before reaching the merits" of a dispute. *Holt v. Town of Stonington*, 765 F.3d 127, 132 (2d Cir. 2014). If the Court lacks subject matter jurisdiction over the dispute, it would be improper for the parties to continue litigating this case before it. Fed. R. Civ. P. 12(h). Neither Ms. Giuffre nor Prince Andrew should be forced to incur the significant legal fees and expenses in connection with full-blown discovery if the Court does not have authority to hear the case. Accordingly, a limited protective order, or stay of non-jurisdictional discovery, is warranted. Fed. R. Civ. P. 26(c). Finally, there would be no prejudice to Ms. Giuffre given that, if the case were allowed to proceed, she would be required to respond to written discovery and sit for deposition regardless.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: December 28, 2021<br>Los Angeles, California | LAVELY & SINGER, P.C.<br><br> s/ Andrew B. Brettler.<br>Andrew B. Brettler (AB2662)<br>Melissa Y. Lerner (*pro hac vice*)<br><br>*Attorneys for Prince Andrew, Duke of York* |

7147-2