JOHN H. LAVELY, JR.
MARTIN D. SINGER
BRIAN G. WOLF
LYNDA B. GOLDMAN
PAUL N. SORRELL
MICHAEL E. WEINSTEN
EVAN N. SPIEGEL
TODD S. EAGAN △
ANDREW B. BRETTLER *

**LAVELY & SINGER**
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
SUITE 2400
2049 CENTURY PARK EAST
LOS ANGELES, CALIFORNIA 90067-2906
TELEPHONE (310) 556-3501
FACSIMILE (310) 556-3615
www.LAVELYSINGER.com

ALLISON S. HART
T. WAYNE HARMAN
DAVID B. JONELIS
MELISSA Y. LERNER
JAKE A. CAMARA
KELSEY J. LEEKER
MARTIN F. HIRSHLAND

OF COUNSEL
KEVIN L. JAMES

△ ALSO ADMITTED IN NY
* ALSO ADMITTED IN NY AND NJ

December 23, 2021

**VIA EMAIL:**
smccawley@bsfllp.com

Sigrid S. McCawley, Esq.
BOIES SCHILLER FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301

**VIA EMAIL:**
avillacastin@bsfllp.com

Andrew Villacastin, Esq.
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, New York 10001

Re:   *Giuffre v. Prince Andrew*, **Case No. 21-cv-06702-LAK**
      Our File No. 7147-2

Dear Sigrid and Andrew:

We are writing to obtain your consent to stay all discovery in this action except for limited discovery into the issue of Ms. Giuffre's domicile. Notwithstanding Ms. Giuffre's allegation in the Complaint that she is a citizen of the State of Colorado, we do not believe the facts support that contention. Accordingly, the district court in New York lacks subject matter jurisdiction over this action, as the diversity jurisdiction requirements are not satisfied. It is long-established that under 28 U.S.C. § 1332(a), a United States citizen who has permanent residency abroad may not invoke diversity jurisdiction.[1]

We intend to raise this threshold issue with the Court, but first wanted to seek your agreement to conduct limited jurisdictional discovery.[2] In that regard, we propose that

---

[1] *See Cresswell v. Sullivan & Cromwell*, 922 F.2d 60 (2d Cir. 1990) (holding that a United States citizen domiciled abroad cannot ever be diverse from any opposing party); *see also Smith v. Carter*, 545 F.2d 909 (5th Cir. 1977) (holding that a "United States citizen who is a permanent resident of a foreign country may not invoke federal diversity jurisdiction under 28 U.S.C. § 1332").

[2] *See Holt v. Town of Stonington*, 765 F.3d 127, 132 (2d Cir. 2014) (holding that courts "must address jurisdictional questions before reaching the merits"); *see also Kamen v. AT&T Co.*, 791

Andrew Villacastin, Esq.
Sigrid S. McCawley, Esq.
Re:  *Giuffre v. Prince Andrew*
December 22, 2021
Page 2

---

Ms. Giuffre first respond to the outstanding written discovery requests pertaining to her domicile and produce any non-privileged documents responsive thereto.  Following Ms. Giuffre's document production, we would like to take her deposition remotely.  Her deposition would be limited in scope to the issue of domicile, and we would agree to limit the deposition to two hours.  We also will agree to the enclosed draft stipulated protective order governing the production of documents and testimony in this action.  As reflected in track changes, we made minor revisions to the draft you provided.

      If the Court lacks subject matter jurisdiction over the dispute, it would be improper for the parties to continue litigating this case before it.  Neither Ms. Giuffre nor Prince Andrew should be forced to incur significant legal fees and expenses in connection with full-blown discovery if the Court does not have authority to hear the case.  Finally, there would be no prejudice to Ms. Giuffre given that, if the case were to proceed, she would be required to respond to written discovery and sit for deposition regardless.

      Absent your agreement to proceed in the manner suggested, we will seek an order compelling Ms. Giuffre's limited document production and deposition and seek a protective order with respect to Prince Andrew's discovery obligations.  Fed. R. Civ. P. 26(c).

      Please advise us of your client's position by close of business on Friday, December 24, 2021.

      Thank you.

                                        Sincerely,

                                        ANDREW B. BRETTLER

Encl.

cc:    David Boies, Esq.
        Melissa Y. Lerner, Esq.

---

F.2d 1006, 1011 (2d Cir. 1986) (finding it was erroneous for the trial court to deny request for limited jurisdictional discovery in connection with a 12(b)(1) motion).