

Sigrid S. McCawley<br>
Telephone: (954) 377-4223<br>
Email: smccawley@bsfllp.com

December 24, 2021

**VIA EMAIL**
Andrew B. Brettler
Lavely & Singer
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
abrettler@lavelysinger.com

Re: <i>Giuffre v. Prince Andrew, Duke of York</i>, Case No. 21-cv-06702-LAK

Dear Andrew:

  We are in receipt of your letter dated December 23, 2021, asking Plaintiff to consent to a stay of discovery (other than discovery relating to Plaintiff's domicile) and demanding a response within 24 hours (on Christmas Eve). As we stated to you by email, we do not consent.

  We first recount the procedural history and parties' prior conferences regarding discovery. Plaintiff filed her complaint in August, and Prince Andrew evaded service until Judge Kaplan granted Plaintiff's motion for alternative service on September 16, 2021. ECF No. 16. During a conference on September 21, you indicated to us that we could expect nothing but professionalism and courtesy in your representation of Prince Andrew. You also asked us to provide Prince Andrew with an extension to the end of October to file a motion to dismiss, and we agreed. ECF No. 19. The parties agreed that staying discovery pending the outcome of Prince Andrew's motion to dismiss was not warranted, and Prince Andrew did not request such a stay from the Court. Prince Andrew's motion to dismiss did not raise the issue of subject matter jurisdiction, despite having had Plaintiff's complaint and her allegations about her domicile since August. ECF No. 31. The Court has scheduled oral argument on your motion for January 4, 2022, in less than two weeks. ECF No. 37.

  In the meantime, pursuant to Court order, the parties conferred about discovery and scheduling. ECF No. 21. After conferring on October 11, 2021, we agreed upon a scheduling order that provided for a discovery cut off of July 14, 2022—a more relaxed discovery schedule than Plaintiff originally proposed, at your request. ECF No. 27. You did not request (or mention) a stay of discovery pending jurisdictional discovery during our conference.

  Plaintiff served discovery requests on Prince Andrew on November 4, 2021, and also noticed his deposition. By letter dated November 24, 2021, you (1) asked us to send you a draft protective order, (2) stated that you would send us proposed dates and locations for Prince Andrew's deposition, and (3) requested an extension of Prince Andrew's deadline to respond to the discovery requests to December 27, 2021. You did not request (or mention) a stay of discovery pending jurisdictional discovery in that letter.

  On November 30, 2021, we sent you a draft protective order and we conferred about the remainder of your letter on December 1, 2021. You indicated that a three-week extension for

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com

Andrew B. Brettler
December 24, 2021
Page **2** of **3**

Prince Andrew's deadline to respond to Plaintiff's discovery requests was necessary in light of the holidays and COVID, and so that Prince Andrew could endeavor to produce documents to Plaintiff on the due date as opposed to merely serving responses and objections. You did not request (or mention) a stay of discovery pending jurisdictional discovery during that conference.

On December 6, 2021, Plaintiff agreed to your requested extension of Prince Andrew's deadline to respond to the discovery requests to December 27, 2021, and again asked you to select a date for Prince Andrew's deposition. You did not respond. On December 17, 2021, we re-sent you the draft protective order and again asked for dates for Prince Andrew's deposition. You did not respond.

At no point did you raise your intent to seek a stay of discovery or concerns about subject matter jurisdiction until December 23, 2021, four days before the extended deadline for Prince Andrew's discovery responses. Your decision not to raise this issue in Prince Andrew's motion to dismiss or at any point during our conferences—and to only raise it the day before Christmas Eve, four days before Prince Andrew's discovery responses are due, and less than two weeks before the hearing that the Court scheduled on your motion to dismiss—is not well taken. Up until this point, Plaintiff has agreed to every extension requested and has expressed a willingness to work collaboratively with Prince Andrew to find a time and place for his deposition that would be convenient for him.

In light of the above, we do not consent to relieving Prince Andrew of his discovery obligations four days before his responses to Plaintiff's discovery requests are due. Nor do we agree that a stay of all discovery other than jurisdictional discovery is appropriate. On November 24, 2021, Prince Andrew served discovery requests on Plaintiff, which requested discovery regarding her domicile, including "All DOCUMENTS that support the allegation in paragraph 12 of the COMPLAINT that 'Plaintiff Virginia L. Giuffre is an individual who is a citizen of the State of Colorado.'" As you know, our responses are due on January 14, and we intend to produce documents responsive to that request in a timely manner. As to Plaintiff's deposition, we are happy to discuss deposition dates in March or April, but ask that you commit (as we have requested several times) for a date for Defendant's deposition. Discovery (including jurisdictional discovery) can therefore proceed in accordance with the schedule the parties agreed to, and which the Court ordered.

Your concern about the parties' expenses is unwarranted. To be clear, Plaintiff will be able to establish subject matter jurisdiction over this case. But even if your contention that this Court lacks jurisdiction over Plaintiff's claims were correct (it is not), Plaintiff would simply refile her claims in New York state court. The parties in this action will need to resolve this dispute one way or another—whether in federal court or in state court—and litigation in either forum will involve the same discovery that is taking place now. Staying discovery would therefore achieve nothing. To the contrary, your suggestion of deposing Plaintiff twice—once solely about her domicile and then again on the merits of her claims—would be inefficient and costly.

Finally, we reject your attempt to condition Defendant's stipulation to a Confidentiality Order governing discovery on Plaintiff's agreement to your proposed stay. The main substantive disagreement in the parties' drafts is your inclusion of an unprecedented paragraph (¶ 9), which would allow you to keep deposition materials sealed from the public even if neither party

Andrew B. Brettler
December 24, 2021
Page **3** of **3**

designates the underlying testimony as Confidential.  Because there is no logic or authority for such a provision, and because the parties' submission of a Confidentiality Order for court approval is well past due, we intend to raise the issue with the Court when we respond to your forthcoming motion for a stay.

                                                    Sincerely,

                                                  /s/ Sigrid McCawley
                                                  Sigrid McCawley