**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

VIRGINIA L. GIUFFRE,

        Plaintiff,                            Case No. 21-cv-6702-LAK

v.

PRINCE ANDREW, DUKE OF YORK,
a/k/a ANDREW ALBERT CHRISTIAN
EDWARD, in his personal capacity,

        Defendant.

_____

**PLAINTIFF'S OPPOSITION TO PRINCE ANDREW'S**
**MOTION TO COMPEL JURISDICTIONAL DISCOVERY**
**AND TO STAY ALL OTHER DISCOVERY**

Defendant's last minute motion (first requested four days before his long-agreed-to date to respond to Plaintiff's discovery) lacks any basis in law or fact, and is instead a transparent attempt to delay discovery into his own documents and testimony.  For the reasons set forth below, the Court should deny Prince Andrew's motion to compel jurisdictional discovery, and to stay all other discovery, in its entirety.

## I.    An Order "Compelling" Discovery Is Unnecessary.

Defendant "requests that the Court order Ms. Giuffre to respond to targeted written discovery requests pertaining to her domicile" and to submit to a deposition. Mot. at 1.  But, as Plaintiff explained in her December 24 letter, there is simply nothing for the Court to "compel" at this time because Plaintiff has already committed to producing documents responsive to Defendant's discovery requests and is willing to sit for a deposition.  *See* Dkt. 58-2 at 2 (proposing dates for Plaintiff's deposition in March or April).  Since Plaintiff is in the process of responding to Defendant's discovery as to her domicile, and has not contested Prince Andrew's right to jurisdictional discovery, a motion to compel is not ripe.[1]

## II.    Defendant Has Not Shown Good Cause to Stay All Other Discovery.

The Court should also deny Defendant's request to stay "all other discovery" (i.e. discovery of Prince Andrew).  Defendant asks the Court to set aside its October 25, 2021, Scheduling Order, which provides deadlines for discovery through July 14, 2022, and states that it "may be altered or amended only on a showing of good cause not foreseeable at the date hereof."  Dkt. 27 ¶¶ 4, 9. As explained below, Defendant cannot establish good cause for a stay of discovery.

---

[1] Defendant's citation to *Kamen* is inapposite, as the *Kamen* court held only that a *plaintiff* may take jurisdictional discovery when a *defendant* moves to dismiss under Rule 12(b)(1).  *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986).  In any event, *Kamen* has no application here, where Plaintiff is not resisting discovery.

1

Under Rule 26(c), the party seeking a stay of discovery bears the burden of establishing good cause. *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018). In determining whether there is good cause for a stay, courts consider (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery sought and the burden of responding; and (3) the risk of unfair prejudice to the non-moving party. *Id.* at 677–78. Here, each factor weighs against Defendant's motion.

*First*, Prince Andrew has not made a strong showing that any forthcoming motion he may file will have merit. Defendant repeatedly states that Plaintiff *resides* in Australia, but where she *resides* is not the question—it is her domicile, and domicile and residence are distinct legal concepts. *See GTG Holdings, Inc. v. Amvensys Cap. Grp., LLC*, 2016 WL 931215, at *1 (N.D. Tex. Mar. 11, 2016). "Domicile has been described as the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos v. Fortuna,* 157 F.3d 945, 948 (2d Cir. 1998) (internal quotation marks and citation omitted). Accordingly, Plaintiff's domicile is (and was at all relevant times) Colorado.

Defendant's selective excerpts of Plaintiff's prior depositions omit testimony that demonstrates her intent to return to Colorado. For example, Plaintiff testified that she and her husband left Colorado because his elderly father needed their imminent care in Australia after multiple surgeries.[2] As Defendant himself points out, Plaintiff is registered to vote in Colorado, where her mother currently resides. *See* Dkt. 58-9.[3] These facts, and additional evidence for which Defendant has already sought discovery, establish Plaintiff's Colorado citizenship. *See, e.g.*, *King*

---

[2] Ex. A (Nov. 14, 2016 Dep. Tr.) at 517:10-25. These health issues continue today.
[3] Prince Andrew's false accusation that Plaintiff registered to vote in Colorado in 2020 "to support her specious claim of citizenship" is baseless. Mot. at 4.

*v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007) (domicile in California where parents testified that, prior to plaintiff's dying while living abroad, she intended to return home).

Defendant mischaracterizes Plaintiff's pleadings in the *Dershowitz* case to suggest, for example, that an allegation in a proposed amended complaint that she "***was*** a citizen of the State of Colorado" is an admission that she was no longer a citizen of Colorado at the time of amendment.  Mot at 4.  Plaintiff worded the allegation in that way, however, because diversity jurisdiction over her second amended complaint depended on the court having jurisdiction *at the time of filing the action*.  *See, e.g.*, *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) ("diversity of citizenship must exist *at the time the action is commenced*").

*Second*, Plaintiff is not seeking broad, burdensome discovery such that a stay would be appropriate.  Plaintiff served only eight document requests (as compared to the 214 requests that Defendant served) and four interrogatories.  Indeed, based on his discovery responses, Prince Andrew has apparently already determined that he has no documents that would be responsive to the majority of Plaintiff's requests.[4]  If Prince Andrew truly has no documents concerning his communications with Maxwell or Epstein, his travel to Florida, New York, or various locations in London, his alleged medical inability to sweat, or anything that would support the alibis he gave during his BBC interview, then continuing with discovery will not be burdensome to him at all.

*Third*, granting Defendant's motion for a stay would unfairly prejudice Plaintiff, who has worked diligently to comply with her own discovery obligations to date, and who has had to expend considerable resources combating Defendant's dilatory conduct, including his weeks-long

---

[4] On December 27, a deadline the parties stipulated to at Defendant's request, Defendant failed to produce a single document and served unverified discovery responses that are deficient on their face and completely implausible.  *See* Exs. B and C.  Plaintiff will meet and confer with Defendant in good faith to attempt to address these deficiencies without Court intervention.

attempt to evade service under the Hague Convention.  Defendant's conduct in this litigation belies his newfound concern for "significant legal fees and expenses in connection with full-blown discovery."  *See* Mot. at 4.  All of Defendant's "recently discovered evidence" was available to him at the time Plaintiff filed suit, yet he failed to raise these issues in the parties' conversations or with the Court during prior conferences.  Defendant also elected *not* to raise this issue before consenting to a Scheduling Order that allows amendments only for "good cause not foreseeable" (Dkt. 27 ¶ 9), or anywhere in his 30-page motion to dismiss (Dkt. 31).  Defendant instead filed this motion 54 days after Plaintiff served discovery requests and 34 days after he served his own, during which time Plaintiff has undertaken substantial efforts to respond.

Continuing with discovery would also not be wasteful of the parties' resources even if Prince Andrew's specious arguments about subject matter jurisdiction were correct (they are not). If in the future the Court dismissed this action for lack of subject matter jurisdiction, Plaintiff would simply refile in New York state court, where the parties would be able to use the discovery taken here.  *See, e.g.*, *Weitzner v. Sciton, Inc.*, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006) (denying stay of discovery pending motion where plaintiff could refile claims in state court); *see also* N.Y. C.P.L.R. 205(a); *Diffley v. Allied-Signal, Inc.*, 921 F2d 421, 423–24 (2d Cir. 1990) (explaining that Plaintiff's claims would be timely if refiled in state court).

*Finally*, Prince Andrew's assertion "that courts must address jurisdictional questions before reaching the merits of a dispute" is irrelevant to this motion.  Mot. at 4 (quoting *Holt v. Town of Stonington*, 765 F.3d 127, 132 (2d Cir. 2014)).  Under the current schedule, there is more than enough time for Defendant to complete jurisdictional discovery and file a motion to dismiss before the Court reaches the merits of this case at trial.  *See* Dkt. 27.

For the foregoing reasons, the Court should deny Defendant's motion in its entirety.

Dated:  December 30, 2021

BOIES SCHILLER FLEXNER LLP

/s/ *David Boies*
David Boies
Alexander Boies
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com
aboies@bsfllp.com

Sigrid McCawley (*pro hac vice*)
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011
smccawley@bsfllp.com

Andrew Villacastin
Sabina Mariella
55 Hudson Yards
New York, NY 10001
(212) 446-2300
avillacastin@bsfllp.com
smariella@bsfllp.com

Erika Nyborg-Burch (*pro hac vice*)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(215) 873-7264
enyborg-burch@bsfllp.com

*Counsel for Plaintiff Virginia Giuffre*