# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA L. GIUFFRE,<br><br>      *Plaintiff*,<br><br>v.<br><br>PRINCE ANDREW, DUKE OF YORK, a/k/a ANDREW ALBERT CHRISTIAN EDWARD, in his personal capacity,<br><br>      *Defendant.* | Case No. 1:21-cv-06702-LAK<br><br>**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:    Plaintiff Virginia L. Giuffre

RESPONDING PARTIES:    Defendant Prince Andrew, Duke of York,

             aka Andrew Albert Christian Edward

SET NUMBER:        One

Defendant Prince Andrew, Duke of York, aka Andrew Albert Christian Edward ("Defendant") responds to Plaintiff Virginia L. Giuffre's ("Plaintiff") First Set of Requests for Production of Documents as follows:

**PRELIMINARY STATEMENT**

Each of the following objections and responses are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility and any and all objections on any ground that would require exclusion of any response herein, if it were introduced in Court, all of which objections and grounds are expressly reserved and may be interposed at time of trial.

Defendant has not fully completed the investigation of the facts relating to this case, discovery in this action, or preparation for trial. All of the responses contained herein are based only upon such information that is presently available to, and specifically known to Defendant. Discovery is continuing and will continue as long as permitted by rule, statute or stipulation of the parties herein, and the investigation of Defendant's attorneys and agents will continue to and through any hearing, judicial proceeding, or trial in this action. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, which may, in turn, clarify and add meaning to known facts as well as establish entirely new factual matters, all of which will lead to substantial additions to, changes in, and variations from the responses herein set forth.

The following responses are given without prejudice to Defendant's right to produce evidence of any subsequently discovered fact or facts, witnesses or documents which Defendant may later recall. Defendant accordingly reserves the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are formulated. Defendant, however, does not assume the obligation to revise, correct, augment, add to and/or clarify any responses stated herein based upon information, documentation, facts and/or contentions they may subsequently ascertain and/or develop.

Defendant reserves the right, prior to or at the time of any hearing, judicial proceeding or trial to introduce any evidence from any source that hereafter may be discovered and testimony of witnesses whose identities may hereafter be discovered. If any information has been omitted from these responses, Defendant reserves the right to apply for relief so as to permit insertion of responsive information omitted herefrom.

No incidental or implied admissions are intended by the objections and responses herein. The fact that Defendant may respond to any of the subject Requests should not be taken as an admission that such responses or objections constitute admissible evidence. The fact that Defendant may respond or object to any particular Request is not intended to and should not be construed to be a waiver by Defendant of any part of any objection to any portion of said Request or any particular Request.

The responses are also given without prejudice to Defendant's right to produce any inadvertently omitted evidence and introduce such evidence at trial. Thus, to the extent consistent with the Federal Code of Civil Procedure, the following responses and objections are provided without prejudice to Defendant's right to produce evidence, documentary or otherwise, of any subsequently discovered facts and/or documents. This Preliminary Statement is incorporated into each and every response set forth below.

## **GENERAL OBJECTIONS**

1. Defendant objects to the Requests to the extent that they are not limited to the subject matter of this action and thus are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

2. Defendant objects to the Requests to the extent they seek information protected from disclosure under the attorney-client privilege, work product doctrine or any other applicable protection or privilege. To the extent any Request seeks information that is privileged under law, whether under attorney-client privilege, or work product doctrine, or otherwise, Defendant objects thereto and asserts the privilege protection provided by such doctrines to the fullest extent permitted by law.

3. Defendant objects to the Requests to the extent that they seek disclosure of classified information, and/or other confidential and/or proprietary information.

4. Defendant objects to the Requests to the extent that they seek documents or information protected from disclosure by rights of privacy under the Constitution of the United States and Article 8 of the European Convention on Human Rights.

5. Defendant objects to the Requests to the extent that they seek documents or information to which Plaintiff has equal access and/or which are publicly available.

6. Defendant objects to each Request as overbroad, unduly burdensome and oppressive to the extent it seeks documents and information already provided to the Propounding Party and/or otherwise in Plaintiff's possession, custody or control.

7. Defendant objects to each Request to the extent it seeks documents and information that are not in Defendant's possession, custody or control. Defendant will produce only those documents that are within his possession, custody, or control.

8. Defendant objects generally to the Requests to the extent that they assume facts not in evidence, and/or mischaracterize or misstate facts or allegations appearing in the pleadings in this action.

9. Defendant objects to the Requests to the extent that they are unduly burdensome, oppressive, unreasonably cumulative, duplicative and over broad.

10. Defendant objects generally to the Requests on the grounds and to the extent that they are vague and ambiguous in that the manner in which specific Requests are phrased creates confusion.

11. Defendant objects generally to these Requests on the grounds that they are premature because the parties have not executed nor has the Court entered a protective order in

this action sufficient to safeguard the confidentiality of documents and information produced by the parties in the course of discovery.

12. Defendant objects generally to these Requests on the grounds that they are premature because, until the threshold issue of the Court's subject matter jurisdiction over this matter, discovery other than on the narrow topic of Plaintiff's domicile is improper.

13. Defendant objects to the definition of "Agent" as vague and ambiguous, particularly with respect to the inclusion of persons "purporting to act[ ] at the direction of or on behalf of another." For purposes of responding to the Requests, Defendant understands "Agent" to mean any person authorized to act at the direction of or on behalf of another person.

14. Defendant objects to the definitions of the terms "Communication," "Document" and "Concerning" to the extent they purport to expand the definitions of those terms set forth in S.D.N.Y. Local Civil Rule 26.3. For purposes of responding to these Requests, Defendant understands "Communication," "Document" and "Concerning" to have the definitions set forth in S.D.N.Y. Local Civil Rule 26.3(c)(1).

15. Defendant objects to the definition of the terms "Jeffrey Epstein" and "Epstein" as overbroad, vague and ambiguous to the extent it incorporates persons and entities of which Defendant has no knowledge. For purposes of responding to these Requests, Defendant understands "Jeffrey Epstein" and "Epstein" to mean Jeffrey Epstein.

16. Defendant objects to the definition of the terms "Ghislaine Maxwell" and "Maxwell" as overbroad, vague and ambiguous to the extent it incorporates persons and entities of which Defendant has no knowledge. For purposes of responding to these Requests, Defendant understands "Ghislaine Maxwell" and "Maxwell" to mean Ghislaine Maxwell.

17. Defendant objects to the definition of the term "Epstein or Maxwell event" as overly broad, vague and ambiguous.

18. Defendant objects to the definition of the terms "You" and "Your" as overbroad, vague, ambiguous and unduly burdensome to the extent it attempts to expand the scope of these Interrogatories to information in the possession, custody or control of individuals or entities other than Defendant himself. For purposes of responding to these Interrogatories, Defendant understands "You" and "Your" to mean Defendant Prince Andrew and Defendant Prince Andrew's, respectively.

19. Defendant objects to the "Relevant Period" as overly broad and unduly burdensome, in particular because it significantly predates the time of the allegations in the Complaint and Plaintiff's alleged relationship with Jeffrey Epstein, such that the Requests seek documents and information that are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. For purposes of responding to these Requests, Defendant understands the "Relevant Period" to begin on March 1, 2001 and end on the date the lawsuit was filed.

The Preliminary Statement and General Objections are incorporated into each response below, regardless of whether specifically mentioned. The Specific Objections set forth below are not a waiver, in whole or in part, of any of these General Objections. Subject to and without waiver of these objections, Defendant responds below.

# RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1**:

All Documents concerning:

a. Plaintiff;

b. Epstein;

c. Maxwell;

d. any Person who Defendant met at any Epstein or Maxwell event or facility; or

e. any allegations of sexual abuse or extramarital sex made against You.

**RESPONSE TO REQUEST NO. 1**:

In addition to the General Objections, which are incorporated herein by this reference, Defendant objects to this Request to the extent that it seeks documents subject to the attorney-client privilege or work-product protection. Defendant also objects to this Request on the grounds that is overbroad, burdensome and oppressive, including with respect to time. Defendant further objects to this Request to the extent it seeks confidential and private information and documents that are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent it seeks documents that are already in Plaintiff's possession and/or to which Plaintiff has equal access. Defendant additionally objects to this Request as premature (1) because the parties have not executed nor has the Court entered a protective order in this action sufficient to safeguard the confidentiality of documents and information produced by the parties in the course of discovery; and (2) because until the threshold issue of the Court's subject matter jurisdiction over this matter, discovery other than on the narrow topic of Plaintiff's domicile is improper.

7

7147-2

**REQUEST NO. 2**:

Except as otherwise produced in response to Request 1, all Documents concerning any Communications to or from Defendant and any Person included in Request 1(a)—(d).

**RESPONSE TO REQUEST NO. 2**:

In addition to the General Objections, which are incorporated herein by this reference, Defendant objects to this Request to the extent that it seeks documents subject to the attorney-client privilege or work-product protection. Defendant objects to this Request on the grounds that is overbroad, burdensome and oppressive, including with respect to time and absence of any limitations on subject matter. Defendant further objects to this Request to the extent it seeks confidential and private information and documents that are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent it seeks documents that are already in Plaintiff's possession and/or to which Plaintiff has equal access. Defendant additionally objects to this Request as premature (1) because the parties have not executed nor has the Court entered a protective order in this action sufficient to safeguard the confidentiality of documents and information produced by the parties in the course of discovery; and (2) because until the threshold issue of the Court's subject matter jurisdiction over this matter, discovery other than on the narrow topic of Plaintiff's domicile is improper.

Subject to and without waiving the foregoing objections, Defendant responds as follows:

a. Defendant is unable to comply with Request No. 2(a) because no such documents exist in his possession, custody or control. A diligent search and a reasonable inquiry have been made in an effort to comply with this demand.

    b.      Defendant incorporates the General and Specific Objections set forth hereinabove.

    c.      Defendant incorporates the General and Specific Objections set forth hereinabove.

    d.      Defendant incorporates the General and Specific Objections set forth hereinabove.

**REQUEST NO. 3**:

All Documents concerning Defendant's schedules, appointments, and meetings in 2001.

**RESPONSE TO REQUEST NO. 3**:

In addition to the General Objections, which are incorporated herein by this reference, Defendant objects to this Request to the extent that it seeks documents subject to the attorney-client privilege or work-product protection. Defendant objects to this Request on the grounds that is overbroad, burdensome and oppressive. Defendant further objects to this Request to the extent it seeks confidential and private information and documents that are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent it seeks disclosure of classified information, and/or other confidential and/or proprietary information. Defendant additionally objects to this Request as premature (1) because the parties have not executed nor has the Court entered a protective order in this action sufficient to safeguard the confidentiality of documents and information produced by the parties in the course of discovery; and (2) because until the threshold issue of the Court's subject matter jurisdiction over this matter, discovery other than on the narrow topic of Plaintiff's domicile is improper.

Subject to and without waiving the foregoing objections, Defendant responds as follows:

Defendant is unable to comply with Request No. 3 because no such documents exist in his possession, custody or control. A diligent search and a reasonable inquiry have been made in an effort to comply with this demand.

**REQUEST NO. 4**:

All Documents concerning Defendant's travel to or from, or presence in or on:

a. Epstein's planes;

b. Florida;

c. New York;

d. New Mexico;

e. the United States Virgin Islands;

f. a Pizza Express located in Woking, England; or

g. the Club Tramp nightclub, located in London, England.

**RESPONSE TO REQUEST NO. 4**:

In addition to the General Objections, which are incorporated herein by this reference, Defendant objects to this Request to the extent that it seeks documents subject to the attorney-client privilege or work-product protection. Defendant objects to this Request on the grounds that is overbroad, burdensome and oppressive, including with respect to time. Defendant further objects to this Request to the extent it seeks confidential and private information and documents that are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent it seeks disclosure of classified information, and/or other confidential and/or proprietary information. Defendant objects to this Request to the extent it seeks documents that are already in Plaintiff's possession

and/or to which Plaintiff has equal access. Defendant additionally objects to this Request as premature (1) because the parties have not executed nor has the Court entered a protective order in this action sufficient to safeguard the confidentiality of documents and information produced by the parties in the course of discovery; and (2) because until the threshold issue of the Court's subject matter jurisdiction over this matter, discovery other than on the narrow topic of Plaintiff's domicile is improper.

Subject to and without waiving the foregoing objections, Defendant responds as follows:

a. Defendant is unable to comply with Request No. 4(a) because no such documents exist in his possession, custody or control. A diligent search and a reasonable inquiry have been made in an effort to comply with this demand.

b. Defendant is unable to comply with Request No. 4(b) because no such documents exist in his possession, custody or control. A diligent search and a reasonable inquiry have been made in an effort to comply with this demand.

c. Defendant is unable to comply with Request No. 4(c) because no such documents exist in his possession, custody or control. A diligent search and a reasonable inquiry have been made in an effort to comply with this demand.

d. Defendant is unable to comply with Request No. 4(d) because no such documents exist in his possession, custody or control. A diligent search and a reasonable inquiry have been made in an effort to comply with this demand.

e. Defendant is unable to comply with Request No. 4(e) because no such documents exist in his possession, custody or control. A diligent search and a reasonable inquiry have been made in an effort to comply with this demand.

f.  Defendant is unable to comply with Request No. 4(f) because no such documents exist in his possession, custody or control. A diligent search and a reasonable inquiry have been made in an effort to comply with this demand.

g.  Defendant incorporates the General and Specific Objections set forth hereinabove.

**REQUEST NO. 5**:

All Documents concerning any Communications between Epstein or Maxwell (or any Agent or attorney thereof) and Defendant (or any Agent or attorney thereof) concerning:

a.  sexual abuse;

b.  Defendant's sexual relations with anyone;

c.  this litigation;

d.  any litigation concerning Epstein; or

e.  any litigation concerning Maxwell.

**RESPONSE TO REQUEST NO. 5**:

In addition to the General Objections, which are incorporated herein by this reference, Defendant objects to this Request to the extent that it seeks documents subject to the attorney-client privilege or work-product protection. Defendant objects to this Request on the grounds that is overbroad, burdensome and oppressive, including with respect to time. Defendant further objects to this Request to the extent it seeks confidential and private information and documents that are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent it seeks disclosure of classified information, and/or other confidential and/or proprietary information. Defendant objects to this Request to the extent it seeks documents that are already in Plaintiff's possession

and/or to which Plaintiff has equal access. Defendant additionally objects to this Request as premature (1) because the parties have not executed nor has the Court entered a protective order in this action sufficient to safeguard the confidentiality of documents and information produced by the parties in the course of discovery; and (2) because until the threshold issue of the Court's subject matter jurisdiction over this matter, discovery other than on the narrow topic of Plaintiff's domicile is improper.

Subject to and without waiving the foregoing objections, Defendant responds as follows:

a. Defendant is unable to comply with Request No. 5(a) because no such documents exist in his possession, custody or control. A diligent search and a reasonable inquiry have been made in an effort to comply with this demand.

b. Defendant is unable to comply with Request No. 5(b) because no such documents exist in his possession, custody or control. A diligent search and a reasonable inquiry have been made in an effort to comply with this demand.

c. Defendant is unable to comply with Request No. 5(c) because no such documents exist in his possession, custody or control. A diligent search and a reasonable inquiry have been made in an effort to comply with this demand.

d. Defendant is unable to comply with Request No. 5(d) because no such documents exist in his possession, custody or control. A diligent search and a reasonable inquiry have been made in an effort to comply with this demand.

e. Defendant is unable to comply with Request No. 5(e) because no such documents exist in his possession, custody or control. A diligent search and a reasonable inquiry have been made in an effort to comply with this demand.

**REQUEST NO. 6**:

All gifts or other things of value and all Documents concerning all gifts or other things of value that You received from Epstein or Maxwell (including any Agent thereof), including but not limited to puppets.

**RESPONSE TO REQUEST NO. 6**:

In addition to the General Objections, which are incorporated herein by this reference, Defendant objects to this Request to the extent that it seeks documents subject to the attorney-client privilege or work-product protection. Defendant objects to this Request on the grounds that it is harassing and seeks confidential and private information and documents that are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the grounds that it assumes facts not in evidence, including without limitation by perpetuating Plaintiff's false claim that Defendant received a puppet as a gift from Epstein or Maxwell. Defendant additionally objects to this Request as premature (1) because the parties have not executed nor has the Court entered a protective order in this action sufficient to safeguard the confidentiality of documents and information produced by the parties in the course of discovery; and (2) because until the threshold issue of the Court's subject matter jurisdiction over this matter, discovery other than on the narrow topic of Plaintiff's domicile is improper.

Subject to and without waiving the foregoing objections, Defendant responds as follows:

Defendant is unable to comply with Request No. 6 because no such documents exist in his possession, custody or control. A diligent search and a reasonable inquiry have been made in an effort to comply with this demand.

**REQUEST NO. 7**:

All Documents concerning any massage that Defendant has received or requested, including but not limited to any Documents concerning any individuals who may have provided such massages to Defendant.

**RESPONSE TO REQUEST NO. 7**:

In addition to the General Objections, which are incorporated herein by this reference, Defendant objects to this Request on the grounds that it is harassing and seeks confidential and private information and documents that are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent that it seeks documents subject to the attorney-client privilege or work-product protection. Defendant further objects to this Request on the grounds that is overbroad, burdensome and oppressive, including with respect to time. Defendant additionally objects to this Request as premature (1) because the parties have not executed nor has the Court entered a protective order in this action sufficient to safeguard the confidentiality of documents and information produced by the parties in the course of discovery; and (2) because until the threshold issue of the Court's subject matter jurisdiction over this matter, discovery other than on the narrow topic of Plaintiff's domicile is improper.

**REQUEST NO. 8**:

All Documents concerning Your alleged medical condition of anhidrosis, hypohidrosis, or Your inability to sweat.

**RESPONSE TO REQUEST NO. 8**:

In addition to the General Objections, which are incorporated herein by this reference, Defendant objects to this Request to the extent that it is argumentative and seeks documents subject to the attorney-client privilege or work-product protection. Defendant objects to this Request on the grounds that it is harassing and seeks confidential and private information and documents that are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as premature (1) because the parties have not executed nor has the Court entered a protective order in this action sufficient to safeguard the confidentiality of documents and information produced by the parties in the course of discovery; and (2) because until the threshold issue of the Court's subject matter jurisdiction over this matter, discovery other than on the narrow topic of Plaintiff's domicile is improper.

Subject to and without waiving the foregoing objections, Defendant responds as follows:

Defendant is unable to comply with Request No. 8 because no such documents exist in his possession, custody or control. A diligent search and a reasonable inquiry have been made in an effort to comply with this demand.

|  |  |
|---|---|
| | Respectfully submitted, |
| Dated: December 27, 2021<br>Los Angeles, California | LAVELY & SINGER, P.C.<br><br>s/ Melissa Y. Lerner<br>Andrew B. Brettler (AB2662)<br>Melissa Y. Lerner (*pro hac vice*)<br>2049 Century Park East, Suite 2400<br>Los Angeles, California 90067<br>Telephone: (310) 556-3501<br>Facsimile: (310) 556-3615<br>Email: abrettler@lavelysinger.com<br>Email: mlerner@lavelysinger.com<br><br>*Attorneys for Prince Andrew, the Duke of York* |

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS was served by email on all counsel of record identified below, on this 27th day of December, 2021.

David Boies, Esq.
Boies Schiller Flexner LLP
333 Main Street
Armonk, NY 10504
Email: dboies@bsfllp.com

Sigrid McCawley, Esq. (Pro Hac Vice)
Boies Schiller Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Email: smccawley@bsfllp.com

Andrew Villacastin, Esq.
Sabina Mariella, Esq.
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY 10001
Email: avillacastin@bsfllp.com
　　　　smariella@bsfllp.com

*Counsel for Plaintiff Virginia Giueffre*

　　　　　　　　　　　　　　　　　*By:*　s/ Noelia Echesabal
　　　　　　　　　　　　　　　　　　　　Noelia Echesabal