# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA L. GIUFFRE,<br><br>       *Plaintiff*,<br><br>v.<br><br>PRINCE ANDREW, DUKE OF YORK,<br>a/k/a ANDREW ALBERT CHRISTIAN<br>EDWARD, in his personal capacity,<br><br>       *Defendant.* | Case No. 1:21-cv-06702-LAK<br><br>**DEFENDANT'S RESPONSES AND<br>OBJECTIONS TO PLAINTIFF'S<br>INTERROGATORIES** |

PROPOUNDING PARTY:  Plaintiff Virginia L. Giuffre

RESPONDING PARTIES:  Defendant Prince Andrew, Duke of York,

           aka Andrew Albert Christian Edward

SET NUMBER:      One

Defendant Prince Andrew, Duke of York, aka Andrew Albert Christian Edward ("Defendant") responds to Plaintiff Virginia L. Giuffre's ("Plaintiff") Interrogatories as follows:

**PRELIMINARY STATEMENT**

Each of the following objections and responses are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility and any and all objections on any ground that would require exclusion of any response herein, if it were introduced in Court, all of which objections and grounds are expressly reserved and may be interposed at time of trial.

Defendant has not fully completed the investigation of the facts relating to this case, discovery in this action or preparation for trial. All of the responses contained herein are based only upon such information that is presently available to, and specifically known to Defendant. Discovery is continuing and will continue as long as permitted by rule, statute or stipulation of the parties herein, and the investigation of Defendant's attorneys and agents will continue to and through any hearing, judicial proceeding, or trial in this action. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, which may, in turn, clarify and add meaning to known facts as well as establish entirely new factual matters, all of which will lead to substantial additions to, changes in, and variations from the responses herein set forth.

The following responses are given without prejudice to Defendant's right to produce evidence of any subsequently discovered fact or facts, witnesses or documents which Defendant may later recall. Defendant accordingly reserves the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are formulated. Defendant, however, does not assume the obligation to revise, correct, augment, add to and/or clarify any responses stated herein based upon information, documentation, facts and/or contentions he may subsequently ascertain and/or develop.

Defendant reserves the right, prior to or at the time of any hearing, judicial proceeding or trial to introduce any evidence from any source that hereafter may be discovered and testimony of witnesses whose identities may hereafter be discovered. If any information has been omitted from these responses, Defendant reserves the right to apply for relief so as to permit insertion of responsive information omitted herefrom.

No incidental or implied admissions are intended by the objections and responses herein. The fact that Defendant may respond to any of the subject Interrogatories should not be taken as an admission that such responses or objections constitute admissible evidence.  The fact that Defendant may respond or object to any particular Interrogatory is not intended to and should not be construed to be a waiver by Defendant of any part of any objection to any portion of said Interrogatory.

The responses are also given without prejudice to Defendant's right to produce any inadvertently omitted evidence and introduce such evidence at trial.  Thus, to the extent consistent with the Federal Code of Civil Procedure, the following responses and objections are provided without prejudice to Defendant's right to produce evidence, documentary or otherwise, of any subsequently discovered facts and/or documents.  This Preliminary Statement is incorporated into each and every response set forth below.

## **GENERAL OBJECTIONS**

1.	Defendant objects to these Interrogatories on the grounds that there is no protective order entered in this action to ensure the confidentiality of documents and information produced by the parties in the course of discovery.

2.	Defendant objects to the Interrogatories to the extent that they are not limited to the subject matter of this action and thus are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

3.	Defendant objects to the Interrogatories to the extent they seek information protected from disclosure under the attorney-client privilege, work product doctrine or any other applicable protection or privilege.  To the extent any Interrogatory seeks information that is privileged under law, whether under attorney-client privilege, or work product doctrine, or

otherwise, Defendant objects thereto and asserts the privilege protection provided by such doctrines to the fullest extent permitted by law.

4. Defendant objects to the Interrogatories to the extent that they seek disclosure of confidential and/or proprietary information.

5. Defendant objects to the Interrogatories to the extent that they seek documents or information protected from disclosure by rights of privacy under the Constitution of the United States and Article 8 of the European Convention on Human Rights.

6. Defendant objects to the Interrogatories to the extent that they seek documents or information to which Plaintiff has equal access and/or which are publicly available.

7. Defendant objects generally to the Interrogatories to the extent that they assume facts not in evidence, and/or mischaracterize or misstate facts or allegations appearing in the pleadings in this action.

8. Defendant objects generally to the Interrogatories on the grounds and to the extent that they are vague and ambiguous in that the manner in which specific Interrogatories are phrased creates confusion.

9. Defendant objects generally to the Interrogatories on the grounds that they are premature because, until the threshold issue of the Court's subject matter jurisdiction over this matter, discovery other than on the narrow topic of Plaintiff's domicile is improper.

10. Defendant objects to the definitions of the terms "Document," "Communication," and "Concerning" to the extent they modify and expand the definitions set forth in S.D.N.Y. Local Civil Rule 26.3. In responding to these Interrogatories, Defendant understands the terms "Document," "Communication" and "Concerning" to have the definitions set forth in S.D.N.Y. Local Civil Rule 26.3(c).

11. Defendant objects to the definition of the terms "You" and "Your" as overbroad, vague, ambiguous and unduly burdensome to the extent it attempts to expand the scope of these Interrogatories to information in the possession, custody or control of individuals or entities other than Defendant himself. For purposes of responding to these Interrogatories, Defendant understands "You" and "Your" to mean Defendant Prince Andrew and Defendant Prince Andrew's, respectively.

12. Defendant objects to the definition of the term "Jeffrey Epstein" and "Epstein" as overbroad, vague and ambiguous to the extent it incorporates persons and entities of which Defendant has no knowledge. For purposes of responding to these Interrogatories, Defendant understands "Jeffrey Epstein" and "Epstein" to mean Jeffrey Epstein, individually.

13. Defendant objects to the definition of the term "Ghislaine Maxwell" and "Maxwell" as overbroad, vague and ambiguous to the extent it incorporates persons and entities of which Defendant has no knowledge. For purposes of responding to these Interrogatories, Defendant understands "Ghislaine Maxwell" and "Maxwell" to mean Ghislaine Maxwell, individually.

14. Defendant objects to the time period of the Interrogatories as overbroad and unduly burdensome because it predates the allegations giving rise to Plaintiff's claims against Defendant, and thus seeks information that is wholly irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

The Preliminary Statement and General Objections are incorporated into each response below, regardless of whether specifically mentioned. The Specific Objections set forth below are not a waiver, in whole or in part, of any of these General Objections. Subject to and without waiver of these objections, Defendant responds below.

# RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**:

Identify any Person believed or known by You to have any information concerning any event, fact, matter, act, allegation, or issue included in or raised by:

a. the Complaint (Dkt. 1);

b. the Answer;

c. the Motion to Dismiss (Dkts. 30-31);

d. Defendant's Request for Judicial Notice (Dkt. 32);

e. this action; or

f. Your alleged medical condition of anhidrosis, hypohidrosis, or Your inability to sweat.

**RESPONSE TO INTERROGATORY NO. 1**:

In addition to the General Objections, which are incorporated herein by reference, Defendant specifically objects to this Interrogatory to the extent that it purports to seek information subject to the attorney-client privilege or work-product protection. Defendant objects to this Interrogatory on the grounds that it is burdensome and harassing, including to the extent it seeks information already produced by Defendant in his Initial Disclosures dated November 12, 2021. Defendant objects to this Interrogatory to the extent it seeks private medical and other personal information in violation of Defendant's constitutional right to privacy under the United States Constitution and the Article 8 of the European Convention on Human Rights. Defendant also objects to this Interrogatory to the extent it seeks information that is already in Plaintiff's possession or to which Plaintiff has equal access. Defendant further objects to this Interrogatory on the grounds that it seeks information that is irrelevant, including as a

result of the overbroad time period set forth in the Instructions, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant additionally objects to this Interrogatory as premature (1) because the parties have not executed nor has the Court entered a protective order in this action sufficient to safeguard the confidentiality of documents and information produced by the parties in the course of discovery; and (2) because until the threshold issue of the Court's subject matter jurisdiction over this matter, discovery other than on the narrow topic of Plaintiff's domicile is improper.

Subject to and without waiving the foregoing objections, Defendant responds as follows:

a. Defendant denies the allegations set forth in the Complaint and, consequently, cannot identify any person(s) with information concerning matters that did not occur. Notwithstanding the foregoing, Defendant refers Plaintiff to the individuals identified in his Initial Disclosures, dated November 12, 2021.

b. Defendant has not filed an answer.

c. Defendant; Plaintiff; Epstein.

d. Plaintiff; Epstein; Sharon Churcher.

e. Objection on the grounds that this Interrogatory is duplicative of Interrogatory 1.a and therefore is cumulative and overly burdensome. Notwithstanding these objections and all General Objections, Defendant incorporates by reference the list of potential witnesses included in his Initial Disclosures dated November 12, 2021.

f. Objection on the grounds that this Interrogatory is argumentative and intended to harass Defendant. Notwithstanding these objections and all General Objections Defendant identifies himself in response to Interrogatory 1.f.

**INTERROGATORY NO. 2**:

Identify any Person believed or known by You to have any information concerning:

a. any email address used by You;

b. any telephone number used by You;

c. any Employee or Agent who traveled with You to any property owned, controlled, or occupied by Epstein or Maxwell;

d. any Employee or Agent who tracked Your whereabouts when you traveled to any property owned, controlled, or occupied by Epstein or Maxwell;

e. all Persons who were present when You were visiting any property owned, controlled, or occupied by Epstein or Maxwell;

f. all Persons You met or encountered at a Pizza Express located in Woking, England; or

g. all Persons You met or encountered at Club Tramp nightclub, located in London, England.

**RESPONSE TO INTERROGATORY NO. 2**:

In addition to the General Objections, which are incorporated herein by reference, Defendant specifically objects to this Interrogatory to the extent that it purports to seek information subject to the attorney-client privilege or work-product protection. Defendant objects to this Interrogatory on the grounds that it is burdensome and harassing, including to the extent it seeks information already produced by Defendant in his Initial Disclosures dated November 12, 2021. Defendant objects to this Interrogatory to the extent it seeks personal information in violation of Defendant's constitutional right to privacy under the United States Constitution and the Article 8 of the European Convention on Human Rights. Defendant also

8

7144-2

objects to this Interrogatory to the extent it seeks information that is already in Plaintiff's possession or to which Plaintiff has equal access. Defendant further objects to this Interrogatory on the grounds that it seeks information that is irrelevant, including as a result of the overbroad time period set forth in the Instructions, and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this Interrogatory on the grounds that it seeks information, the disclosure of which threatens the national security interests of the United Kingdom, including the safety and security of Defendant and his family. Defendant additionally objects to this Interrogatory as premature (1) because the parties have not executed nor has the Court entered a protective order in this action sufficient to safeguard the confidentiality of documents and information produced by the parties in the course of discovery; and (2) because until the threshold issue of the Court's subject matter jurisdiction over this matter, discovery other than on the narrow topic of Plaintiff's domicile is improper.

Subject to and without waiving the foregoing objections, Defendant responds as follows:

a. Defendant; Buckingham Palace.

b. Defendant; Buckingham Palace.

c. Buckingham Palace; Metropolitan Police.

d. Buckingham Palace; Metropolitan Police.

e. Buckingham Palace; Metropolitan Police.

f. None.

g. Defendant denies the allegation that he was at Club Tramp nightclub as alleged by Plaintiff in the Complaint. Defendant incorporates the General and Specific objections set forth hereinabove.

**INTERROGATORY NO. 3**:

Identify the location of any Documents concerning any event, fact, matter, act, allegation, or issue included in or raised by:

    a.       the Complaint (Dkt. 1);

    b.       the Answer;

    c.       the Motion to Dismiss (Dkts. 30-31);

    d.       Defendant's Request for Judicial Notice (Dkt. 32);

    e.       this action; or

    f.       Your alleged medical condition of anhidrosis, hypohidrosis, or Your inability to sweat.

**RESPONSE TO INTERROGATORY NO. 3**:

In addition to the General Objections, which are incorporated herein by reference, Defendant specifically objects to this Interrogatory to the extent that it purports to seek information subject to the attorney-client privilege or work-product protection. Defendant objects to this Interrogatory on the grounds that it is burdensome and harassing, including to the extent it seeks information already produced by Defendant in his Initial Disclosures dated November 12, 2021. Defendant objects to this Interrogatory to the extent it seeks medical and other personal information in violation of Defendant's constitutional right to privacy under the United States Constitution and the Article 8 of the European Convention on Human Rights. Defendant also objects to this Interrogatory to the extent it seeks information that is already in Plaintiff's possession or to which Plaintiff has equal access. Defendant further objects to this Interrogatory on the grounds that it seeks information that is irrelevant, including as a result of the overbroad time period set forth in the Instructions, and is not reasonably calculated to lead to

the discovery of admissible evidence. Defendant additionally objects to this Interrogatory as premature (1) because the parties have not executed nor has the Court entered a protective order in this action sufficient to safeguard the confidentiality of documents and information produced by the parties in the course of discovery; and (2) because until the threshold issue of the Court's subject matter jurisdiction over this matter, discovery other than on the narrow topic of Plaintiff's domicile is improper.

Subject to and without waiving the foregoing objections, Defendant responds as follows:

a. Defendant denies the allegations set forth in the Complaint and, consequently, cannot identify the location of documents concerning matters that did not occur. Notwithstanding the foregoing, Defendant refers Plaintiff to the individuals identified in his Initial Disclosures, dated November 12, 2021.

b. Defendant has not filed an answer.

c. The Court's records containing the documents filed in this action; counsel for the parties who have possession of the documents exchanged between them.

d. The Court's records containing the documents filed in this action; counsel for the parties who have possession of the documents exchanged between them; Sharon Churcher.

e. Objection on the grounds that this Interrogatory is duplicative of Interrogatory 3.a and therefore is cumulative and overly burdensome. Notwithstanding these objections and all General Objections, Defendant incorporates by reference the list of potential witnesses included in his Initial Disclosures dated November 12, 2021. In addition, the Court's records containing the documents filed in this action; counsel for the parties who have possession of the documents exchanged between them.

f. Objection on the grounds that this Interrogatory is argumentative and intended to harass Defendant. Notwithstanding these objections and all General Objections Defendant responds as follows: None.

**INTERROGATORY NO. 4**:

Identify the location of any Documents concerning:

a. any telephone number used by You;

b. any Employee or Agent who traveled with You to any property owned, controlled, or occupied by Epstein or Maxwell;

c. any Employee or Agent who tracked Your whereabouts when you traveled to any property owned, controlled, or occupied by Epstein or Maxwell;

d. all Persons who were present when You were visiting any property owned, controlled, or occupied by Epstein or Maxwell;

e. all Persons You met or encountered at a Pizza Express located in Woking, England; or

f. all Persons You met or encountered at Club Tramp nightclub, located in London, England.

**RESPONSE TO INTERROGATORY NO. 4**:

In addition to the General Objections, which are incorporated herein by reference, Defendant specifically objects to this Interrogatory to the extent that it purports to seek information subject to the attorney-client privilege or work-product protection. Defendant objects to this Interrogatory on the grounds that it is burdensome and harassing, including to the extent it seeks information already produced by Defendant in his Initial Disclosures dated

November 12, 2021. Defendant objects to this Interrogatory to the extent it seeks personal information in violation of Defendant's constitutional right to privacy under the United States Constitution and the Article 8 of the European Convention on Human Rights. Defendant also objects to this Interrogatory to the extent it seeks information that is already in Plaintiff's possession or to which Plaintiff has equal access. Defendant further objects to this Interrogatory on the grounds that it seeks information that is irrelevant, including as a result of the overbroad time period set forth in the Instructions, and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this Interrogatory on the grounds that it seeks information, the disclosure of which threatens the national security interests of the United Kingdom, including the safety and security of Defendant and his family. Defendant additionally objects to this Interrogatory as premature (1) because the parties have not executed nor has the Court entered a protective order in this action sufficient to safeguard the confidentiality of documents and information produced by the parties in the course of discovery; and (2) because until the threshold issue of the Court's subject matter jurisdiction over this matter, discovery other than on the narrow topic of Plaintiff's domicile is improper.

Subject to and without waiving the foregoing objections, Defendant responds as follows:

a. Buckingham Palace and Metropolitan Police.

b. Buckingham Palace; Metropolitan Police.

c. Buckingham Palace; Metropolitan Police.

d. Buckingham Palace; Metropolitan Police.

e. None.

7144-2

f. Defendant denies the allegation that he was at Club Tramp nightclub as alleged by Plaintiff in the Complaint. Defendant hereby incorporates by reference the General and Specific Objections set forth hereinabove.

Respectfully submitted,

Dated: December 27, 2021
Los Angeles, California

LAVELY & SINGER, P.C.

s/ Melissa Y. Lerner
Andrew B. Brettler (AB2662)
Melissa Y. Lerner (*pro hac vice*)
2049 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: (310) 556-3501
Facsimile: (310) 556-3615
Email: abrettler@lavelysinger.com
Email: mlerner@lavelysinger.com

*Attorneys for Prince Andrew, the Duke of York*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES was served by email on all counsel of record identified below, on this 27th day of December, 2021.

David Boies, Esq.
Boies Schiller Flexner LLP
333 Main Street
Armonk, NY 10504
Email: dboies@bsfllp.com

Sigrid McCawley, Esq. (Pro Hac Vice)
Boies Schiller Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Email: smccawley@bsfllp.com

Andrew Villacastin, Esq.
Sabina Mariella, Esq.
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY 10001
Email: avillacastin@bsfllp.com
smariella@bsfllp.com

*Counsel for Plaintiff Virginia Giueffre*

                                           *By:*   s/ Noelia Echesabal
                                                    Noelia Echesabal