**LAVELY & SINGER**
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
SUITE 2400
2049 CENTURY PARK EAST
LOS ANGELES, CALIFORNIA 90067-2906
TELEPHONE (310) 556-3501
FACSIMILE (310) 556-3615
www.LAVELYSINGER.com

JOHN H. LAVELY, JR.
MARTIN D. SINGER
BRIAN G. WOLF
LYNDA B. GOLDMAN
PAUL N. SORRELL
MICHAEL E. WEINSTEN
EVAN N. SPIEGEL
TODD S. EAGAN⸸

ANDREW B. BRETTLER∗
ALLISON S. HART
T. WAYNE HARMAN
DAVID B. JONELIS
MELISSA Y. LERNER
JAKE A. CAMARA
KELSEY J. LEEKER
MARTIN F. HIRSHLAND

⸸ ALSO ADMITTED IN NY
∗ ALSO ADMITTED IN NY AND NJ

January 14, 2022

**VIA ECF**

Honorable Lewis A. Kaplan
United States District Court
500 Pearl Street
New York, New York 10007-1312

      Re:    ***Giuffre v. Prince Andrew*, Case No. 21-cv-06702-LAK**
               Our File No. 7147-2

Dear Judge Kaplan:

     We represent Defendant Prince Andrew in the above-referenced action. In accordance with the Court's Supplemental Scheduling Order dated November 3, 2021 [ECF No. 36], as modified by the parties' joint stipulation and Court Order dated December 13, 2021 [ECF No. 51], Federal Rule of Civil Procedure 28(b), 28 U.S.C. § 1781(b), and the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444 (the "Hague Convention"), we respectfully submit this request that the Court issue the enclosed Hague Convention Letters of Request for International Judicial Assistance to the Central Authority of Australia, copies of which are attached hereto as **Exhibits A and B**.

     Rule 28(b)(2) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1781(b)(2) grant the Court the authority to issue a letter of request seeking the assistance of a foreign court in securing the testimony of a non-party witness located overseas. *See Elliot Assocs., L.P. v. Republic of Peru*, No. 96 Civ. 7917 (RWS), 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997) ("Application for a letter of request to take testimony pursuant to the Hague Convention is an appropriate mechanism for obtaining discovery of a non-party witness in a foreign country."). "The determination to issue letters rogatory is committed to the court's discretion." *Blagman v. Apple, Inc.*, No. 12 Civ. 5453(ALC)(JCF), 2014 WL 1285496, at *4 (S.D.N.Y. Mar. 31, 2014). In exercising this discretion, courts apply "the relevance standards of Rule 26 of the Federal Rules of Civil Procedure." *Id.* Those standards, "[a]lthough not unlimited" are "extremely broad" for purposes of discovery. *Id.* Accordingly, "[c]ourts routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *See Netherby Ltd. v. Jones Apparel Group, Inc.*, No. Civ. 04 Civ. 7028 (GEL), 2005 WL 1214345, at *1-*2 (S.D.N.Y. May 18, 2005) (ordering issuance of letter rogatory to Canada to permit production of documents and the taking of depositions); *Elliot*

Hon. Lewis A. Kaplan
Re:  *Giuffre v. Prince Andrew*
January 14, 2021
Page 2

---

*Assoc.*, 1997 WL 436493, at *2 (granting plaintiff's request for letters rogatory to take testimony in the United Kingdom).

Enclosed are two Letters of Request to the Central Authority of Australia, which seek discovery of relevant information under the applicable Rule 26 standard from Robert Giuffre and Judith Lightfoot, both of whom are residents of Australia.

Mr. Giuffre is Plaintiff Virginia Giuffre's husband, who allegedly met Plaintiff in Thailand in or about 2002 when she was attending a massage training course and recruiting one or more women to perform sexual acts for Jeffrey Epstein ("Epstein"), who funded the trip.  Mr. Giuffre and Plaintiff moved to Australia and married in or about 2002.  Mr. Giuffre has relevant information regarding Plaintiff's domicile since 2002, her relationship with Epstein and Ghislaine Maxwell ("Maxwell"), Plaintiff's role in recruiting underage girls for Epstein's alleged sex-trafficking scheme, and Plaintiff's allegations against Defendant.  Mr. Giuffre has publicly supported Plaintiff's public advocacy work for victims of sexual abuse and sex trafficking, and is likely to have information regarding Plaintiff's non-profit organizations, Victims Refuse Silence and Speak Out Act Reclaim.  He also is likely to have information about Plaintiff's alleged emotional and psychological harm and damages.  The proposed Letter of Request to the Central Authority of Australia, attached hereto as **Exhibit A**, seeks permission to depose Mr. Giuffre in Australia and identifies topics for the proposed deposition.

Dr. Lightfoot is Plaintiff's psychologist, from whom Plaintiff sought counseling.  Dr. Lightfoot has relevant information regarding Plaintiff's alleged abuse by Epstein and Maxwell, childhood abuse and trauma, and claimed emotional and psychological harm and damages.  Dr. Lightfoot's records (or lack thereof) reflecting Plaintiff's allegations against Defendant is relevant to preparation of his defense for trial.  The proposed Letter of Request to the Central Authority of Australia, attached hereto as **Exhibit B**, seeks permission to depose Dr. Lightfoot in Australia and obtain certain records from Dr. Lightfoot, and identifies topics for the proposed deposition and the requested documents.

If the attached proposed Letters of Request are acceptable to the Court, we respectfully request that the Court

1. Sign both duplicates of each Letter of Request (which will be hand-delivered in hard copy upon the Court's approval of this request); and

2. Direct the Clerk of Court to apply the seal to both signed copies of each Letter of Request; prepare two (2) certified copies of each Letter of Request; file a copy of each signed Letter of Request on the docket of this action; and return the signed copies and certified copies of each Letter of Request to undersigned counsel to be transmitted to the designated Hague Convention Central Authority of Australia (*i.e.*,

Hon. Lewis A. Kaplan
Re:  *Giuffre v. Prince Andrew*
January 14, 2021
Page 3

---

      the Secretary to the Attorney-General's Department of the Commonwealth of Australia).

We will send a messenger to deliver duplicates of each Letter of Request upon notice of the Court's granting the instant request, and subsequently to pick up all originals and certified copies from the Clerk's Office once executed.

We appreciate your Honor's consideration of this request.

      Respectfully submitted,

      MELISSA Y. LERNER
        Of
      LAVELY & SINGER
      PROFESSIONAL CORPORATION

Encl.

cc:  All counsel of record