USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _01/31/2022_

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

VIRGINIA L. GIUFFRE,

        Plaintiff,

                                      Case No. 21-cv-6702-LAK

v.

PRINCE ANDREW, DUKE OF YORK,
a/k/a ANDREW ALBERT CHRISTIAN
EDWARD, in his personal capacity,

        Defendant.

## LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

The United States District Court for the Southern District of New York (the "Court") presents its compliments to the Senior Master of the Queen's Bench Division or other appropriate judicial authority under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention") and the Evidence (Proceedings in Other Jurisdictions) Act 1975, and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter. This Court respectfully requests that the Senior Master of the Queen's Bench Division recognize this Letter of Request from this Court and arrange for its execution, in adherence to the Hague Convention and in the interest of comity.

1

**A.     Sender**

The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, New York, New York, United States of America.

**B.     Central Authority of the Requested State**

The Senior Master (for the attention of the Foreign Process Section), Room E16, Royal Courts of Justice, Strand, LONDON WC2A 2LL (foreignprocess.rcj@justice.gov.uk).

**C.     Person to Whom the Executed Request Is to Be Returned**

This Court hereby requests that the executed Letter of Request and all documents and materials covered by this Letter of Request be returned to the following attorney for the Plaintiff, Virginia L. Giuffre, as an officer of this Court:

> Sigrid S. McCawley
> Boies Schiller Flexner LLP
> 401 E. Las Olas Blvd., Suite 1200
> Ft. Lauderdale, FL 33301
> (954) 356-0011
> smccawley@bsfllp.com

Legally represented in the United Kingdom by:

> David Hunt
> Boies Schiller Flexner (UK) LLP
> 5 New Street Square
> London, EC4A 3BF UK
> +44 203 908 0733
> dhunt@bsfllp.com

As an officer of this Court, Ms. McCawley will act as confidential courier of this Court and deliver the executed Letter of Request and all related documents and materials directly to me at the following address:

> The Honorable Lewis A. Kaplan
> United States District Court for the Southern District of New York
> Daniel Patrick Moynihan
> United States Courthouse

2

500 Pearl St.
New York, New York 10007-1312

All documents and materials deposited with the Court in accordance with this Letter of Request will be available to all parties and their counsel.

**D.**     **Purpose of Evidence Sought and Requested Date of Receipt of Response**

The requested testimony will be used by the parties at trial in support of their claims or defenses. The Court understands that the judicial authorities of the United Kingdom will only grant such a request where it is reasonably expected that the documents sought would be relevant to the issues in dispute at trial.  The Court considers that the documents sought are relevant to issues in dispute at trial. The Court accordingly respectfully requests a prompt response to this Letter of Request.

**I.**     **HAGUE CONVENTION REQUIREMENTS**

This Court requests the assistance more specifically described herein as necessary in the interests of justice. In conformity with Article 3 of the Hague Convention, the undersigned applicant has the honor to submit the following request:

**A.**     **Requesting Judicial Authority**

The Honorable Lewis A. Kaplan
United States District Court for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007-1312

**B.**     **Central Authority of the Requested State**

The Senior Master
For the attention of the Foreign Process Section
Room E16
Royal Courts of Justice
Strand
LONDON WC2A 2LL, United Kingdom

3

**C.     Name of the Case and Identifying Number**

All evidence requested will be used in relation to the above-captioned civil lawsuit, which

can be identified by the following information:

Case Name:   *Virginia L. Giuffre v. Prince Andrew, Duke of York*
Court:        United States Federal District Court for the Southern District of New York
Case Number: Case No. 21-cv-06702-LAK

**D.                Names and Addresses of the Parties and their Representatives**

1.     Plaintiff

Plaintiff is Virginia L. Giuffre, a citizen of the United States of America.

2.     Plaintiff's Representative

Sigrid S. McCawley
Boies Schiller Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011
smccawley@bsfllp.com

David Hunt
Boies Schiller Flexner (UK) LLP
5 New Street Square
London, EC4A 3BF UK
+44 203 908 0733
dhunt@bsfllp.com

3.     Defendant

Defendant is Prince Andrew, the Duke of York, also known as Andrew Albert Christian

Edward.

4.     Defendant's Representatives

Andrew B. Brettler
2049 Century Park East, Suite 2400
Los Angeles, California 90067
(310) 556-3501
abrettler@lavelysinger.com

4

Gary Bloxsome
Blackfords LLP
20 Farringdon Street
London EC4A 4EN
+44 203 907 7788
gary.bloxsome@blackfords.com

    5.   The following person is in possession of the witness testimony sought

Robert Ashton Olney
Marefield
59 Berwick Road
Marlow
Buckinghamshire SL7 3AS

**E.**    **Nature of the Proceedings and Summary of the Case and Relevant Facts**

The above-referenced case is a civil lawsuit brought by Plaintiff under the laws of New York seeking money damages for injuries resulting from alleged sexual abuse by Prince Andrew. Plaintiff's complaint against Defendant is attached to this Letter of Request as Exhibit A.

Plaintiff alleges that beginning when she was a minor, she was the victim of sex trafficking and abuse by Jeffrey Epstein. Plaintiff submits that in addition to abusing Ms. Giuffre himself, Epstein also lent her out to other rich and powerful men for sex. One such man was the Defendant, Prince Andrew, the Duke of York. Prince Andrew is alleged to have sexually abused Plaintiff on a number of occasions when she was under the age of 18 including at Epstein's New York mansion, in London, and in the U.S. Virgin Islands. The Defendant has denied these allegations and asserts that he has never met Plaintiff.

Plaintiff has sued the Defendant for battery and intentional infliction of emotional distress under New York law. To establish a battery claim, Plaintiff must demonstrate "that there was bodily contact, that the contact was offensive, and that the defendant intended to make the contact

without the plaintiff's consent." *Bastein v. Sotto*, 299 A.D.2d 432, 433 (N.Y. App. Div. 2002). To establish intentional infliction of emotional distress, Plaintiff must demonstrate, "(1) extreme and outrageous conduct; (2) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and injury; and (4) severe emotional distress." *McGrath v. Dominican Coll. of Blauvelt, New York*, 672 F. Supp. 2d 477, 492 (S.D.N.Y. 2009) (internal quotation marks omitted). These claims are civil claims as a matter of New York law.

Plaintiff and Defendant in the present lawsuit currently are engaged in discovery concerning their claims and defenses. The Court accordingly has not addressed the merits of Plaintiff's allegations. The discovery period ends in July 2022, and Plaintiff's claims will be adjudicated at a trial in the second half of 2022.

Plaintiff contends that the information sought by this request is available to the Senior Master of the Queen's Bench Division. This Court respectfully requests that the Senior Master of the Queen's Bench Division act on this request expeditiously.

**F.      Evidence to Be Obtained**

Based on the foregoing, this Court respectfully requests that the Senior Master of the Queen's Bench Division obtain testimony from Robert Ashton Olney, who resides at Marefield, 59 Berwick Road, Marlow, Buckinghamshire, SL7 3AS, in response to this Letter of Request that may be lawfully obtained by the appropriate judicial authority in its discretion, including any questioning by representatives of the parties, as permitted, that relates to Plaintiff's allegations against Defendant. Mr. Olney is Defendant's former equerry, and his name appears in Jeffrey Epstein's phone book under "Duke of York", an excerpt of which is attached hereto as Exhibit B. Mr. Olney thus likely has relevant information about Defendant's travel to and from

6

Jeffrey Epstein's various properties during the relevant period, and his relationship with Jeffrey Epstein and Ghislaine Maxwell, who Plaintiff alleges procured her for sex trafficking and forced her to engage in sex acts with Defendant.  Because Defendant denies ever having met or abused Plaintiff, such information is directly relevant to a disputed fact to be adjudicated at trial.

Accordingly, this Court requests that the questioning cover the following topics:

1. Defendant's relationship with Jeffrey Epstein and/or Ghislaine Maxwell, as Plaintiff alleges that Epstein and Maxwell procured her for sex trafficking and forced her to engage in sex acts with Defendant;

2. Any communications with or regarding Jeffrey Epstein, who Plaintiff alleges was a close friend of Defendant, procured her for sex trafficking, and forced her to engage in sex acts with Defendant;

3. Any communications with or regarding Ghislaine Maxwell, who Plaintiff alleges was a close friend of Defendant, procured her for sex trafficking, and forced her to engage in sex acts with Defendant;

4. Any communications with or regarding Plaintiff, as Defendant claims he has never met Plaintiff and never sexually abused her;

5. Defendant's travel to or from New York, New York, one of the locations at which Plaintiff alleges Defendant sexually abused her in this lawsuit; and

6. Defendant's travel to or from any of Jeffrey Epstein's homes, where Plaintiff alleges Defendant sexually abused her in this lawsuit.

## II.   OTHER REQUIREMENTS

### A.   Hearing Date

The testimony from the witnesses should be obtained by April 29, 2022, or as soon as practicably possible thereafter, in person or by remote videoconference as appropriate.

### B.   Formalities

The Court understands that Plaintiff has appointed Boies Schiller Flexner (UK) LLP as its legal representatives in the United Kingdom solely for the purposes of making any necessary application in respect of this Letter of Request. This Court understands that upon delivery of this Letter of Request to the appropriate judicial authority of the United Kingdom, Plaintiff's legal representatives shall make an application in accordance with the applicable procedural law.

### C. Hearing Format

The testimony should be obtained in a format that would be admissible in the above captioned proceedings and should include:

(1) sworn testimony under the laws of the United States;

(2) questioning conducted by Plaintiff's and Defendant's attorneys in accordance with the United States Federal Rules of Civil Procedure and Federal Rules of Evidence;

(3) verbatim transcription and video recording of the testimony; and

(4) questioning conducted in English.

### D.   Fees and Costs

Plaintiff is responsible for costs and fees associated with the processing and handling of this request by the Senior Master of the Queen's Bench Division and any other expenses payable according to applicable law. The fees and costs associated with the transcription and any fees and expenses incurred by the examiner will be paid by the Plaintiff.

**E.      Reciprocity**

This Court expresses its sincere willingness to provide similar assistance to the courts of the United Kingdom, if future circumstances so require.

**III.    CONCLUSION**

This Court, in the spirit of comity and reciprocity, hereby requests international judicial assistance in the form of this Letter of Request seeking the testimony described herein from the Senior Master of the Queen's Bench Division. This Court extends to all judicial and other authorities of the United Kingdom the assurances of its highest consideration.

Date: _Janu 31, 2022_

The Honorable Lewis A. Kaplan
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007-1312

SEAL OF THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF
NEW YORK

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

VIRGINIA L. GIUFFRE,

        Plaintiff,

        v.

PRINCE ANDREW, DUKE OF YORK,
a/k/a ANDREW ALBERT CHRISTIAN
EDWARD, in his personal capacity,

        Defendant.

_____/

CASE NO:

**COMPLAINT**

BOIES SCHILLER FLEXNER LLP

Case Case 1:21-cv-06702-LAK   Document 67   Filed 09/14/22   Page 11 of 28

Plaintiff Virginia L. Giuffre, by her attorneys Boies Schiller Flexner LLP, for her Complaint against Defendant Prince Andrew, Duke of York, a/k/a Andrew Albert Christian Edward ("Prince Andrew"), avers upon personal knowledge as to her own acts and status and upon information and belief and to all other matters as follows:

## NATURE OF THE ACTION

1.      This suit arises out of Defendant's sexual abuse of Plaintiff when she was under the age of 18 years old.

2.      During 2000–2002, beginning when Plaintiff was 16, Plaintiff was the victim of sex trafficking and abuse by convicted sex offender Jeffrey Epstein.

3.      Epstein's trafficking scheme involved recruiting young girls, often by claiming they would be paid $200 for simply providing a massage to a wealthy billionaire. This same pattern was repeated numerous times with countless children and young women.

4.      As United States District Judge Kenneth Marra found, "From between about 1999 and 2007, Jeffrey Epstein sexually abused more than 30 minor girls . . . at his mansion in Palm Beach, Florida, and elsewhere in the United States and overseas . . . . In addition to his own sexual abuse of the victims, Epstein directed other persons to abuse the girls sexually.  Epstein used paid employees to find and bring minor girls to him.  Epstein worked in concert with others to obtain minors not only for his own sexual gratification, but also for the sexual gratification of others." Opinion and Order, Doc. No. 435 at 1–2, *Jane Doe 1 and Jane Doe 2 v. United States*, Case No. 9:08-cv-80736 (S.D. Fla. Feb. 21, 2019).

5.      Like other minor children who came before and after her, Plaintiff was initially recruited to provide massages, and thereafter to engage in a variety of sexual acts, for Epstein. Plaintiff was required to be on call for Epstein for sexual purposes and frequently traveled with

him both nationally and internationally.  Plaintiff was regularly abused by Epstein and was lent out by Epstein to other powerful men for sexual purposes.

  6.  One such powerful man to whom Plaintiff was lent out for sexual purposes was the Defendant, Prince Andrew, the Duke of York.

  7.  Prince Andrew was a close friend of Ghislaine Maxwell, a British socialite who spent years overseeing and managing Epstein's sex trafficking network, and actively recruited underage girls, including Plaintiff.

  8.  According to Prince Andrew, he met Epstein through Maxwell in 1999.  Prince Andrew thereafter became a frequent guest in Epstein's various homes around the world, including New York City where he sexually abused Plaintiff at Epstein and Maxwell's invitation when she was a minor.

  9.  After publicly feigning ignorance about the scope of Epstein's sex-trafficking operation and sympathy for Epstein's victims, Prince Andrew has refused to cooperate with U.S. authorities in their investigation and prosecution of Epstein and his co-conspirators.

  10.  Prince Andrew committed sexual assault and battery upon Plaintiff when she was 17 years old.  As such, Prince Andrew is responsible for battery and intentional infliction of emotional distress pursuant to New York common law.  The damage to Plaintiff has been severe and lasting.

  11.  This action has been timely filed pursuant to the Child Victims Act, N.Y. C.P.L.R. § 214-g.  The actions described herein constitute sexual offenses by Defendant under New York Penal Law Article 130, and were committed against Plaintiff when she was a child less than eighteen years of age, for which she suffered physical, psychological, and other injuries as a result.

**PARTIES**

12.     Plaintiff Virginia L. Giuffre is an individual who is a citizen of the State of Colorado.

13.     Defendant Prince Andrew is a citizen of the United Kingdom, and is currently residing at the Royal Lodge at Windsor Great Park, Berkshire, United Kingdom, where he is domiciled.

**JURISDICTION AND VENUE**

14.     This Court has diversity jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(2).  Plaintiff is a citizen of a State and Defendant is a citizen of a foreign state, and the amount in controversy exceeds the sum or value of $75,000.00 excluding interests and costs.

15.     Venue is proper in this Court as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.  28 U.S.C. § 1391(b)(2).

16.     This Court has personal jurisdiction over Defendant as Defendant sexually abused Plaintiff in this state, and has thus committed a tortious action within this State pursuant to New York's long-arm statute, N.Y. C.P.L.R. § 302(a)(2).  Defendant also visited Jeffrey Epstein in this State on numerous occasions.  Defendant could reasonably anticipate that a suit based upon his acts and omissions with respect to Plaintiff could result in him being subject to suit in this State, and this suit arises directly out of the Defendant's acts or omissions with respect to Plaintiff in this state.

**FACTUAL ALLEGATIONS**

A.     **Epstein's Sex Trafficking Enterprise**

17.     Jeffrey Epstein was widely renowned as a billionaire who used his vast connections to powerful individuals, and seemingly unlimited wealth and resources, to create a web of

transcontinental sex trafficking that served himself, his coconspirators, and some of the most powerful people in the world.

18.     Ghislaine Maxwell is a British socialite and the daughter of disgraced publishing tycoon Robert Maxwell.  Maxwell was the highest-ranking recruiter in Epstein's sex-trafficking enterprise.  Maxwell is currently facing criminal charges in the Southern District of New York stemming from her role in Epstein's sex-trafficking enterprise, and is set to face trial in the fall.

19.     Epstein had perfected a scheme for manipulation and abuse of young females.  As part of the scheme, Maxwell or another female recruiter would approach a young girl and strike up a conversation in an effort to quickly learn about the girl's background and any vulnerabilities they could expose.  Epstein's recruiters found their targets everywhere and anywhere, including schools, spas, trailer parks, and the street.

20.     The recruiter would then manipulate the young female into coming back to one of Epstein's residences by offering the young girl something she needed, depending on her situation. In many cases, the recruiter sought out girls who wanted to be professional masseuses and invited them to one of Epstein's homes by offering them what appeared to be legitimate masseuse positions.

21.     Once in the residence, Epstein and his co-conspirators would work in concert to impress and intimidate the young female with displays of vast wealth and power.  They would brag about their connections to very powerful political and social figures, and display photographs of themselves with those figures around Epstein's homes.  They would normalize the sexual abuse by displaying photographs and art displaying nude females, and a massage table and spa related products in an effort to legitimize the area where the abuse was set to occur.

22.     Once abused, Epstein and Maxwell continued to manipulate their victims, using their financial power, promises, and threats to ensure that the victim returned as directed and remained compliant with their demands.  Epstein and his lawyers would even gather information about the victims to use against them if they ever disobeyed him, and his homes were under constant surveillance.

23.     Message pads recovered during trash pulls at Epstein's Palm Beach mansion reflect messages that his staff took to relay to Epstein.  They show the constant flow of girls to Epstein, sometimes three per day.  Epstein's employees have also described young girls constantly being present at Epstein's different homes.  Epstein's constant access to young girls is also evidenced in his "Black Book," a book of phone numbers and contact information listing girls to call for "massages" in various cities, flight logs documenting his frequent travel with young girls and powerful individuals on his private plane, and troves of lewd photographs of young girls recovered from his homes. In his Black Book, Epstein had at least 12 different contact numbers listed for Prince Andrew.

24.     Plaintiff became a victim of sex trafficking and repeated sexual abuse after Maxwell recruited her into Epstein's sex-trafficking operation when Plaintiff was working at the Mar-A-Lago Club in Palm Beach, Florida.

25.     Between 2000 and 2002, Epstein sexually abused Plaintiff at numerous locations including his mansion in this District, at 9 East 71st Street, New York, New York 10021.

26.     Epstein also flew Plaintiff on his plane nationally and internationally numerous times when she was under the age of 18. Only portions of the flight logs of Epstein's private planes have yet been recovered, and Epstein also flew Plaintiff frequently on commercial airlines to meet him and others.  However, the chart below, which shows Plaintiff's flights on Epstein's private

6

plane from the limited logs that are available, illustrates the international scope of Epstein's sex trafficking.



27. In addition to being abused by Epstein himself, Plaintiff was also forced to have sex with Defendant, Prince Andrew, the Duke of York, at Epstein and Maxwell's direction.

28. As part of their sex trafficking efforts, Epstein and Maxwell intimidated Plaintiff into remaining silent about what had happened to her.

29. After years of abuse, Epstein sent Plaintiff to Thailand in September 2002. One of Plaintiff's assignments from Epstein was to bring a young girl back to Epstein in the United States. Fearing for her life, and not wanting to subject another young girl to the abuse she was forced to endure, Plaintiff fled from Thailand to Australia to escape from Epstein.

**B.   Defendant's Relationship with Epstein and Maxwell**

30. According to Prince Andrew, he first met Epstein in 1999 through Maxwell, Prince Andrew's close friend.  Prince Andrew and Maxwell have been photographed at numerous social events together.

31. According to available flight logs, Prince Andrew began flying with Epstein on his private plane as early as 1999, when he flew with Epstein and Maxwell to Epstein's private island, Little St. James.  Prince Andrew's name also appears in other available flight log entries from

7

around the same time, showing travel with Epstein and Maxwell to and from other locations, including West Palm Beach, Florida, and Teterboro, New Jersey.

32.     In 2000, Epstein and Maxwell attended Prince Andrew's 40th birthday party. That same year, Prince Andrew threw Maxwell a birthday party in Sandringham, United Kingdom, and Epstein was among the guests.

33.     In 2006, Prince Andrew invited Epstein to his daughter's 18th birthday party, despite Epstein being charged with procuring a minor for prostitution only one month prior.

34.     Prince Andrew has himself confirmed that he has been on Epstein's private plane, stayed at Epstein's private island, and stayed at Epstein's homes in Palm Beach, Florida, and New York, New York.  *See Prince Andrew's links to Jeffrey Epstein*, BBC News (Nov. 16, 2019), *available at* https://www.bbc.com/news/uk-49411215.

35.     Members of Epstein's house staff have confirmed witnessing Prince Andrew visit Epstein's numerous homes, both to the media and in sworn testimony.

## C.    Defendant's Sexual Abuse of Plaintiff

36.     Prince Andrew abused Plaintiff on separate occasions when she was under the age of 18 years old.

37.     On one occasion, Prince Andrew sexually abused Plaintiff in London at Maxwell's home.  During this encounter, Epstein, Maxwell, and Prince Andrew forced Plaintiff, a child, to have sexual intercourse with Prince Andrew against her will.

38.     The below photograph depicts Prince Andrew, Plaintiff, and Maxwell at Maxwell's home prior to Prince Andrew sexually abusing Plaintiff.

Case 1:21-cv-06702-LAK   Document 67   Filed 09/14/22   Page 21 of 28



39.    On another occasion, Prince Andrew sexually abused Plaintiff in Epstein's New York mansion in this District.  During this encounter, Maxwell forced Plaintiff, a child, and another victim to sit on Prince Andrew's lap as Prince Andrew touched her.  During his visit to New York, Prince Andrew forced Plaintiff to engage in sex acts against her will.

40.    On another occasion, Prince Andrew sexually abused Plaintiff on Epstein's private island in the U.S. Virgin Islands, Little St. James.

41.    During each of the aforementioned incidents, Plaintiff was compelled by express or implied threats by Epstein, Maxwell, and/or Prince Andrew to engage in sexual acts with Prince Andrew, and feared death or physical injury to herself or another and other repercussions for disobeying Epstein, Maxwell, and Prince Andrew due to their powerful connections, wealth, and authority.

Case 1:21-cv-06702-LAK   Document 67   Filed 09/14/21   Page 15 of 28

42.     During each of the aforementioned incidents, Prince Andrew acted with intent to compel Plaintiff's submission.

43.     Prince Andrew engaged in each of the aforementioned sexual acts with Plaintiff at Epstein and Maxwell's invitation, knowing that she was a sex-trafficking victim being forced to engage in sexual acts with him.

44.     During each of the aforementioned incidents, Plaintiff did not consent to engaging in sexual acts with Prince Andrew.

45.     During each of the aforementioned incidents, Prince Andrew knew Plaintiff's age based on communications from Epstein and Maxwell.

46.     During each of the aforementioned incidents, Prince Andrew sexually abused Plaintiff for the purpose of gratifying his sexual desires.

47.     During each of the aforementioned incidents, Prince Andrew was acting in his individual, personal capacity, and was not performing any duty relating to his former role as a trade envoy, any duty relating to his role as a member of the Royal Family of the United Kingdom, or any other official or diplomatic duty or function.

48.     Defendant's sexual assault and battery of Plaintiff have caused her, and continue to cause her, significant emotional and psychological distress and harm.

**D.     The Arrest, Prosecution, and Death of Epstein, and Prince Andrew's Refusal to Cooperate with the Authorities**

49.     In 2008, Epstein pled guilty in Florida to the charge of procuring a minor for prostitution.

50.     In 2010, after Epstein had served his sentence and registered as a sex offender, Prince Andrew was photographed with Epstein in Central Park and stayed at Epstein's New York City mansion.

51.     Epstein flippantly referred to his sexual abuse of multiple minors, and the slap on the wrist he had received for it, in a 2011 interview with the New York Post: "Billionaire pervert Jeffrey Epstein is back in New York City—and making wisecracks about his just-ended jail stint for having sex with an underage girl. 'I am not a sexual predator, I'm an "offender,"' the financier told The Post yesterday. 'It's the difference between a murderer and a person who steals a bagel,' said Epstein." *See* Amber Sutherland, *Billionaire Jeffrey Epstein: I'm a Sex Offender, Not A Predator*, New York Post (Feb. 25, 2011), *available at* https://bit.ly/2s3ebwk.

52.     Around the same time, Prince Andrew began to face criticism over his well-publicized friendship with Epstein.

53.     In early 2015, after Plaintiff had publicly accused Prince Andrew of sexually abusing her, Prince Andrew emailed Maxwell stating, "Let me know when we can talk. Got some specific questions to ask you about Virginia Roberts."

54.     On July 2, 2019, the U.S. Attorney's Office for the Southern District of New York ("SDNY") charged Epstein with sex trafficking conspiracy and sex trafficking in violation of 18 U.S.C. § 1591.

55.     Epstein was arrested on July 8, 2019, pursuant to a Sealed Two Count Indictment.

56.     Epstein was found dead in his cell at the Metropolitan Correctional Center on August 10, 2019.

57.     Just one year before his death, Epstein told a New York Times reporter "that criminalizing sex with teenage girls was a cultural aberration and that at times in history it was perfectly acceptable." James B. Stewart, *The Day Jeffrey Epstein Told Me He Had Dirt on Powerful People*, N.Y. Times (Aug. 12, 2019), *available at* https://www.nytimes.com/2019/08/12/business/jeffrey-epstein-interview.html.

Case 1:21-cv-06702-LAK   Document 67   Filed 09/21/21   Page 23 of 28

58.     After Epstein's second arrest and death, numerous of his co-conspirators and the wealthy individuals to whom he trafficked girls—including Prince Andrew—began to face increased public scrutiny for having close ties to a convicted sex offender.

59.     In November 2019, in response to this renewed scrutiny, Prince Andrew sat for an interview with *BBC Newsnight*. Prince Andrew stated that he did not regret his friendship with Epstein and that he had no recollection of meeting Plaintiff, despite photographic evidence to the contrary.

60.     Prince Andrew publicly pledged, including in a statement stepping down from his public duties and in his *Newsnight* interview, to assist the U.S. authorities with their criminal investigation of Epstein and his co-conspirators. *A statement by His Royal Highness The Duke of York* (Nov. 20 2019), *available at* https://www.royal.uk/statement-his-royal-highness-duke-york ("Of course, I am willing to help any appropriate law enforcement agency with their investigations, if required.").

61.     Despite this public pledge, Prince Andrew has refused to cooperate with U.S. authorities. Former SDNY U.S. Attorney Geoffrey Berman stated that Prince Andrew had provided "zero co-operation" despite U.S. prosecutors and the FBI contacting Prince Andrew's counsel. *Prince Andrew gives 'zero co-operation' over Epstein inquiry, US prosecutor says*, BBC News (Jan. 27, 2020), *available at* https://www.bbc.com/news/uk-51271871.

62.     Prince Andrew and his counsel have also refused to cooperate with counsel for the victims of Epstein's sex trafficking. Counsel for the victims of Epstein's sex trafficking, including counsel for Plaintiff, have repeatedly asked for a meeting or telephone call with Prince Andrew and/or his representatives to enable Prince Andrew to provide whatever facts, context, or explanation he might have, and to explore alternative dispute resolution approaches. Prince

Andrew and his representatives have rejected all such requests, and responded by escalating their vile and baseless attacks on Plaintiff and others.

63.     On July 19, 2021, counsel for Plaintiff proposed a tolling agreement that would have enabled Plaintiff not to sue Prince Andrew at this time, while avoiding any argument that her failure to do so caused her claims to be time-barred. Again Prince Andrew stonewalled—ignoring Plaintiff's letter and emails without any reply or response, thereby making this action necessary now. A copy of the July 19, 2021, letter proposing a tolling agreement is attached as Exhibit A to this Complaint.

64.     In this country no person, whether President or Prince, is above the law, and no person, no matter how powerless or vulnerable, can be deprived of the law's protection. Twenty years ago Prince Andrew's wealth, power, position, and connections enabled him to abuse a frightened, vulnerable child with no one there to protect her. It is long past the time for him to be held to account.

## FIRST CAUSE OF ACTION

### (Battery)

65.     Plaintiff repeats and re-alleges the allegations stated above as if fully set forth herein.

66.     Prince Andrew intentionally committed battery by sexually assaulting Plaintiff when she was a minor.  As described above, on multiple occasions Prince Andrew intentionally touched Plaintiff in an offensive and sexual manner without her consent.

67.     Prince Andrew's actions constitute sexual offenses as defined in New York Penal Law Article 130, including but not limited to sexual misconduct as defined in Article 130.20, rape in the third degree as defined in Article 130.25, rape in the first degree as defined in Article 130.35,

forcible touching as defined in Article 130.52, sexual abuse in the third degree as defined in Article 130.55, and sexual abuse in the first degree as defined in Article 130.65. *See* N.Y. C.P.L.R. § 214-g.

68.     As a direct and proximate result of Prince Andrew's criminal acts, Plaintiff has in the past and will in the future continue to suffer substantial damages, including extreme emotional distress, humiliation, fear, psychological trauma, loss of dignity and self-esteem, and invasion of her privacy.

## SECOND CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

69.     Plaintiff repeats and re-alleges the allegations stated above as if fully set forth herein.

70.     As a direct result of these allegations as stated, Prince Andrew committed intentional infliction of emotional distress against Plaintiff.

71.     Prince Andrew's actions, described above, constitute extreme and outrageous conduct that shocks the conscience. Prince Andrew's sexual abuse of a child who he knew was a sex-trafficking victim, and when he was approximately 40 years old, goes beyond all possible bounds of decency and is intolerable in a civilized community.

72.     Prince Andrew knew or disregarded the substantial likelihood that these actions would cause Plaintiff severe emotional distress.

73.     As a direct and proximate result of Prince Andrew's criminal acts, Plaintiff has in the past and will in the future continue to suffer substantial damages, including extreme emotional distress, humiliation, fear, psychological trauma, loss of dignity and self-esteem, and invasion of her privacy.

14

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant, awarding compensatory, consequential, exemplary, and punitive damages in an amount to be determined at trial; costs of suit; attorneys' fees; and such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all causes of action asserted within this pleading.

Dated: August 9, 2021

BOIES SCHILLER FLEXNER LLP

/s/ David Boies
David Boies
Alexander Boies
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com
aboies@bsfllp.com

Sigrid McCawley (*pro hac vice* pending)
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011
smccawley@bsfllp.com

Andrew Villacastin
Sabina Mariella
55 Hudson Yards
New York, NY 10001
(212) 446-2300
avillacastin@bsfllp.com
smariella@bsfllp.com

# Exhibit B

18 rue Montalver
75008 Paris
00 33 1 47052237 (h)
00 33 3 2375282 (c)

**Duthie, John & Charlotte**
34 Queens Gate Terrace
London SW7
0207-589 7993 (h)

**Dzhabrailou, Umar**
00 7 095 233 7208(p)
00 7 095 745 5228(w)
Email: umar@...
00709 5920 9000 (p)

**Ecclestone, Bernie**
28 Chelsea Square
London, SW3 6LX UK
44 207 589 60...
44 207 589 69 (w)
Email Princess Gale
Knightsbridge
London, SW9 IQJ UK

**Eckon, Paul**
0376 77 8888 (h)
00 27 82 9901(f)

**Edsel, Lucinda**
53 The Chase
London, SW3
0207-622 8738 (h)

0790-382 959 Sophie (p) x
0955-397 2675 Sophia (f) x
0207 7024 4275 Equerry - Robert
Ohey

**Dunbar Johnson, Miranda & Steph**
27A Leamington Rd Villas
London W11
0207-229 1894(h)
0207-373 3606(w)

**Dunne, Griffin**
145 6th Avenue
New York, NY 10013
001 212 343 8830
001 212 614 0921 (h)
001 212 603 4637(cynth)

**Dunne, Phillip & Dominic**
3 Shene Street
London
0208-743 4985 (h)

**Duong, Anh**
393 W. 70th, 10014
01 917 213 7915(p)

**Durso Luigi**
Ines de la Fressange

212 419 7493 Jenean f

**Ducrey-Giordano, Francesco**
Shr Antica Di San Vito 38
Torino, Italy
00 39 11 6505432 (w)

**Duesing, Paul**
Leisure & Lifestyle Ventures
2600 Fairmount
Bernward House
Dallas, TX 75201
214 720 0213(p)
214 704 1691 cell
214 720 0082 (wf)

**Duke of York**
Buckingham Palace
London
SW1 1AA
011 44 1788 630630
011 44 207 930 4832 (wf)
Email: aace@dial.pipex.com
Sunninghill Park
0207-930 1920 Lance (h) x
0207-585 3515 Arabella (h)
917-543-3399 John (h), Sullivan
01 917 930 1224 (wf)
Sandy x
0776-860 0630 (p)
0207-208 3048 Kidem x
0207-930 2007 (w) x

Louis.dubin@theathenagrou
NY 10021
001 212 459 2600(wf)
001 212 506 0562 (h)
001 212 506 0673 (fw)

**Dubin, Peter**
0207 376 8755

**Duchess of York**
Sunninghill Park SL5 7TH
Ascot, Berkshire
01344 7765 151215(p)
Email: dby@dbyfy.co.uk
37 Richmond Hour (w)
London, W1W7QX UK
01144020-73786110 Kate
O'Sullivan
Weybridge
917 930 7605 (p)
0207-585 3515 Arabella (h)
917-543-3399 John (h), Sullivan
912 262 6260 Janine-assistant as
of
+44 1344 8731 87 (h)
+44 1344 8456 88 (h)
+44 207 307 1755 direct
212 419 7493 Jenean