USDC
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/31/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VIRGINIA L. GIUFFRE,

                            *Plaintiff*,

v.

PRINCE ANDREW, DUKE OF YORK,
a/k/a ANDREW ALBERT CHRISTIAN
EDWARD, in his personal capacity,

                            *Defendant.*

Case No. 1:21-cv-06702-LAK

---

## LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

The United States District Court for the Southern District of New York (the "Court") presents its compliments to the Secretary to the Attorney-General's Department of the Commonwealth of Australia or other appropriate judicial authority under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter. This Court respectfully requests that the Secretary to the Attorney-General's Department of the Commonwealth of Australia recognize this Letter of Request from this Court and arrange for its execution, in adherence to the Hague Convention and in the interest of comity.

1. **Sender**

The Honorable Lewis A. Kaplan
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312
United States of America

7144-2

Email: KaplanNYSDChambers@nysd.uscourts.gov
Telephone: + 1 (212) 805-0104

### 2. Central Authority of the Requested State

The Secretary to the Attorney-General's Department of the Commonwealth of Australia
Attention: The Principal Legal Officer
Private International and Commercial Law Section
Australian Government
Attorney-General's Department
Robert Garran Offices
3-5 National Circuit
BARTON ACT 2600
Australia
Email: pil@ag.gov.au

### 3. Person to Whom the Executed Request Is to Be Returned

This Court hereby requests that the executed Letter of Request and all documents and materials covered by this Letter of Request be returned to the following attorney for Defendant, Prince Andrew, Duke of York a/k/a Andrew Albert Christian Edward, as an officer of this Court:

Andrew B. Brettler
LAVELY & SINGER, P.C.
2049 Century Park East, Suite 2400
Los Angeles, California 90067
United States of America
Email: abrettler@lavelysinger.com
Telephone: + 1 (310) 556-3501

As an officer of this Court, Mr. Brettler will act as confidential courier of this Court and deliver the executed Letter of Request and all related documents and materials directly to me at the following address:

The Honorable Lewis A. Kaplan
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312
United States of America

All documents and materials deposited with the Court in accordance with this Letter of Request will be available to all parties and their counsel.

### 4. Purpose of Evidence Sought, Requested Date of Response and Reason for Urgency

The requested testimony and documents will be used by the parties at trial in support of their claims or defenses. The Court understands that the judicial authorities of Australia will only execute a Letter of Request seeking production of documents if the particular documents sought are specified in the Letter of Request and if the requested judicial authority believes are, or are likely to be, in the witness's possession. The Court considers that the documents sought are relevant to the issues in dispute at trial and that the particular documents sought are specified in the Letter of Request (Item 11 below) and are likely to be in the witness's possession.

The above-captioned action is currently pending with an anticipated trial date in the fall of 2022, and this Court has ordered the parties to complete pre-trial discovery on or before 14 July 2022. The Court accordingly respectfully requests a prompt response to this Letter of Request.

**IN CONFORMITY WITH ARTICLE 3 OF THE HAGUE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

### 5. Requesting Judicial Authority, Competent Authority of Requested State and Case Information

#### a. Requesting Judicial Authority

The Honorable Lewis A. Kaplan
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312
United States of America
Email: KaplanNYSDChambers@nysd.uscourts.gov
Telephone: + 1 (212) 805-0104

#### b. To the Competent Authority of Australia

The Secretary to the Attorney-General's Department of the Commonwealth of Australia
Attention: The Principal Legal Officer
Private International and Commercial Law Section
Australian Government
Attorney-General's Department

Robert Garran Offices
3-5 National Circuit
BARTON ACT 2600
Australia

    **c.**    **Name of the Case and Identifying Number**

*Virginia L. Giuffre v. Prince Andrew, Duke of York a/k/a Andrew Albert Christian Edward* (No. 21-cv-06702-LAK), pending in the United States Federal District Court for the Southern District of New York.

    **6.**    **Names and Addresses of the Parties and Their Representatives**

    **a.**    **Plaintiff and Plaintiff's Representative**

Plaintiff is Virginia L. Giuffre, a citizen of the United States of America domiciled in Australia.

Plaintiff is represented by:

Sigrid S. McCawley
Boies Schiller Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
United States of America
Email: smccawley@bsfllp.com
Telephone: +1 (954) 356-0011

    **b.**    **Defendant and Defendant's Representative**

Defendant is Prince Andrew, Duke of York a/k/a Andrew Albert Christian Edward, a citizen of the United Kingdom of Great Britain and Northern Ireland.

Defendant is represented by:

Andrew B. Brettler
Melissa Y. Lerner
LAVELY & SINGER, P.C.
2049 Century Park East, Suite 2400
Los Angeles, California 90067
United States of America
Email: abrettler@lavelysinger.com; mlerner@lavelysinger.com
Telephone: + 1 (310) 556-3501

4

7144-2

### 7. Nature of the Proceedings, Summary of Complaint and Defenses

#### a. Nature of the Proceedings

On August 9, 2021, Plaintiff filed the instant civil action, which is currently pending before this Court in the United States District Court for the Southern District of New York. Plaintiff alleges two causes of action pursuant to New York law, for battery and intentional infliction of emotional distress, arising from Defendant's alleged sexual abuse of Plaintiff in 2001, and seeks monetary damages. The Court anticipates that the case will be tried to a jury in the fall of 2022. Presently, the parties are engaged in pre-trial discovery, which the Court has ordered by completed on or before 14 July 2022. The Court has not yet considered the merits of the claims and defenses of the parties.

#### b. Summary of Complaint

Plaintiff alleges that she was a victim of sexual abuse at the hands of Jeffrey Epstein ("Epstein"), Ghislaine Maxwell ("Maxwell") and others, and that she was loaned out by Epstein to his male associates and friends for sex as part of Epstein's purported sex trafficking scheme. Plaintiff alleges that one of those individuals to whom she was loaned out for sex is Defendant. Plaintiff further alleges that she was forced by Epstein, Maxwell and Defendant to have sex with Defendant without her consent on three separate occasions in 2001, when she was 17 and 18 years old. Plaintiff alleges those three instances of purported sexual abuse occurred in the United Kingdom, New York City and the U.S. Virgin Islands, respectively. Plaintiff contends that Defendant was aware that she was a minor at the time and that she was a victim of sex trafficking and abuse by Epstein and Maxwell, and consequently knew that Plaintiff did not consent to engage in sexual acts with him. Plaintiff also alleges that on of these occasions, in New York City, she also witnessed Defendant sexually abuse another victim.

Plaintiff claims that she has suffered and continues to suffered significant emotional and psychological distress and harm due to Defendant's alleged conduct, including sexual assault, and that, as a result, she has suffered and will continue to suffer substantial damages, including extreme emotional distress, humiliation, fear, psychological trauma, loss of dignity and self-

5

7144-2

esteem, and invasion of her privacy. Plaintiff seeks compensatory, consequential, exemplary and punitive damages in an amount to be determined at trial, as well as costs of suit and attorneys' fees.

    **c.**     **Summary of Defense**

Defendant denies Plaintiff's allegations in full, including the claims that he sexually assaulted her and sexually abused another victim in front of her; that he was aware of Plaintiff's purported abuse by Epstein and Maxwell; and that Defendant threatened, forced, or otherwise compelled her to engage in sexual acts at any time. Defendant believes that Plaintiff claims to have been trafficked by Epstein to a list of various high-profile individuals (a list that has changed over time) in an effort to deflect from her own participation in Epstein's sex trafficking scheme, including by recruiting young women (including at least one 14 year old girl) to become sexual partners for Epstein. Plaintiff's alleged criminal conduct was the subject of sworn testimony offered at the recent criminal trial of Maxwell. Defendant also contends that Plaintiff may suffer from false memories, as evidenced by the fact that her claims regarding her time with Epstein and the circumstances under which Defendant allegedly assaulted her have repeatedly changed over the years. Defendant also contends that Plaintiff's own affirmative decision to publicly disclose her identity and alleged abuse in a series of media interviews contributed to any purported emotional distress and invasion of privacy she claims to have suffered.

Defendant has asserted other affirmative defenses, including that the Complaint is barred pursuant to a release under the terms of a 2009 Settlement Agreement between Plaintiff and Epstein, of which Defendant is a third party beneficiary, and that the Complaint is time-barred under the applicable statutes of limitations. Defendant has also raised a potential objection to the Court's subject matter jurisdiction over the action on the basis that Plaintiff is domiciled in Australia and not in any state in the United States.

    **c.**     **Other Necessary Information**

The parties are currently engaged in pre-trial discovery. This Court has set a deadline for the parties to complete pre-trial discovery on or before 14 July 2022. This Court anticipates that

this case will be tried before a jury in or about the fall of 2022. Defendant contends that the information sought by this Letter of Request is available to the Secretary to the Attorney-General's Department of the Commonwealth of Australia and/or the Supreme Court of New South Wales. This Court respectfully requests that the Secretary to the Attorney-General's Department of the Commonwealth of Australia act on this request as expeditiously as is practicable.

### 8. Evidence To Be Obtained and Purpose of the Evidence Sought

#### a. Evidence To Be Obtained

This Court respectfully requests that the Secretary to the Attorney-General's Department of the Commonwealth of Australia assist in obtaining an oral examination under oath of the person identified in Item 9 on the issues identified in Item 10, including examination and cross-examination by the parties' representatives and/or attorneys, and production of the particular documents specified in Item 11.

#### b. Purpose of the Evidence Sought

The evidence sought is necessary for the parties' preparation of this case for trial and for Defendant to test the veracity of the allegations made by Plaintiff, including her claim to have been under threat of death or bodily harm from Epstein and Maxwell, her alleged severe emotional distress and psychological harm, and the causal nexus between any such harm and the alleged conduct of Defendant.

### 9. Identity and Address of Person To Be Examined

Dr. Judith Lightfoot
Suite 1, Level 8 South Tower
1-5 Railway Street
Chatswood NSW 2067
Australia

*or*

Suite 10 Unit 3-A
152-156 Pacific Highway
Tuggerah NSW 2259

Australia

### 10. Statement of the Subject Matter for Examination

This Court requests that Dr. Lightfoot be examined on the following topics: Dr. Lightfoot's medical treatment of Plaintiff and circumstances under which such medical treatment ended; Dr. Lightfoot's diagnosis of Plaintiff; nature and consequences of Plaintiff's alleged childhood trauma and abuse; matters discussed during Dr. Lightfoot's sessions with Plaintiff; prescriptions written for Plaintiff by Dr. Lightfoot; invoices issued by Dr. Lightfoot to Plaintiff; claims Plaintiff made about Defendant, if any; opinions regarding Plaintiff's alleged emotional and psychological harm and damages; theory of false memories; communications with Plaintiff and/or her representatives regarding Defendant and/or this pending action.

### 11. Documents To Be Inspected

This Court requests that Dr. Lightfoot permit inspection of the following documents: Dr. Lightfoot's notes from all sessions with Plaintiff; prescriptions issued to Plaintiff by Dr. Lightfoot; copies of all invoices issued by Dr. Lightfoot to Plaintiff and/or her representatives for the medical treatment and services rendered by Dr. Lightfoot; Dr. Lightfoot's correspondence with Plaintiff and/or Plaintiff's representatives regarding the pending action.

### 12. Other Requirements

#### a. Hearing Date

This Court respectfully requests that this Letter of Request be executed and testimony and documents obtained from the witness by 29 April 2022, or as soon thereafter as is possible.

#### b. Hearing Format

The testimony should be obtained in a format that would be admissible in the above-captioned proceedings, including administration of an oath under the laws of the United States to obtain sworn testimony; questioning conducted by Plaintiff's and Defendant's attorneys in accordance with the United States Federal Rules of Civil Procedure and Federal Rules of Evidence; and the production of a verbatim transcript and video-recording of the oral examination.

This Court respectfully requests that this witness examination be conducted either in-person in Australia or by video-link technology.

### d. Fees and Costs

The fees and costs incurred in execution of this Letter of Request and which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Hague Convention will be borne by Defendant, by and through his representatives Andrew B. Brettler and Melissa Y. Lerner, LAVELY & SINGER, P.C., 2049 Century Park East, Suite 2400, Los Angeles, California 90067, United States of America.

This Court, in the spirit of comity and reciprocity, hereby requests international judicial assistance from the Secretary to the Attorney-General's Department of the Commonwealth of Australia in the form of this Letter of Request seeking the testimony and documents described herein. This Court extends to all judicial and other authorities of Australia the assurances of its highest consideration.

Date: Jan. 31, 2022

_____
The Honorable Lewis A. Kaplan
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312
United States of America

SEAL OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK